State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 56244015
Date: Oct 24 2014 01:53PM
Cicely Barber, Clerk
Civil Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as )<br>Surviving Spouse of )<br>MICAH LEE ANDREWS, Deceased, )<br>And JAMIE LEE ANDREWS, as )<br>Administrator of the Estate of )<br>MICAH LEE ANDREWS, Deceased, )<br> )<br>v. )<br> )<br>MAZDA MOTOR CORPORATION, )<br>MAZDA MOTOR OF AMERICA, INC., )<br>AUTOLIV, INC., AUTOLIV ASP, INC., )<br>AUTOLIV AB, AUTOLIV JAPAN, LTD., )<br>AUTOLIV SAFETY TECHNOLOGY, INC., )<br>AUTOLIV LLC, AUTOLIV NORTH )<br>AMERICA, INC., ROBERT BOSCH LLC, )<br>ROBERT BOSCH NORTH AMERICA )<br>CORPORATION, ROBERT BOSCH )<br>MOTOR SYSTEMS CORPORATION, )<br>BOSCH CORPORATION, and )<br>JOHN DOES 1-5, )<br> )<br> )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. _____ |

## NOTICE OF REMOVAL

COME NOW Mazda Motor Corporation, Mazda Motor of America, Inc.,

Autoliv, Inc., Autoliv ASP, Inc., Autoliv AB, Autoliv Japan, Ltd., Autoliv Safety

Technology, Inc., Autoliv LLC, Autoliv North America, Inc., Robert Bosch LLC

and Robert Bosch North America Corporation ("Defendants"), and within the time

EXHIBIT
1

prescribed by law, file a Notice of Removal of this action from the State Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of the Notice of Removal, Defendants respectfully show to the Court the following facts:

1.

Plaintiff has filed suit against Defendants in the State Court of Fulton County, Georgia, which is within the Atlanta Division of this Court. This suit is styled as above and numbered Civil Action File No. 14EV002102F in that Court.

2.

The parties to this action are as follows:

- Plaintiff Jamie Lee Andrews, individually as surviving Spouse of Micah Andrews, Deceased, and in her capacity as Administrator of the Estate of Micah Lee Andrews. Plaintiff Jamie Lee Andrews resides at 409 Waverly Place, Woodstock, Georgia 30188 and is a citizen of the State of Georgia.

- Defendant Mazda Motor Corporation is a Japanese corporation with its principal place of business at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, Japan 730-8670.

- Defendant Mazda Motor of America, Inc. is a California corporation with its principal place of business at 7755 Irvine Center Drive, Irvine, California 92618.

- Defendant Autoliv, Inc. is a Delaware corporation with its principal place of business at Vasagatan 11, 11120, Stockholm, Sweden.

- Defendant Autoliv ASP, Inc. is an Indiana corporation with its principal place of business at 3350 Airport Road, M/S A9130, Ogden, Utah 84405.

- Defendant Autoliv AB is a Swedish corporation with its principal place of business at Vasagatan 11, 11120, Stockholm, Sweden.

- Defendant Autoliv Japan, Ltd. is a Japanese corporation with its principal place of business at 4F Innotech Bldg. 3-17-6 Shinyokohama, Kohoku-ku, Yokohama, Japan 222-8580.

- Defendant Autoliv Safety Technology, Inc. is a Delaware corporation with its principal place of business at 2475 Paseo De Las Americas, San Diego, California 92154.

- There were two (2) entities known as Autoliv LLC, both of which were organized in Delaware, USA, and have been cancelled.  The

first entity was cancelled in 1996 and the second was cancelled in 1997.

- Defendant Autoliv North America, Inc. is no longer an existing entity. It dissolved in 1997.

- Defendant Robert Bosch LLC is a Delaware limited liability company with its principal place of business in Farmington Hills, Michigan.

- Defendant Robert Bosch North America Corporation is a Delaware corporation with its principal place of business in Farmington Hills, Michigan.

- Defendant Bosch Automotive Systems Corporation, incorrectly identified in the Complaint as Robert Bosch Motor Systems Corporation, was merged into Robert Bosch LLC on March 1997.

- Defendant Bosch Corporation, incorrectly identified in the Complaint as a Delaware corporation, is a Japanese corporation with its principal place of business in Tokyo, Japan.

3.

None of the Defendants in this matter are citizens of the State of Georgia for the purposes of diversity jurisdiction. None of the Defendants in this matter were

citizens of the State of Georgia on the date of filing of the aforesaid civil action and have not been thereafter.

4.

