IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMIE LEE ANDREWS,

        Plaintiff,

    v.

MAZDA MOTOR
CORPORATION, MAZDA
MOTOR OF AMERICA, INC.,
AUTOLIV, INC., AUTOLIV ASP,
INC., AUTOLIV AB, AUTOLIV
JAPAN, LTD., AUTOLIV SAFETY
TECHNOLOGY, INC., ROBERT
BOSCH GmbH, ROBERT BOSCH
LLC, ROBERT BOSCH NORTH
AMERICA CORPORATION,
BOSCH CORPORATION, and
JOHN DOES 1-5

        Defendants.

1:14-cv-03432-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Bosch Corporation's ("Bosch Corporation") Motion to Dismiss Plaintiff Jamie Lee Andrews' ("Plaintiff") Complaint for Lack of Personal Jurisdiction [27], and Plaintiff's Motion for Extension of Time, under Rule 6 of the Federal Rules of Civil Procedure, to File Response to Bosch Corporation's Motion to Dismiss, and Plaintiff's Motion for Jurisdictional Discovery [38].

## I.   BACKGROUND

### A.   <u>Facts</u>

On September 18, 2014, Plaintiff filed a product liability Complaint, in the State Court of Fulton County, Georgia, against Defendants Mazda Motor Corporation, Mazda Motor of America, Inc. (collectively the "Mazda Defendants"), Autoliv, Inc., Autoliv ASP Inc., Autoliv AB, Autoliv Japan Limited, Autoliv Safety Technology Inc., Autoliv LLC, Autoliv North America, Inc. (collectively the "Autoliv Defendants"), Robert Bosch LLC, Robert Bosch North America Corporation, Robert Bosch Motor Systems Corporation, Bosch Corporation ("Bosch Defendants") and John Does 1-5 (collectively "Defendants"). On October 24, 2014, the Defendants removed the State Court action to the Court.

 Plaintiff is the Administrator of the Estate of Micah Lee Andrews.  On April 12, 2013, Micah Lee Andrews' 2005 Mazda 3 veered off the highway in Cobb County, Georgia, and crashed into a cluster of trees.  He did not survive the accident.  Plaintiff alleges that Micah Lee Andrews died because of a defective airbag that failed to deploy during the collision, and a defective seatbelt that failed to restrain him before his head slammed into the steering wheel of the 2005 Mazda 3.  Plaintiff claims that the Mazda Defendants negligently designed, built and sold the 2005 Mazda 3, and the Autoliv Defendants negligently manufactured,

2

marketed and sold the seatbelt system and airbag components.  Plaintiff alleges that the Bosch Defendants negligently designed, tested, manufactured, marketed and sold the airbag system installed in the vehicle.[1]

Defendant Bosch Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.  Defendant Robert Bosch GmbH ("RB GmbH") is a German limited liability company with its principal place of business in Gerlingen-Schillerhöhe, Germany.  Defendant Robert Bosch North America Corporation ("RBNA"), a wholly owned subsidiary of RB GmbH, is a Delaware corporation with its principal place of business in Farmington Hills, Michigan.  Defendant Robert Bosch LLC ("RB LLC") is a limited liability company with its principal place of business in Farmington Hills, Michigan, and wholly owned by RBNA.[2]

---

[1] Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint fail to identify specifically which Bosch Defendant designed, tested, manufactured, marketed or sold the airbag system.  Plaintiff, in her Second Amended Complaint, does not distinguish between the companies and refers to them collectively as "Bosch."

[2] On November 20, 2014, Plaintiff filed a First Amended Complaint, which did not name Autoliv LLC, Autoliv North America, Inc., and Robert Bosch Motor Systems Corporation as Defendants, and which added RB GmbH as a Defendant in this action.  On March 18, 2015, Plaintiff filed a Second Amended Complaint, which excluded her claim for punitive damages against RB GmbH apparently because Germany does not execute a party's request for service of process if a claim for punitive damages is made against a German entity.