Plaintiff's Complaint seeks damages arising out of an automobile accident resulting in the death of Micah Lee Andrews, the husband of Plaintiff Jamie Lee Andrews. Plaintiff alleges strict products liability and negligence claims against all Defendants relating to the occupant restraint system, specifically the air bag system, the seatbelt system and the seat track system, in the 2005 Mazda 3 that was involved in the accident. *See* Complaint, Exhibit A. Plaintiff, as wrongful death beneficiary, seeks recovery for the full value of the life of Micah Lee Andrews, both economic and intangible. *See* Complaint, Exhibit A, ¶ 104. Plaintiff, as Administrator of the Estate of Micah Lee Andrews, seeks recovery for all elements of pain and suffering, physical and mental, medical expenses, funeral expenses, property damage and punitive damages. *See* Complaint, Exhibit A, ¶¶ 105-107. The decedent, Micah Lee Andrews, was thirty eight (38) years old at the time of the accident and was survived by his wife and minor child. On experience, information and belief, the amount in controversy therefore exceeds $75,000, the jurisdictional minimum required by 28 U.S.C. § 1332(a).

5.

The aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. Accordingly, this civil action is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

6.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Fulton County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2).

7.

All properly joined and served defendants consent to the removal of this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

8.

Defendants show this action was instituted in the State Court of Fulton County, Georgia, on September 18, 2014. Mazda Motor of America, Inc. was served with the Summons and Complaint on September 25, 2014. Therefore, this

Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days from the date of service of said suit on Mazda Motor of America, Inc.

9.

In accordance with 28 U.S.C. § 1446(a), Defendants attach hereto all copies of all process, pleadings, and orders served upon it in this case, such copies being marked "Exhibit A".

10.

Defendants will file a Notice of Filing Removal with the Clerk of Court for the State Court of Fulton County, State of Georgia, in accordance with 28 U.S.C. § 1446(d), and will attach a copy of this Notice of Removal to the Fulton County State Court pleading.

**WHEREFORE**, Defendants pray the case be removed to the United States District Court, Northern District of Georgia, Atlanta Division.

This 24th day of October, 2014.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Ashley W. Broach*

By: _____

C. Bradford Marsh
Georgia Bar No.: 471280
Ashley W. Broach
Georgia Bar No. 083593

*Attorneys for Mazda Motor Corporation and
Mazda Motor of America, Inc.*

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Tele: (404) 874-8800
Fax: (404) 888-6199
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com

ALSTON & BIRD LLP

*/s/ Douglas G. Scribner*

By: _____

Douglas G. Scribner
*w/express permission by AWB*
Georgia Bar No.: 632755
Jenny A. Mendelsohn
Georgia Bar No.: 447183
*Attorneys for Autoliv Inc., Autoliv ASP, Inc.,
Autoliv AB, Autoliv Japan, Ltd., Autoliv
Safety Technology, Inc., Autoliv LLC,  and
Autoliv North America, Inc.*

1201 West Peachtree Street
Atlanta, Georgia 30309
Tele: (404) 881-4977
Fax: (404) 253-8377

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

*/s/ Michael J. Sullivan*

By: _____

Michael J. Sullivan
*w/express permission by AWB*
Georgia Bar No.:  142203
Vonnetta L. Benjamin

Georgia Bar No.:  049890
*Attorneys for Robert Bosch LLC and Robert*
*Bosch North America Corporation*

271 17th Street, NW
Suite 2400
Atlanta, Georgia 30363-1017
Tele: (404) 872-7000
Fax: (404) 888-7490
msullivan@wcsr.com
vbenjamin@wcsr.com

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font,

14 point, and complies with Local Rules 5.1(C) and 7.1(D), NDGa.

This 24th day of October, 2014.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Ashley W. Broach*

By: _____

C. Bradford Marsh
Georgia Bar No.: 471280
Ashley W. Broach
Georgia Bar No. 083593
*Attorneys for Mazda Motor Corporation and*
*Mazda Motor of America, Inc.*

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Tele: (404) 874-8800
Fax: (404) 888-6199
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day have filed a copy of the within and foregoing NOTICE OF REMOVAL with the Court through the Court's electronic filing system. I further certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter through the U.S. Mail as follows:

James E. Butler, Jr.
Robert D. Cheeley
Tedra C. Hobson
BUTLER WOOTEN CHEELEY & PEAK LLP
2719 Buford Highway
Atlanta, GA  30324

William L. Ballard
Gregory R. Feagle
BALLARD & FEAGLE, LLP
1180 West Peachtree Street
Suite 2250
Atlanta, GA  30309

This 24 day of October, 2014.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