B.    <u>Procedural History</u>

On November 28, 2014, Defendant Bosch Corporation moved to dismiss the Complaint for lack of personal jurisdiction on the grounds that it does not have sufficient minimum contacts with Georgia to satisfy Georgia's long-arm statute and the Due Process Clause of the Fourteenth Amendment.  In support of its Motion to Dismiss, Bosch Corporation submitted the sworn declaration of its General Counsel, Yuichi Ikeda, in which Mr. Ikeda states that Bosch Corporation does not (1) maintain a place of business in Georgia, (2) purchase, market, or sell goods and services to customers in Georgia, (3) lease or own any real or personal property in Georgia, (4) maintain a registered agent in Georgia, (5) employ agents, representatives or employees in Georgia or (6) maintain a telephone number, mailing address, bank account or taxpayer identification number in Georgia.  <u>See</u> First Declaration of Yuichi Ikeda at ¶¶ 3-9.

On December 16, 2014, Plaintiff moved for an extension of time to respond to Bosch Corporation's Motion to Dismiss the Complaint, and contemporaneously responded to Bosch Corporation's Motion to Dismiss.  Plaintiff also moved, in the alternative, to conduct jurisdictional discovery.[3]  Plaintiff argues that the Court

---

[3] Plaintiff's Response to Bosch Corporation's Motion to Dismiss was due on December 12, 2014.  Plaintiff contends that she miscalculated the deadline for the Response, and that this mistake was made in good faith.  Bosch Corporation does

may exercise personal jurisdiction over Bosch Corporation under the long-arm statute and federal due process standards because "Bosch" transacts business within Georgia, regularly conducts or solicits business in Georgia, and derives substantial revenue from goods used or consumed or services rendered in Georgia. Plaintiff relies on various publicly available materials, generally from the internet, to support her arguments.

On January 12, 2015, Bosch Corporation replied to the Plaintiff's Response, submitting a second declaration from Mr. Ikeda in support of its Motion.  In the second declaration, Mr. Ikeda explains that many of the activities that Plaintiff attributes to Bosch Corporation are, in fact, conducted by its subsidiaries or affiliates, including RB GmbH and RB LLC.  Second Declaration of Yuichi Ikeda at ¶¶ 5-9.  Mr. Ikeda reiterates that Bosch Corporation does not target or direct business activities in Georgia, and specifically states that Bosch Corporation "does not have a strategy to obtain revenue from the sale of products or services in Georgia," and it does not "purchase, sell, promote, or demonstrate goods or services to customers or other persons in Georgia or engage in any other activities

_____

not oppose Plaintiff's Motion for Extension of Time.  Plaintiff's Motion for an Extension of Time to Respond to Bosch Corporation's Motion to Dismiss is granted because Bosch Corporation was not prejudiced by the delay, and Plaintiff filed a Response only a few days after she discovered her mistake.  See Staley v. Owens, 367 F. App'x 102, 106 (11th Cir. 2010).

in Georgia." Id. at ¶¶ 3-4.

On January 26, 2014, Plaintiff replied to Bosch Corporation's Response to Plaintiff's request for jurisdictional discovery. Plaintiff contends that jurisdictional discovery is warranted based on certain statements made by Herbert Hemming, Bosch Corporation's President, in articles and at professional seminars. For example, Plaintiff relies on Mr. Hemming's statements that (i) Bosch Corporation supplies major American brands with its products (ii) "basically no car in the world runs without Bosch components," and (iii) Bosch Corporation's engineers in Japan collaborate with its global subsidiaries and affiliates to tailor its products to the tastes and preferences of the local market. Pl.'s Reply to Bosch Corporation's Resp. to Pl.'s Mot. for Jurisdictional Discovery at 6. Plaintiff also states that Bosch Corporation has, in the past, sent representatives to the Consumer Electronics Show in Las Vegas, Nevada. Plaintiff argues, on these facts, that "the statements by the Defendant itself confirm what would be irrefutable: Bosch Corporation is subject to jurisdiction because it designs, sells, and markets its components for sale in the United States." Id. at 10.

## II.    DISCUSSION

### A.    Legal Standard

A plaintiff must allege sufficient facts in her complaint to make out a *prima facie* case of personal jurisdiction over a defendant.  Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).  If the plaintiff makes a *prima facie* showing of personal jurisdiction, the defendant may challenge the jurisdictional allegations by presenting evidence.  See id.  After jurisdictional evidence is presented by a defendant, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."  Id. (quoting United Techs., 556 F.3d at 1274); accord Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).  Where there are conflicts between the evidence, the court makes all reasonable inferences in favor of the plaintiff. Diamond Crystal, 593 F.3d at 1257 (quoting Meier, 288 F.3d at 1269); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

A district court has personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is permitted under the state's long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment.  Diamond Crystal, 593 F.3d at 1257-58.  In Georgia, the two inquiries are distinct because the

7

Georgia long-arm statute imposes obligations that a plaintiff must establish that are independent of procedural due process requirements.  Id. at 1259.  To satisfy the Georgia long-arm statute, the plaintiff must establish that jurisdiction is permitted under an express statutory provision, interpreted and applied literally.  Id. at 1259 & n.10 (construing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352 (Ga. 2005)).