By: _/s/ Ashley W. Broach_
_____

C. Bradford Marsh
Georgia Bar No.: 471280
Ashley W. Broach
Georgia Bar No. 083593
_Attorneys for Mazda Motor Corporation and_
_Mazda Motor of America, Inc._

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Tele: (404) 874-8800
Fax: (404) 888-6199
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com

\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 56055782
Date: Sep 18 2014 05:17PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMIE LEE ANDREWS, as                    \*
Surviving Spouse of                      \*
MICAH LEE ANDREWS, Deceased,             \*
and JAMIE LEE ANDREWS, as                \*
Administrator of the Estate of           \*
MICAH LEE ANDREWS, Deceased              \*
                                         \*
        Plaintiff,                       \*
                                         \*
                                         \*          CIVIL ACTION FILE
v.                                       \*
                                         \*          NO. 14EV002102F
                                         \*
MAZDA MOTOR CORPORATION,                 \*
MAZDA MOTOR OF AMERICA, INC.,            \*
AUTOLIV, INC., AUTOLIV ASP, INC.,        \*
AUTOLIV AB, AUTOLIV JAPAN, LTD.          \*
AUTOLIV SAFETY TECHNOLOGY, INC.,         \*
AUTOLIV LLC, AUTOLIV NORTH               \*
AMERICA, INC., ROBERT BOSCH LLC,         \*
ROBERT BOSCH NORTH AMERICA               \*
CORPORATION, ROBERT BOSCH                \*
MOTOR SYSTEMS CORPORATION,               \*
BOSCH CORPORATION, and                   \*
JOHN DOES 1-5.                           \*
                                         \*
        Defendants.                      \*

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and files this Complaint for Damages against Defendants Mazda

Motor Corporation, Mazda Motor of America, Inc., Autoliv, Inc., Autoliv ASP, Inc., Autoliv

AB, Autoliv Japan, Ltd., Autoliv Safety Technology, Inc., Autoliv LLC, Autoliv North America,

Inc., Robert Bosch LLC, Robert Bosch North America Corporation, Robert Bosch Motor

Systems Corporation, Bosch Corporation, and John Does 1-5, and respectfully shows the

following:



**PREAMBLE**

On April 12, 2013, Micah Andrews was the driver of his 2005 Mazda 3, VIN JM1BK343651218549. He was wearing his seat belt properly. While proceeding down I-575 in Cobb County, Georgia, the vehicle left the road and hit a cluster of trees. Although the impact itself was survivable, Mr. Andrews died because the occupant restraint system of the Mazda 3 catastrophically failed him. The Mazda 3 was equipped with airbags, but the airbags failed to deploy, but should have. The Mazda 3 was equipped with a seatbelt, which Micah was using, but the seatbelt was useless because it completely or almost completely spooled out, causing so much slack it did not restrain him. Because of these defects, Mr. Andrew's head slammed into the steering wheel, causing fatal injuries. Mr. Andrews is survived by his widow Jamie Lee Andrews and five-year old daughter Sarah Katie Andrews.

**PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS**

1.

Plaintiff is the surviving spouse of Micah Lee Andrews. Plaintiff is also the duly-appointed Administratrix of Mr. Andrews' Estate. Plaintiff resides at 409 Waverly Place Woodstock, Georgia, 30188. Plaintiff is subject to the jurisdiction and venue of this Court.

2.

Defendant Mazda Motor Corporation ("MMC"), is a foreign corporation. MMC does business in this state, and in this county. MMC designs, builds, and sells automobiles in the United States and in Georgia. MMC designed, built, and sold the Mazda 3 that is the subject of this action.

3.

MMC is subject to the jurisdiction of this Court because it transacts business in this state. It is also subject to jurisdiction in this Court because it regularly does and solicits business in this State, engages in persistent course of conduct in this State, and derives substantial revenue from goods used or consumed or services rendered in this State.

4.

Venue is proper in this Court as to Defendant MMC because it is a joint tortfeasor with Defendant Mazda Motor of America, Inc. ("MMA"), which is deemed to reside in Fulton County under O.C.G.A. § 14-2-510(b)(1).

5.

MMC may be served either by accepting service of process or by registered mail with Summons and Complaint pursuant to Article 10(a) and by Article 5 to The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention, at Mazda Motor Corporation, 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, 730-8670, Japan.

6.

Defendant MMA is a foreign corporation with its principal place of business at 7755 Irvine Center Drive, Irvine, California 92618.  Defendant MMA is the North American wholly-owned subsidiary of Defendant MMC.

7.

MMA is subject to the jurisdiction of this Court because it transacts business in the state and maintains a registered agent in this State.  It is also subject to jurisdiction in this Court because it regularly does and solicits business in this State, engages in persistent course of

- 3 -

conduct in this State, and derives substantial revenue from goods used or consumed or services rendered in this State.