To satisfy the constitutional requirement, the defendant must have "fair warning" of litigation in Georgia by establishing "minimum contacts" with the state.  Id. at 1267.  If such "minimum contacts" are shown, the defendant can avoid the exercise of personal jurisdiction over it only by making "a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

### 1.    Long-Arm Statute

Georgia's long-arm statute confers personal jurisdiction over non-resident defendants under six circumstances.  See Ga. Code Ann. § 9-10-91.  Plaintiff asserts that Defendants are subject to jurisdiction under the first and third of these circumstances, which provide jurisdiction over a defendant who "(1) [t]ransacts any business within" Georgia or "(3) commits a tortious injury [in Georgia] caused

8

by an act or omission outside [Georgia] if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Georgia]."  O.C.G.A. § 90-10-91(1) and (3); Pl.'s Resp. to Def.'s Mot. to Dismiss at 4-5.

Under subsection (1) of the long-arm statute, to "transact any business within Georgia" means that the defendant must "purposefully do[] some act or consummate[] some transaction" in Georgia, and the cause of action must arise from or be connected to the act or transaction. See Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 736–37 (Ga. Ct. App. 2006).  The defendant's physical presence in the state to perform the act is not required.  See Diamond Crystal, 593 F.3d at 1264.  A nonresident defendant's "mail, telephone calls, and other 'intangible acts'" that occur outside of Georgia must be examined to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia."  Id.  The defendant must "fairly be said" to have literally "transacted" business in Georgia.  Id.; see also id. at 1264 n.18 ("'Transact' means 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on.'" (quoting Webster's Third New Int'l Dictionary, 2425 (1993)).  That is, the defendant must have engaged in conduct directed to Georgia and which occurs in

9

Georgia.  See id.

While subsection (1) of the long-arm statute requires only that a non-resident transact any business in Georgia, "subsection (3) requires 'regular,' 'persistent' or 'substantial' contact with this State in order for Georgia courts to exercise personal jurisdiction over nonresident tortfeasors."  Innovative, 620 S.E.2d at 356 n.4.  To determine whether a defendant regularly does business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia, the Court considers, among other things, whether the defendant maintains an office in Georgia, advertises in Georgia, or derives substantial income from services rendered or goods produced or sold in Georgia.  See Gee v. Reingold, 575 S.E.2d 575, 579 (Ga. Ct. App. 2003).

2.    *Due Process*

To satisfy the constitutional requirements for the exercise of personal jurisdiction, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Diamond Crystal, 593 F.3d at 1267 (quoting Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414 (1984) and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  A nonresident defendant is subject to personal jurisdiction in a state when "the defendant's conduct and

connection with the forum State are such that he should reasonably anticipate being haled into court there."  Burger King, 471 U.S. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

"Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction."  Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Okla., 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002) (citing Helicopteros, 466 U.S. at 414-15).  For general jurisdiction to apply, a nonresident defendant's "contacts with the forum that are unrelated to the litigation must be substantial," in the nature of "continuous and systematic general business contacts between the defendant and the forum state."  Meier, 288 F.3d at 1274.  Specific jurisdiction is present when the defendant's contacts with the forum state "satisfy three criteria: they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007).

Jurisdiction must also comport with "traditional notions of fair play and substantial justice," which requires consideration of: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the

plaintiff's interest in obtaining convenient and effective relief, (d) the interstate

justice system's interest in obtaining the most efficient resolution of controversies,

and (e) the shared interest of the several States in furthering fundamental

substantive social policies." Meier, 288 F.3d at 1276 (citing Burger King,

471 U.S. at 476).

      B.    Analysis

           *1.    Personal Jurisdiction*

Bosch Corporation submitted affidavits from its General Counsel stating that

it does not: (1) maintain a place of business in Georgia, (2) purchase, market, or

sell goods and services to customers in Georgia, (3) lease or own any real or

personal property in Georgia, (4) maintain a registered agent in Georgia,  (5)

employ agents, representatives or employees in Georgia (6) maintain a telephone

number, mailing address, bank account or taxpayer identification number in

Georgia, (7) target or direct business activities in Georgia, or (8) derive substantial

revenue from goods used or consumed or services rendered in Georgia.  See First

Declaration of Yuichi Ikeda at ¶¶ 3-9; Second Declaration of Yuichi Ikeda at

¶¶ 3-4.  The Ikeda declarations shift the burden to the Plaintiff to demonstrate the

existence of personal jurisdiction over Bosch Corporation.