8.

Venue is proper in Fulton County as to Defendant MMA pursuant to O.C.G.A. § 14-2-510(b)(1) because MMA maintains a registered agent there.

9.

MMA's registered agent in Georgia is CT Corporation System, which is located at 1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361. MMA may be served with process at that location.

10.

Both Mazda corporate entities referenced above are hereinafter referred to collectively as "Mazda."

11.

Defendant Autoliv, Inc. is a Delaware corporation with its principal executive offices in Stockholm, Sweden at Vasagatan 11, 7th Floor, SE-111 20, Box 70381, SE-107 24. Autoliv, Inc. is a holding company for its subsidiaries. Autoliv, Inc. may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant Autoliv, Inc. has a vast number of variously-named subsidiary corporations. Which of those subsidiaries of Defendant Autoliv, Inc. played what role in designing, making, and selling the vehicle components at issue in this case is presently indecipherable, making it necessary to name as defendants herein a number of such subsidiaries.

- 4 -

12.

Defendant Autoliv ASP, Inc. is a wholly owned subsidiary of Defendant Autoliv, Inc. Autoliv ASP, Inc. is incorporated under the laws of Indiana.  Its principal place of business is located at 3350 Airport Road M/S A9130, Ogden, Utah 84405.  Autoliv ASP, Inc. may be served with process through its registered agent, CT Corporation, at 1108 E South Union Ave., Midvale, Utah 84047.

13.

Defendant Autoliv AB is a wholly owned subsidiary of Defendant Autoliv, Inc. headquartered in Sweden at Wallentinsvägen 22, 44783 Vårgårda, Sweden.  Autoliv AB may be served by registered mail with Summons and Complaint pursuant to Article 10(a) and by Article 5 of The Hague Convention, at Wallentinsvägen 22, 44783 Vårgårda, Sweden.

14.

Defendant Autoliv Japan Ltd. is a wholly owned Japanese subsidiary of Autoliv, Inc. Autoliv Japan Ltd. manufactured the driver's seatbelt in Micah Andrews's Mazda 3.  Autoliv Japan Ltd. is headquartered at 4 F Innotech Bldg. 3-17-6 Shinyokohama, Kohoku-ku,Yokohama, Japan 222-8580.  Autoliv Japan Ltd. may be served by registered mail with Summons and Complaint pursuant to Article 10(a) and by Article 5 to The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention, at 4 F Innotech Bldg. 3-17-6 Shinyokohama, Kohoku-ku,Yokohama, Japan 222-8580.

15.

Autoliv Safety Technology, Inc. is a wholly owned subsidiary of Defendant Autoliv, Inc. Autoliv Safety Technology, Inc. is incorporated under the laws of Delaware.  Autoliv Safety

Technology, Inc. may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

16.

Autoliv LLC is a wholly owned subsidiary of Defendant Autoliv, Inc. Autoliv LLC is incorporated under the laws of Delaware. Autoliv LLC may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.

Autoliv North America, Inc. is a wholly owned subsidiary of Defendant Autoliv, Inc. Autoliv North America, Inc. is incorporated under the laws of Delaware. Autoliv North America, Inc. may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

18.

Autoliv, Inc., Autoliv ASP, Inc., Autoliv AB, Autoliv Japan Ltd., Autoliv Safety Technology, Inc., Autoliv LLC, and Autoliv North America, Inc. are subject to the jurisdiction of this Court because they transact business in the state, regularly do and solicit business in this State, engage in persistent course of conduct in this State, and derive substantial revenue from goods used or consumed or services rendered in this State.

19.

The various aforementioned Autoliv corporate entities are hereinafter referred to collectively as "Autoliv."

- 6 -

20.

Venue is proper in this Court as to all Autoliv entities because they are joint tortfeasors with Defendant MMA, which is deemed to reside in Fulton County, Georgia under O.C.G.A. § 14-2-510(b)(1).

21.

Robert Bosch LLC is a Delaware Corporation with its principal place of business at 38000 Hills Tech Drive, Farmington Hills, Michigan, 48331. It may be served with process through its registered agent in Georgia, Corporation Service Company, 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092. Defendant Robert Bosch LLC has a number of variously-named subsidiary corporations and related corporations. Which of those Bosch corporations played what role in designing, making, and selling the vehicle components at issue in this case is presently indecipherable, making it necessary to name as defendants herein a number of such entities.

22.

Robert Bosch North America Corporation is organized under the laws of Delaware. Robert Bosch North America Corporation may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

23.