Plaintiff has not presented evidence that Bosch Corporation transacts

business in Georgia by "purposefully [doing] some act or consumma[ting] some

transaction" in this State.  See Aero Toy Store, 631 S.E.2d at 736–37.  Plaintiff

contends that "evidence of Bosch Corporation's business with Georgia Corporation

HAMACO Industries, for example, could confer jurisdiction under this prong."

Pl.'s Resp. to Def.'s Mot. to Dismiss at 4 n.2.  The Court disagrees.  Plaintiff's

"evidence" consists of a printout from the website of HAMACO Industries

Corporation ("HIC").  HIC is a wholly owned subsidiary of Hamada Industry

Company, Limited ("Hamada").  HIC is located in Norcross, Georgia, and Hamada

is a Japanese corporation.  The printout submitted by Plaintiff from HIC's website

on its face indicates that Hamada's products, not HIC's products, are used by

Bosch Corporation.  See Pl.'s Ex. 10 at 3-4.  In other words, Plaintiff's evidence

shows that Bosch Corporation, a Japanese company, transacts business with

Hamada, also a Japanese company.  This does not constitute evidence that Bosch

Corporation engaged in a transaction with HIC, a Georgia based subsidiary of

Hamada.  Plaintiff also fails to allege any act done or transaction consummated by

Bosch Corporation in Georgia, which gives rise to the product liability claims

asserted in this action.

    Plaintiff also fails to recognize the different jurisdictional consequences of

the acts of a parent company and the acts of its subsidiaries and affiliates.  This

difference is crucial to understanding why the Court does not have personal jurisdiction over Bosch Corporation.

"It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293-94 (11th Cir. 2000) (citing Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 337 (1925)); see also Drumm Corp. v. Wright, 755 S.E.2d 850, 854 (Ga. Ct. App. 2014). Under Georgia law, "ownership of a subsidiary by an out-of-state parent corporation without more is insufficient to obtain [personal] jurisdiction of the parent corporation." Drumm Corp., 755 S.E.2d at 855. For a court to exercise personal jurisdiction over a parent because of its subsidiaries' activities, a plaintiff must show that the corporate form was simply a formality, and that the incorporation of the subsidiaries "was a sham or that it was used to defeat a public convenience, to justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of the corporate entities." Yukon Partners, Inc. v. Lodge Keeper Grp., Inc., 572 S.E.2d 647, 651-52 (Ga. Ct. App. 2002). Personal jurisdiction over a parent corporation may be exercised under the long-arm statute if "the parent's control over the subsidiary is so complete that, the subsidiary is, in fact, merely a division or

department of the parent." Drumm Corp., 755 S.E.2d 850 at 854; see also Meier,

288 F.3d at 1273-74.  Plaintiff does not assert that Bosch Corporation's and its

subsidiaries' corporate forms were a mere formality or that the Court, in equity and

good conscience, should disregard Bosch Corporation's corporate structure.

      Plaintiff relies almost exclusively on information from Bosch Corporation's

subsidiaries' and affiliates' websites to support its claim that Bosch Corporation

has sufficient minimum contacts with Georgia to support the exercise of personal

jurisdiction over Bosch Corporation in this State.  Plaintiff contends, for example,

that Bosch Corporation has a website dedicated to its Georgia location.  The

printout submitted by Plaintiff, however, shows that RB LLC, not Bosch

Corporation, has a registered address in Atlanta.  See Pl.'s Ex. 5 at 2.  The long-

arm statute does not permit the Court to exercise personal jurisdiction over Bosch

Corporation based on the operation of a passive website that provides information

about its subsidiaries or affiliates.  See LabMD, Inc. v. Tiversa, Inc., 509 F. App'x

842, 845 (11th Cir. 2013) (holding that Tiversa's website does not subject it to

personal jurisdiction under Georgia's long-arm statute because the website

advertises Tiversa's services, and does not directly sell any products to Georgia

residents or target Georgia residents); see also Smith v. Air Ambulance Network,

427 S.E.2d 305 (Ga. Ct. App. 1993) ("[T]he mere placement of advertisements in

Georgia would be insufficient to authorize the exercise of personal jurisdiction" under the long-arm statute).