Robert Bosch Automotive Motor Systems Corporation is organized under the laws of Delaware. It may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

24.

Bosch Corporation is organized under the laws of Delaware.  It may be served with process though its registered agent, Central Corporate Agents, Inc., 1201 N. Orange Street, Ste 721, Wilmington, DE 19801.

25.

Robert Bosch LLC, Robert Bosch North America Corporation, Robert Bosch Automotive Motor Systems Corporation, and Bosch Corporation are subject to the jurisdiction of this Court because they transact business in the state, regularly do and solicit business in this State, engage in persistent course of conduct in this State, and derive substantial revenue from goods used or consumed or services rendered in this State.

26.

The various aforementioned Bosch corporate entities are hereinafter referred to collectively as "Bosch."

27.

Venue is proper in this Court as to all Bosch entities because they are joint tortfeasors with Defendant MMA, which is deemed to reside in Fulton County, Georgia under O.C.G.A. § 14-2-510(b)(1).

28.

The John Doe Defendants are additional suppliers of defective components of the defective occupant restraint system, who are currently unknown.  Said Defendants are subject to this Court's jurisdiction because they transact business in this State, regularly do and solicit business in this State, engage in persistent course of conduct in this State, and derive substantial revenue from goods used or consumed or services rendered in this State.  Venue is proper as to

the John Doe Defendants in Fulton County because they are joint tortfeasors with MMA, which is deemed to reside in Fulton County under O.C.G.A. § 14-2-510(b)(1).

## OPERATIVE FACTS

### 29.

On April 12, 2013, Micah Andrews was the restrained driver of his Mazda 3, VIN JM1BK343651218549, traveling northbound on I-575 in Cobb County, Georgia.

### 30.

At approximately 7:18 p.m., the Mazda 3 left the highway and traveled down an embankment, striking several trees.

### 31.

During the Mazda 3's frontal impact with the trees, the airbags failed to deploy. The airbags should have deployed in this wreck.

### 32.

The Mazda 3's driver's side seatbelt spooled out during the wreck at least thirty inches (30"), causing a dangerous amount of slack into the seatbelt. Because of this spool out, the seatbelt did not restrain Mr. Andrews. As a result, Mr. Andrews's head and face slammed into the steering wheel upon the vehicle's impact with the trees.

### 33.

The Mazda 3's drivers-side seat track also failed.

### 34.

The occupant restraint system consists of multiple components, including but not limited to the airbag system, the seatbelt, the retractor, the pretensioner, the seat, and the knee bolster.

The airbag system included the airbag, airbag control module, sensors, software, and hardware. Those systems catastrophically failed to provide any crash protection to Mr. Andrews.

35.

The Mazda 3 occupant restraint system, as described in Paragraph 34, was defective.

36.

Specific components of the occupant restraint system in the Mazda 3 are defective, including the airbag system, the seatbelt system, and the seat and seat track system.

37.

As a direct and proximate result of the defects noted above, Mr. Andrews suffered personal injuries and conscious pain and suffering, ultimately resulting in his death.

38.

Defendants MMA and MMC designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce Mr. Andrews's Mazda 3.  Defendants MMA and MMC are each liable for all the defects in the Mazda 3 that caused or contributed to causing Mr. Andrews' injuries and death.

39.

Autoliv designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce the defective seatbelt system installed in Mr. Andrews's Mazda 3.

40.

Bosch designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce the defective airbag system installed in Mr. Andrews's Mazda 3.

- 10 -

41.

Mr. Andrews's Mazda 3 was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Mazda chose designs for the occupant restraint system that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries were not chosen and used by Mazda.

42.

Mr. Andrews's Mazda 3 was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Autoliv built and sold to Mazda designs for those parts of the occupant restraint system built and sold by Autoliv that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries, were not provided to and sold to Mazda by Autoliv.

43.

Mr. Andrews's Mazda 3 was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Bosch built and sold to Mazda designs for those parts of the occupant restraint system built and sold by Bosch that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries were not provided to and sold to Mazda by Bosch.

- 11 -

44.

Mazda was negligent in designing, building, using, and/or selling the Mazda 3 with the occupant restraint system which Mazda caused to be installed in that vehicle.

45.

Autoliv was negligent in designing, building, using, and/or selling those parts of the occupant restraint system built and sold by Autoliv.

46.

Bosch was negligent in designing, building, using, and/or selling those parts of the occupant restraint system built and sold by Bosch.

47.

The injuries and death of Mr. Andrews were proximately caused by the aforesaid negligence of Defendants and by the aforesaid defective designs for which Defendants are responsible.

48.

Defendants could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions such as the one described in this Complaint.

49.