Plaintiff also relies on content from an "About Bosch in Japan" webpage to argue that Bosch Corporation is purposefully targeting growth in Georgia. This webpage provides a description of RB GmbH's, a German entity, warehouse and distribution activities, and states that RB GmbH is a "leading global supplier of technology and services" that sells products to over 140 countries from Karlsruhe, Germany. See Pl.'s Ex. E; Second Declaration of Yuichi Ikeda at ¶ 6. The webpage does not state that Bosch Corporation conducts business in Georgia or that it derives substantial revenue from goods produced or sold in Georgia. Plaintiff also relies on certain statements made on the "About Bosch in Japan" webpage regarding Bosch Corporation's growth strategy, including that it has a "worldwide development, manufacturing and sales network," and its automotive products are used around the world. See Pl.'s Ex. F and G. Plaintiff's reliance on these statements is misplaced because the statements do not provide information on whether Bosch Corporation directly markets and sells its products in the United States or whether its products are marketed and sold by its North American subsidiaries. These statements also do not describe Bosch Corporation's activities in Georgia or its contacts with this State.

Plaintiff next argues that the Court has personal jurisdiction over Bosch Corporation because it seeks to influence regulations promulgated by the National Highway Traffic Safety Administration ("NHTSA").  To support this argument, Plaintiff relies on a petition filed by RB LLC seeking reconsideration of certain aspects of the NHTSA's regulations on Event Data Recorders.  See Pl.'s Ex. H. Plaintiff does not support this novel theory with any legal authority, and the theory is also factually flawed.  RB LLC filed the petition for reconsideration, and Georgia law does not permit Plaintiff to impute RB LLC's activities to Bosch Corporation unless Plaintiff can show that these entitles failed to adhere to corporate formalities or disregarded their corporate forms.  See Drumm Corp., 755 S.E.2d 850 at 854

Plaintiff next submits that the Court can exercise personal jurisdiction over Bosch Corporation because its employees visited San Francisco and attended a Consumer Electronics Show in Las Vegas, Nevada.  A nonresident corporation is not subject to personal jurisdiction in Georgia simply because its employees entered another State in the United States.  The long-arm statute "permits jurisdiction [only] where a plaintiff's cause of action 'arises out of' a nonresident defendant's 'transact[ion] of any business within [Georgia]," or if the nonresident defendant engages in "regular," "persistent" or "substantial" contact with this

State.  <u>Diamond Crystal.</u>, 593 F.3d at 1264; <u>Innovative</u>, 620 S.E.2d at 356 n.4.

Plaintiff failed to allege a relationship between the presence of Bosch

Corporation's employees in California and Nevada and Bosch Corporation's

activities in Georgia—a connection that is required to be established for the Court

to exercise personal jurisdiction over Bosch Corporation under Georgia's long-arm

statute.  <u>Id.</u>

     Plaintiff's arguments regarding why personal jurisdiction should be

exercised over Bosch Corporation are largely based on the activities of its

subsidiaries or affiliates, or on the fact that Bosch Corporation delivered products

into the stream of commerce that may have ultimately been sold in Georgia.  Under

Georgia law, these allegations are not sufficient to establish personal jurisdiction

over a parent corporation.  <u>See</u> <u>Drumm Corp.</u>, 755 S.E.2d 850 at 854.

     Plaintiff has failed to prove the existence of personal jurisdiction under

Georgia's long-arm statute, and thus the Court does not need to decide whether the

exercise of jurisdiction—if it existed under the long-arm statute, which it does

not—would be proper under the Due Process Clause.  <u>See</u> <u>LabMD v. Tiversa, Inc.</u>,

509 F. App'x 842, 846 (11th Cir. 2013); <u>Henriquez v. El Pais Q'Hubocali.com,</u>

500 F. App'x 824, 829 (11th Cir. 2012).[4]

Bosch Corporation's Motion to Dismiss the Complaint for lack of personal jurisdiction is granted, and Bosch Corporation is dismissed from this action.