The acts and omissions of all Defendants combined to proximately cause the injuries to and death of Mr. Andrews.  Accordingly, Mazda, Autoliv, and Bosch are jointly and severally liable for Plaintiff's injuries and damages.

<u>**COUNT ONE**</u>

**(Strict Product Liability of Mazda)**

50.

Plaintiff incorporates herein paragraphs 1 through 49 of this Complaint as if re-alleged in full.

51.

Defendant Mazda is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Mr. Andrews because the risks inherent in the design of the occupant restraint system in the Mazda 3 outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.  The defects in the Mazda 3's occupant restraint system include, but are not limited to, the following:

1)   The occupant restraint system in the Mazda 3 was designed and either manufactured by Mazda or by Mazda's suppliers according to Mazda's specifications in such a manner that it failed to properly restrain Mr. Andrews in a frontal collision in which it should have properly restrained Mr. Andrews sufficiently to protect him from serious injury.  Those defects include but are not limited to the failure of the airbags to deploy, the spool out of the driver's seatbelt, and the failure of the seat.

2)   The Mazda 3 was not adequately tested by Mazda to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions in foreseeable impacts because of the design of the occupant restraint system in the Mazda 3;

3)       Mazda knew, or should have known, from the testing that was performed on the

Mazda 3 and other vehicles with the same or similar restraint system that this

system could fail to function properly in frontal collisions; and

4)       Mazda knew, or should have known, from other real world wrecks involving the

Mazda 3 and other vehicles with the same or similar occupant restraint systems

that the subject system as designed could fail to perform properly in frontal

collisions.

52.

The defects of the occupant restraint system proximately caused the injuries, damages

and losses that Plaintiff has suffered.

53.

Defendants are jointly and severally liable for the injuries and damages suffered by

Plaintiff.

## COUNT TWO

### (Negligence of Mazda)

54.

Plaintiff incorporates herein paragraphs 1 through 53 of this Complaint as if re-alleged in

full.

55.

Defendant Mazda, as a product designer and manufacturer, owed a duty to the consuming

public in general, and Micah Andrews in particular, to exercise reasonable care to design, test,

manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free

of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

56.

At the time Defendant Mazda manufactured, marketed, distributed, and sold the 2005

Mazda 3, Defendant could reasonably have foreseen and did, in fact, foresee the occurrence of

frontal collisions such as the one described in this Complaint.

57.

Defendant Mazda breached its duty to exercise reasonable care as described in the

paragraphs set forth above.

58.

Mazda's negligence, along with the acts and omissions of the other Defendants,

proximately caused Plaintiff's injuries and damages.

59.

Defendants are jointly and severally liable for the injuries and damages suffered by

Plaintiff.

## COUNT THREE

### (Strict Product Liability of Autoliv)

60.

Plaintiff incorporates herein paragraphs 1 through 59 of this Complaint as if re-alleged in

full.

61.

Defendant Autoliv is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other

applicable law for the injuries suffered by Micah Andrews and Plaintiff because the risks

inherent in the design of the occupant restraint system in the Mazda 3 outweighed any utility of

the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not

reasonably suited to the use for which it was intended.  The defects in the Mazda 3's occupant restraint system include, but are not limited to, the following:

1)      The seatbelt system in the Mazda 3 was designed and manufactured by Autoliv in such a manner that it spools out during frontal impact wrecks and fails to restrain the occupants in order to protect them from serious injury or death in such collision.

2)      The seatbelt system was not adequately tested by Autoliv to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions in foreseeable impacts because of the design of the seatbelt system in the Mazda 3.

3)      Autoliv knew, or should have known, from the testing that was performed on the seatbelt system in the Mazda 3 and on other seatbelt systems with the same or similar design that those seatbelt systems could fail to function properly in frontal collisions.

4)      Autoliv knew, or should have known, from other real world wrecks involving the seatbelt system in the Mazda 3 and other seatbelt systems with the same or similar design, that those seatbelt systems as designed could fail to perform properly in frontal collisions.

62.

The defects of the seatbelt system combined with defects in the airbag system and the occupant restraint system caused the injuries, damages, and losses that Plaintiff has suffered.

63.

Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT FOUR

### (Negligence of Autoliv)

64.

Plaintiff incorporates herein paragraphs 1 through 63 of this Complaint as if re-alleged in full.

65.

Autoliv, as a product designer and manufacturer, owed a duty to the consuming public in general, and Mr. Andrews in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair the occupant restraint system so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

66.

At the time Autoliv manufactured, supplied, marketed, distributed, and sold the occupant restraint system, including the seatbelt and airbag system to Defendant Mazda for the 2005 Mazda 3, Autoliv could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions such as the one described in this Complaint.

67.

Autoliv breached its duty to exercise reasonable care as described in the paragraphs set forth above.

- 17 -

68.

Autoliv's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

69.

Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT FIVE

### (Strict Liability of Bosch)

70.

Plaintiff incorporates herein paragraphs 1 through 69 of this Complaint as if re-alleged in full.

71.

Defendant Bosch is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Mr. Andrews because the risks inherent in the design of the airbag system in the Mazda 3 outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.  The defects in the Mazda 3's airbag system include, but are not limited to, the following:

1)   The airbag system in the Mazda 3 was designed and manufactured by Bosch in such a manner that it failed to deploy in a frontal collision in which it should have deployed in order to protect the occupants from serious injury or death in such collisions.

- 18 -

2)   The airbag system was not adequately tested by Bosch to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions in foreseeable impacts because of the design of the airbag system in the Mazda 3.

3)   Bosch knew, or should have known, from the testing that was performed on the airbag system in the Mazda 3 and on the same or similar airbag systems that those systems could fail to function properly in frontal collisions.

4)   Bosch knew, or should have known, from other real world wrecks involving the airbag system in the Mazda 3 and the same or similar airbag systems, that those systems as designed could fail to perform properly in frontal collisions.

72.

The defects of the airbag system combined with the other defects of the occupant restraint system caused the injuries, damages and losses that Plaintiff has suffered.

73.

Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT SIX

### (Negligence of Bosch)

74.

Plaintiff incorporates herein paragraphs 1 through 73 of this Complaint as if re-alleged in full.

75.

Bosch, as a product designer and manufacturer, owed a duty to the consuming public in general, and Mr. Andrews in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

76.

At the time Bosch manufactured, marketed, distributed, and sold the airbag system in the 2005 Mazda 3, Bosch could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions such as the one described in this Complaint.

77.

Bosch breached its duty to exercise reasonable care as described in the paragraphs set forth above.

78.

Bosch's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

79.

Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT SEVEN

### (Strict Liability Against the John Doe Defendants 1-5)

80.

Plaintiff incorporates herein paragraphs 1 through 79 of this Complaint as if re-alleged in full.

81.

The John Doe Defendants, who are suppliers of defective components in the Mazda 3's

occupant restraint system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other

applicable law for the injuries suffered by Mr. Andrews because the risks inherent in the design

of the occupant restraint system in the Mazda 3 outweighed any utility of the chosen design,

thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the

use for which it was intended.

82.

The defects of the occupant restraint system caused the injuries, damages and losses that

Plaintiff has suffered.

83.

Defendants are jointly and severally liable for the injuries and damages suffered by

Plaintiff.

**COUNT EIGHT**

**(Negligence of the John Doe Defendants 1-5)**

84.

Plaintiff incorporates herein paragraphs 1 through 83 of this Complaint as if re-alleged in

full.

85.

The John Doe Defendants, as products designer and manufacturers, owed a duty to the

consuming public in general, and Mr. Andrews in particular, to exercise reasonable care to

design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to

make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

86.

At the time the John Doe Defendants manufactured, marketed, distributed, and sold the occupant restraint system in the 2005 Mazda 3, they could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions such as the one described in this Complaint.

87.

The John Doe Defendants breached their duty to exercise reasonable care as described in the paragraphs set forth above.

88.

The John Does' negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

89.

Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT NINE

### (Punitive Damages Against Mazda)

90.

Plaintiff incorporates herein paragraphs 1 through 89 of this Complaint as if re-alleged in full.

91.

Mazda acted with conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1, in designing, testing, manufacturing, inspecting,

marketing, distributing, selling, and failing to effectively recall or repair the Mazda 3 because Mazda had knowledge of the risks to life and limb described above. Such conduct warrants the imposition of punitive damages against Mazda.

92.

Defendant Mazda's negligence was so egregious that it rises to the level of conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1. Such conduct warrants the imposition of punitive damages against Mazda.

93.

Punitive damages should be imposed against Mazda and in favor of the Estate of Mr. Andrews.

## COUNT TEN

### (Punitive Damages Against Autoliv)

94.

Plaintiff incorporates herein paragraphs 1 through 93 of this Complaint as if re-alleged in full.

95.

Autoliv acted with conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, distributing, selling, and failing to effectively recall or repair the seatbelt system in the Mazda 3 because Autoliv had knowledge of the risks to life and limb described above. Such conduct warrants the imposition of punitive damages against Autoliv.

96.

Autoliv's negligence was so egregious that it rises to the level of conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1. Such conduct warrants the imposition of punitive damages against Autoliv.

97.

Punitive damages should be imposed against Autoliv and in favor of the Estate of Mr. Andrews.

## COUNT ELEVEN

### (Punitive Damages Against Bosch)

98.

Plaintiff incorporates herein paragraphs 1 through 97 of this Complaint as if re-alleged in full.

99.

Bosch acted with conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, distributing, selling, and failing to effectively recall or repair the airbag system in the Mazda 3 because Bosch had knowledge of the risks to life and limb described above. Such conduct warrants the imposition of punitive damages against Bosch.

100.

Bosch's negligence was so egregious that it rises to the level of conscious indifference to the safety and well-being of the consumer public as defined under O.C.G.A. § 51-12-5.1. Such conduct warrants the imposition of punitive damages against Bosch.

101.

Punitive damages should be imposed against Bosch and in favor of the Estate of Mr. Andrews.

## DAMAGES & PRAYER FOR RELIEF

102.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 101 of this Complaint.

103.

As a direct result of the defectively designed airbag and occupant restraint systems of the 2005 Mazda 3, the Defendants' negligence and failure to remedy or recall those designs, Micah Andrews suffered conscious pain and suffering and an ultimately death.

104.

Plaintiff Jaime Lee Andrews as Surviving Spouse of Decedent Micah Andrews, claims general damages against all Defendants, jointly and severally, for the full value of the life of Micah Andrews, both economic and intangible, pursuant to O.C.G.A. §§ 51-4-2 and other applicable law.

105.

Plaintiff Jaime Lee Andrews as Administrator for the Estate of Micah Lee Andrews, claims general damages against all Defendants jointly and severally, pursuant to O.C.G.A. § 51-4-5 and other applicable law, for all elements of the pain and suffering, physical and mental, including post-impact shock, fright and terror, endured by Micah Andrews from the time of the wreck up until the time of his death, in an amount determined by the enlightened conscience of the jury after hearing the evidence at trial.

106.

Plaintiff Jaime Lee Andrews as Administrator for the Estate of Micah Lee Andrews, also claims special damages for all medical expenses, funeral expenses, and property damage incurred on behalf of the estate in an amount which reflects the reasonable value of those services and property as established by the evidence at trial.

107.

Plaintiff Jaime Lee Andrews as Administrator for the Estate of Micah Lee Andrews, also claims punitive damages against Defendants in an amount determined by the enlightened conscience of the jury to be sufficient to punish, penalize, and deter Defendants in light of the aggravated nature of their conduct and in light of their financial circumstances.

108.

Plaintiff seeks damages from Defendants to recover all elements of compensatory and punitive damages allowed by law for the claims alleged in this Complaint against both defendants.

WHEREFORE, Plaintiff prays for the following:

A.    That process and Summons issue as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

B.    That service be had upon Defendants as provided by law;

C.    That Plaintiff have and recover all damages, both compensatory and punitive, to which they are entitled to recover under Georgia law;

D.    That the Court award and enter a judgment in favor of Plaintiff Jaime Lee Andrews, as Surviving Spouse of Decedent Micah Andrews, against Defendants, jointly and severally, in an amount to be proven at trial for the

full value of the life of Micah Andrews as shown by the evidence; as well

as such other damages authorized by law, plus interest and costs;

E.     That the Court award and enter a judgment in favor of plaintiff Jaime Lee

Andrews, as Administrator for the Estate of Micah Andrews, against

defendants, jointly and severally, in an amount shown by the evidence to

compensate Plaintiff for Micah Andrews' pre-and post-impact fright,

shock, and terror; mental and physical pain and suffering; personal

injuries; property damage; funeral and burial expenses; plus punitive

damages; as well as all other damages authorized by law, plus interest and

costs;

F.     That the Court award and order punitive damages against Defendants; and

G.     That Plaintiff has such other and further relief as the Court deems just and

proper.

This 18th day of September, 2014.

Respectfully submitted,

BUTLER WOOTEN CHEELEY & PEAK LLP

By:   /s James E. Butler, Jr.
        JAMES E. BUTLER, JR.
        Georgia Bar No. 099625
        ROBERT D. CHEELEY
        Georgia Bar No. 122727
        TEDRA C. HOBSON
        Georgia Bar No. 881085

2719 Buford Highway
Atlanta, GA  30324
(404) 321-1700
(404) 321-1713 (Fax)

- 27 -

AND

WILLIAM L. BALLARD
  Georgia Bar No. 035625
GREGORY R. FEAGLE
  Georgia Bar No. 256913
Ballard & Feagle, LLP
1180 West Peachtree St., Suite 2250
Atlanta, Georgia 30309
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

- 28 -