2.    *Jurisdictional Discovery*

Because Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over Bosch Corporation, the Court is required to deny her request for

---

[4] The Court notes that Plaintiff's allegations facially fall well short of supporting a constitutional basis for exercising jurisdiction over Bosch Corporation.  Under the Due Process clause, a foreign parent corporation is not subject to jurisdiction in Georgia merely because its subsidiaries conduct business in this State or other States in the United States.  See Consol. Dev. Corp., 216 F.3d at 1293-94.  The crux of Plaintiff's argument regarding why personal jurisdiction can be exercised over Bosch Corporation is that it exercises "systematic" and "continuous" contacts with the United States because its United States subsidiaries market and sell its products in the United States.  A unanimous Supreme Court recently rejected the plaintiff's request to approve the exercise of general jurisdiction over a parent corporation on the ground that, through its subsidiaries and affiliates, the parent "engages in a substantial, continuous, and systematic course of business."  Daimler AG v. Bauman, — U.S. —, 134 S.Ct. 746, 761 (2014).  The Supreme Court characterized this formulation as "unacceptably grasping," and held that a federal court can exercise general jurisdiction over a parent corporation only in "instances in which the continuous corporate operations within the state [are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities," such as when the parent's place of incorporation or principal place of business are in the forum State.  Id.  The Court cannot exercise general jurisdiction over Bosch Corporation because it is a Japanese corporation based in Tokyo, Japan.  The Court also does not have specific jurisdiction over Bosch Corporation because Plaintiff has failed to establish that Bosch Corporation, as opposed to its subsidiaries and affiliates, has done some purposeful act or consummated some transaction that justifies haling it into a court in Georgia.

jurisdictional discovery. See Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").

The Eleventh Circuit's precedent "suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction." RMS Titanic, Inc. v. Kingsman Creative, Ltd., 579 F. App'x 779, 790 (11th Cir. 2014). If the information a plaintiff seeks would not advance its position on a jurisdictional issue, a district court should deny the request for discovery to avoid burdening the defendant and to promote the efficient administration of justice. See Wyatt v. Kaplan, 686 F.3d 276, 284-86 (5th Cir. 1982).

To support its request for jurisdictional discovery, Plaintiff relies on Mr. Hemming's assertions that (i) Bosch Corporation supplies major American brands with its products (ii) "basically no car in the world runs without Bosch components," and (iii) Bosch Corporation's engineers in Japan collaborate with its global subsidiaries and affiliates to tailor its products to the tastes and preferences of the local market. Pl.'s Reply to Bosch Corporation's Resp. to Pl.'s Mot. for

Jurisdictional Discovery at 6.  These broad and conclusory statements that do not include specific connections to the Georgia market do not support that Bosch Corporation has the minimum contacts necessary to satisfy Georgia's long-arm statute or the Due Process Clause.  Bosch Corporation's North American subsidiaries and affiliates supply major American brands with Bosch Corporation's products.  Mr. Ikeda declares, under penalty of perjury, that Bosch Corporation does not target or direct business activities in Georgia, derive substantial revenue from goods used or consumed in Georgia, or purchase, market, and sell goods or services in Georgia.  Second Declaration of Yuichi Ikeda at ¶¶ 3-4.  Plaintiff did not refute these facts.

The discovery Plaintiff seeks from Bosch Corporation does not support its jurisdictional position.  Plaintiff seeks "information on the volume of vehicles and products sold in the United States containing Bosch Corporation's products; the volume of revenue Bosch Corporation receives from components incorporated into vehicles sold in the United States; and all marketing strategies designed to retain or increase the North American and United States' markets; and all adaptations and design considerations for Bosch Corporation's products destined for the North American and United States' markets."  Pl.'s Reply to Bosch Corporation's Resp. to Pl.'s Mot. for Jurisdictional Discovery at 5 n.5.  Plaintiff's broad discovery

21

requests are not tailored to any business or activities conducted in this State, and this information does not establish personal jurisdiction over Bosch Corporation because its North American subsidiaries and affiliates are the entities that market and sell Bosch Corporation's products in the United States.

Plaintiff's Motion for Jurisdictional Discovery is denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Bosch Corporation's Motion to Dismiss the Complaint for lack of personal jurisdiction is **GRANTED** [27].

**IT IS FURTHER ORDERED** that Bosch Corporation is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss is **GRANTED** [38].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery Regarding Personal Jurisdiction is **DENIED** [38].

**SO ORDERED** this 22nd day of April, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE