# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased<br><br>Plaintiff<br><br><br>v.<br><br>MAZDA MOTOR CORPORATION, MAZDA MOTOR OF AMERICA, INC., AUTOLIV, INC., AUTOLIV ASP, INC., AUTOLIV AB, AUTOLIV JAPAN, LTD. AUTOLIV SAFETY TECHNOLOGY, INC., ROBERT BOSCH GmbH, ROBERT BOSCH LLC, ROBERT BOSCH NORTH AMERICA CORPORATION, BOSCH CORPORATION, and JOHN DOES 1-5.<br><br>Defendants. | CIVIL ACTION NO. 1:14-cv-03432-WSD |

**SPECIALLY-APPEARING ROBERT BOSCH GMBH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND FIRST AND SECOND AMENDMENTS TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR LACK OF PERSONAL JURISDICTION**

**COMES NOW** Robert Bosch GmbH ("Bosch GmbH"), specially-appearing Defendant in the above-styled action, and pursuant to Federal Rule of Civil Procedure 12(b), hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for Damages and First and Second Amendments to Plaintiff's Complaint for Damages (hereinafter collectively referred to as "Complaint") For Lack of Personal Jurisdiction, and shows the Court as follows:

## I.    INTRODUCTION

This Court lacks personal jurisdiction over Bosch GmbH because Bosch GmbH does not have sufficient minimum contacts with Georgia to satisfy Georgia's Long Arm Statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Bosch GmbH is a German limited liability company with its principal place of business in Gerlingen-Schillerhöhe, Baden-Württemberg, Germany.  Bosch GmbH is not registered to conduct business in Georgia, has no offices or employees located in Georgia and does not engage in any regular and systematic sale of products or services into Georgia.  Because Bosch GmbH is not authorized to transact any business and does not have sufficient minimum contacts with Georgia, the Court should dismiss Plaintiff's Complaint against Bosch GmbH.

## II.    STATEMENT OF FACTS

On or about April 12, 2013, Micah Andrews ("Mr. Andrews") was driving his 2005 Mazda 3 on an interstate in Cobb County, Georgia and veered off the highway striking several trees.  *See* Complaint [Doc. 90], ¶¶ 27-29.  Mr. Andrews died from the injuries he sustained in the automobile accident, which Plaintiff contends were caused by a defect in the automobile occupant restraint system.  *See Id.* at ¶¶ 32-33.  The other named Defendants are the manufacturer of the automobile (Mazda), the manufacturer of the seat belt (apparently one of the several Autoliv Defendants) and other worldwide Bosch-related companies all of which are distinct legal entities.[1]

At Paragraph 23 of her Complaint, Plaintiff alleges that Bosch GmbH "[is] subject to the jurisdiction of this Court because [it] transact[s] business in the state, regularly do[es] and solicit[s] business in this State, engage[s] in persistent course of conduct in this State, and derive[s] substantial revenue from goods used or consumed or services rendered in this State."  *See* Complaint.  Importantly for this motion, there are no other facts which support the contention that this Court has jurisdiction over Bosch GmbH.

---

[1] Specifically, Defendant Robert Bosch LLC is a Delaware limited liability company with its principal place of business in Farmington Hills, Michigan.  Defendant Robert Bosch North America Corporation is a Delaware corporation with its principal place of business in Farmington Hills, Michigan.

Bosch GmbH is a German company and has no meaningful contacts with the State of Georgia.  Bosch GmbH operates as a business entity in Germany and not in the United States.  Legally, Bosch GmbH is a commercial company created and organized under the laws of Germany.  *See* Declaration of Nicole Burkardt ("Burkardt Decl.") at ¶ 2, attached hereto as **Exhibit A**.  Bosch GmbH is domiciled in Germany, and its principal place of business is located in Baden-Württemberg, Germany.  *Id.*  Bosch GmbH's headquarters are located at Robert-Bosch-Platz 1, Baden-Württemberg, Germany.  *Id.*

Bosch GmbH is also not qualified, registered, or licensed to do business in Georgia.  *See* Burkardt Decl. at ¶ 3.  Bosch GmbH does not have any agents, employees, or representatives who primarily reside in Georgia, and no members of the Board of Directors of Bosch GmbH reside in Georgia.  *See* Burkardt Decl. at ¶¶ 5-6.  Bosch GmbH does not maintain a registered agent or a place of business in the State of Georgia and does not lease or own any real or personal property in the State of Georgia.  *See* Burkardt Decl. at ¶¶ 3; 6-7.  Bosch GmbH does not maintain a Georgia telephone number, mailing address, bank account, or taxpayer identification number.  *See* Burkardt Decl. at ¶ 8.  Bosch GmbH does not pay taxes to the State of Georgia and does not hold or maintain any Georgia licenses.  *See* Burkardt Decl. at ¶¶ 3; 8.  Bosch GmbH does not engage in any regular and

4

systematic sale of products or services into Georgia and does not target or direct its business activities in Georgia. *See* Burkardt Decl. at ¶¶ 4; 9. And, in fact, Bosch GmbH delivered and sold the air bag control module at issue in this case to Bosch Corporation in Japan. Bosch GmbH had no control over the assembly of the air bag control module into Mazda vehicles or where the vehicles with the subject air bag control modules would be distributed. *See* Burkardt Decl. at ¶ 10.

## III.   ARGUMENT AND CITATION OF AUTHORITIES

In order for this Court to exercise jurisdiction over Bosch GmbH, Plaintiff must satisfy the requirements set forth in Georgia's Long Arm Statute. Specifically, in this case the Court must find that Bosch GmbH has minimum contacts with Georgia through transacting business in Georgia, engaging in other persistent courses of conduct, or obtaining substantial revenue from goods or services rendered in the State of Georgia and that Plaintiff's cause of action arises out of those acts. And, if Georgia's Long Arm Statute's requirements are met, the Court must then consider whether the exercise of jurisdiction over Bosch GmbH would violate federal due process. Because Bosch GmbH is not authorized to transact business in Georgia and does not target or direct any business activities in Georgia that are sufficiently linked to Plaintiff's cause of action, Plaintiff cannot,

5

therefore, satisfy her jurisdictional burden under either Georgia law or federal due process.

### A.   It Is Clear That under Well-established Law and the Georgia Long Arm Statute That This Court Lacks Personal Jurisdiction over Bosch GmbH under Georgia Law.

The Court should dismiss Plaintiff's Complaint against Bosch GmbH because it is clearly not subject to personal jurisdiction of this Court.  In order for this Court to exercise personal jurisdiction over a nonresident foreign corporation like Bosch GmbH, there must be sufficient jurisdictional facts to satisfy the Georgia Long Arm Statute.  As to Bosch GmbH, no such facts have been alleged, nor can any facts be alleged to satisfy these legal requirements.  When there are no facts to support personal jurisdiction over a defendant, the proper remedy is dismissal of the Plaintiff's complaint, which is the appropriate relief in this case for Bosch GmbH.  *ETS Payphone, Inc. v. TK Indus.*, 236 Ga. App. 713, 513 S.E.2d 257, (1999); *Phears v. Doyne*, 220 Ga. App. 550, 470 S.E.2d 236 (1996); *White v. Roberts*, 216 Ga. App. 273, 454 S.E.2d 584 (1995).

Georgia law is clear that personal jurisdiction over a nonresident defendant, like Bosch GmbH, is only permitted under specific, limited facts.  Pursuant to O.C.G.A. § 9-10-90, "the term 'nonresident' includes  . . . a corporation which is not organized or existing under the laws of this state and is not authorized to do or

transact business in this state at the time a claim or cause of action under Code Section 9-10-91 arises."  As a German corporation not authorized to do or transact business in the State of Georgia, Bosch GmbH is clearly a nonresident defendant so that Georgia's Long Arm Statute applies in this case.

A Georgia court may only exercise personal jurisdiction over a nonresident defendant under certain limited circumstances.  "Georgia's [L]ong-[A]rm [S]tatute [codified at O.C.G.A. § 9-10-91] 'requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction.'"  *LabMD, Inc. v. Tiversa, Inc.*, 509 Fed. Appx. 842, 845 (11th Cir. 2013) (quoting *Gust v. Flint*, 257 Ga. 129, 130, 356 S.E.2d 513, 514 (1987)). Georgia's Long Arm Statute provides, in pertinent part, that a Georgia court can only exercise personal jurisdiction over a nonresident when the following is satisfied:

> [I]f in person or through an agent, he:
>
> > (1) Transacts any business within this state;
> >
> > (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
> >
> > (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of

> conduct, or derives substantial revenue from goods used or
> consumed or services rendered in this state.

O.C.G.A. § 9-10-91.  Plaintiff has not alleged, nor can Plaintiff allege, that any

tortious act was committed by Bosch GmbH in Georgia; thus, subsection (2) of the

Long Arm Statute is inapplicable.

Plaintiff has alleged that Bosch GmbH transacts business in Georgia,

regularly does and solicits business in this state, engages in a persistent course of

conduct in Georgia, and derives substantial revenue from goods used or consumed

or services rendered in Georgia within the meaning of subsections (1) and (3) of

the Georgia Long Arm Statute.  But, Plaintiff has set forth no other facts in support

of these allegations.  Moreover, as the Declaration of Nicole Burkardt makes clear,

Bosch GmbH is not authorized to conduct business and does not derive substantial

revenue from Georgia.  And, this Declaration will not be refuted.

### 1. Plaintiff Has Not and Cannot Plead Any Facts Necessary to Establish Personal Jurisdiction over Bosch GmbH under O.C.G.A. § 9-10-91(1) of the Georgia Long Arm Statute.

In addressing subsection (1) of the Georgia Long Arm Statute, the Georgia

Supreme Court has held:

> O.C.G.A. § 9-10-91(1) grants Georgia courts the unlimited authority
> to exercise personal jurisdiction over any nonresident who transacts
> any business in this State.  Of course, because this statutory language
> would expand the personal jurisdiction of Georgia courts beyond that
> permitted by constitutional due process, we accordingly construe

> subsection (1) as reaching only 'to the maximum extent permitted by procedural due process.' (citations omitted). *See generally Beasley v. Beasley*, 260 Ga. 419, 421, 396 S.E.2d 222 (1990) (explicating the minimum contacts required for proper exercise of long-arm jurisdiction).

*Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank*, 279 Ga. 672, 675, 620 S.E.2d 352, 355 (2005).  Moreover, like subsection (1), subsections (2) and (3) of O.C.G.A. § 9-10-91 "require that in order to subject the nonresident defendant to the jurisdiction of Georgia courts, it must be established that the nonresident had 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with 'traditional notions of fair play and substantial justice.'"  *Behar v. Aero Med Int'l, Inc.*, 185 Ga. App. 845, 849, 366 S.E.2d 223, 227 (1988) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  "Notwithstanding other relevant considerations, 'the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State.'"  *Behar*, 185 Ga. App. at 849-850 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "It is critical to this due process analysis that the nonresident defendant's 'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"  *Id.*  "'[S]ome single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only

an 'attenuated' affiliation with the forum.'" *Behar*, 185 Ga. App. at 850 (quoting

*Burger King Corp.*, 471 U.S. at 475).  Here, Bosch GmbH has not in any way

conducted its business so that it would reasonably expect to be haled into Court in

Georgia.

In further describing the due process limitation on subsection (1) of the Long

Arm Statute, the Georgia Supreme Court has held:

> [S]ubsection (1) is limited by due process considerations. Therefore, 'jurisdiction exists on the basis of transacting business in this State if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.'

*Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269, 719 S.E. 2d 489, 496 (2011)

(citation omitted).  The Court "'considers the first two factors to determine whether

a defendant has established the minimum contacts with the forum state necessary

for the exercise of jurisdiction.'"  *Crossing Park Props.*, LLC v. JDI Fort

Lauderdale, LLC, 316 Ga. App. 471, 475, 729 S.E.2d 605, 609 (2012) (quoting

*Paxton v. Citizens Bank & Trust of W. Ga.*, 307 Ga. App. 112, 116, 704 S.E.2d 215

(2010)).

Bosch GmbH has not purposefully done any act or consummated any

transaction in Georgia, which is connected in any to Plaintiff's cause of action, and

Plaintiff cannot allege any specific facts to the contrary.  None of Bosch GmbH's employees work in or from the State of Georgia.  *See* Burkardt Decl. at ¶ 6.  Bosch GmbH does not maintain an office in the State of Georgia.  *See* Burkardt Decl. at ¶¶ 3; 7.  Bosch GmbH does not own or lease personal or real property in Georgia. *See* Burkardt Decl. at ¶ 7.  Bosch GmbH does not maintain a Georgia address, bank account, or telephone number.  *See* Burkardt Decl. at ¶ 8.  Bosch GmbH does not pay taxes to the State of Georgia and does not maintain a taxpayer identification number.  *Id*.  And, Bosch GmbH does not regularly or systematically conduct or solicit business in Georgia.  *See* Burkardt Decl. at ¶¶ 4; 9.  It is clear, therefore, that the first two prongs of the due process test established by the Georgia Courts have not been satisfied.  As such, Plaintiff's Complaint against Bosch GmbH should be dismissed.

Because Plaintiff cannot show that Bosch GmbH had sufficient minimum contacts with Georgia, it is not necessary to examine whether the third factor of the due process analysis has not been met.  Nevertheless, an examination of that prong of the test confirms that there is no jurisdiction over Bosch GmbH because the exercise of such jurisdiction is not reasonable.  "'***If*** minimum contacts [had been] found, [however, the Court would] move to the third prong of the test to consider whether the exercise of jurisdiction is reasonable – that is, to ensure that it does not

result solely from random, fortuitous or attenuated contacts.'" *Crossing Park Props., LLC*, 316 Ga. App. at 475 (quoting *Paxton*, 307 Ga. App. at 116) (emphasis added). Specifically, the final step in applying the three-part test involves determining "whether the exercise of jurisdiction by a Georgia Court in this case comports with traditional notions of fairness and substantial justice. Due process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Crossing Park Props., LLC*, 316 Ga. App. at 476-77 (quoting *Noorani v. Sugarloaf Mills L.P.*, 308 Ga. App. 800, 804, 708 S.E.2d 685 (2011)).

In this case, the exercise of jurisdiction by this Court over Bosch GmbH would be unreasonable and would offend traditional notions of fairness and substantial justice as Bosch GmbH has not transacted business or engaged in any other activities in Georgia so that it would have fair warning that it would be subject to the jurisdiction of Georgia. Therefore, the Court should still decline to exercise personal jurisdiction as a matter of fundamental fairness and justice.

**2.    No Facts Also Exist to Support This Court Exercising Jurisdiction over Bosch GmbH under O.C.G.A. § 9-10-91(3) of the Georgia Long Arm Statute.**

O.C.G.A. § 9-10-91(3) places limitations on when the Court may exercise jurisdiction over defendants "who commit tortious acts outside of the state, which

cause injury in the state, to a tortfeasor who 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.'" *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 U.S. Dist. LEXIS 21598, at *20 (N.D. Ga. Feb. 20, 2014) (quoting O.C.G.A. § 9-10-91(3)).  It is uncontroverted that Bosch GmbH is not licensed to do business in the State of Georgia, does not target or direct its business activities in Georgia, and does not sell goods or services to customers or other persons in Georgia.  Thus, even if Bosch GmbH caused injuries in Georgia by its out-of-state tortious acts, which Bosch GmbH does not concede, the facts do not indicate that Bosch GmbH does regular business in Georgia, engages in any other persistent course of conduct in Georgia, or derives substantial revenue from goods used or services rendered in Georgia so that "there are not the systematic contacts with the state that subsection (3) requires."  *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 U.S. Dist. LEXIS 21598, at *22 (N.D. Ga. Feb. 20, 2014).

Accordingly, Plaintiff cannot rely upon any subsection of the Georgia Long Arm Statute to support jurisdiction over Bosch GmbH, and this Court should, therefore, dismiss Plaintiff's Complaint against Bosch GmbH as Bosch GmbH cannot be properly subjected to suit under Georgia law.

**B.     This Court Does Not Have Personal Jurisdiction over Bosch GmbH under the Federal Due Process Requirements, and, Thus, This Complaint Should Be Dismissed.**

In addition to considering whether personal jurisdiction over Bosch GmbH is supported by Georgia law, this Court must also examine the facts of this case under federal due process.  Specifically, this Court may exercise personal jurisdiction over Bosch GmbH consistent with federal due process *only if*: (1) Bosch GmbH has sufficient contacts with Georgia; and (2) the exercise of jurisdiction over Bosch GmbH will not offend traditional notions of fair play and substantial justice.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**1.     Bosch GmbH Does Not Have the Minimum Contacts with Georgia Sufficient to Give Rise to General or Specific Jurisdiction.**

To establish minimum contacts, Plaintiff must show that Bosch GmbH "purposefully availed" itself of the privilege of conducting activities inside Georgia, and enjoyed the benefits and protections of Georgia law.  *See Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011).  For a Georgia court to properly exercise personal jurisdiction over a nonresident defendant, the defendant's activities must justify a conclusion that the defendant could reasonably anticipate being "haled into" a Georgia court.  *See Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 U.S. Dist. LEXIS 21598, at *28 (N.D. Ga. Feb.

20, 2014).  The contacts must relate to the cause of action and not be random, fortuitous and attenuated.  *Id*.

The minimum contacts analysis depends in large part on whether the defendant is subject to the court's general or specific personal jurisdiction.  *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984).  A defendant's contacts with the forum jurisdiction can sometimes be extensive enough to give rise to general jurisdiction.  General jurisdiction allows a plaintiff to sue the defendant in the forum state on any claim, regardless of whether the claim is connected to the defendant's activities in the state.  *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851.

The United States Supreme Court has provided guidance on the appropriate inquiry for general jurisdiction in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).  In that case, two North Carolina residents were killed in a bus accident outside Paris, France.  Their parents filed a products liability action in North Carolina state court against The Goodyear Tire and Rubber Company and three of its foreign subsidiaries, claiming that a faulty tire caused the accident.  The three foreign Goodyear subsidiaries challenged personal jurisdiction.

The Plaintiffs in *Goodyear Dunlop* claimed that the state court enjoyed general jurisdiction over the three foreign Goodyear subsidiaries.  The three foreign Defendants had no place of business in the state and did not solicit business there.  They did not ship or sell their tires to customers in North Carolina.  The North Carolina court, however, noted that some tires manufactured by the foreign Goodyear subsidiaries had reached North Carolina through the "stream of commerce" by a "highly-organized distribution process."  *Id*. at 2852.  Relying on this factual analysis, the state court then asserted that North Carolina had an interest in providing a forum where its citizens could seek damages for their injuries and noted that Plaintiffs would have to endure significant hardship if they were forced to litigate their claims against the three foreign Goodyear subsidiaries in France.  As a result, the trial court denied the motions to dismiss, and the state Court of Appeals affirmed.  The North Carolina Supreme Court denied discretionary review.

The United States Supreme Court granted certiorari ***and reversed***.  The Supreme Court stated that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' ***as to render them essentially at home in the foreign State***."  *Id*. at 2851 (citation

omitted) (emphasis added).  The Court rejected the view that placing a product into the "stream of commerce" - even with the expectation that the product will reach the forum state - is enough for the forum state to exercise personal jurisdiction over the foreign company.  The Supreme Court pointed out that such a rule would subject a seller to suit wherever in the country its products are distributed. The Supreme Court relied heavily on its prior opinion in *Helicopteros Nacionales de Colombia, S. A.*, *supra*, and held that the state court did not have personal jurisdiction over the three foreign Goodyear subsidiaries, none of which had any meaningful contacts with North Carolina.

The United States Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) further clarified the process for which a plaintiff may exercise general personal jurisdiction over a foreign defendant.  In this case, a group of Argentinian Plaintiffs brought suit against Daimler, a company organized under German law. The Plaintiffs based their claim under the Alien Tort Statute and Torture Victim Protection Act of 1991 and brought their suit in federal court in the Northern District of California relying on the business activities and substantial contacts with California of Daimler's indirect subsidiary MBUSA.  In unanimously reversing the Ninth Circuit's decision to assert jurisdiction as a result of MBUSA's contacts in the state, the Supreme Court made clear that ***California did not have***

***all-purpose jurisdiction over Daimler***, despite the business conducted by its subsidiary.  *See Daimler AG,* 134 S. Ct. at 760.  The court noted that it is only when such contacts are so substantial so as to render the corporation "at home in the forum State," that all-purpose jurisdiction is appropriate.  *Id*. at 751.  Applying the facts, the court determined that because Daimler was not incorporated under California law and did not have its principal place of business in or have sufficient corporate activities in California, Daimler was not subject to jurisdiction in California.  *Id*. at 761-62.

Like the Plaintiffs in *Goodyear Dunlop*, Plaintiff in this case cannot establish that general jurisdiction over Bosch GmbH is proper simply because Bosch GmbH placed a product in the stream of commerce that reached the State of Georgia as the Supreme Court has clearly held that the "stream of commerce" theory does not give a forum state personal jurisdiction over an entity like Bosch GmbH, which does not have meaningful contacts with the forum state.  Moreover, according to *Daimler AG*, this Court cannot exercise all-purpose jurisdiction over Bosch GmbH based upon any contacts a subsidiary of Bosch GmbH may have with the State of Georgia; rather, personal jurisdiction over Bosch GmbH can only be based upon Bosch GmbH's contacts with Georgia, which contacts must be so substantial that Bosch GmbH made itself at home in the State of Georgia.  But

such is not the case for Bosch GmbH; rather, Bosch GmbH does not have sufficient corporate activities in Georgia and thus, is not subject to general jurisdiction in Georgia.

In contrast to general jurisdiction, specific jurisdiction requires only a sufficient link between the plaintiff's cause of action and the defendant's contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851. Specific jurisdiction exists when a defendant (1) purposefully avails itself of contacts in the forum state and (2) there is a "sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1267 (11th Cir. 2010). These two elements "ensure that a defendant is only burdened with litigation in a forum where his 'conduct and connection with the forum . . . . are such that he should reasonably anticipate being haled into court there.'" *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 (11th Cir. 2009) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). When a defendant purposefully avails itself of contacts with the forum state and a sufficient nexus exists between those contacts and the plaintiff's claim, then the defendant has "fair warning" that it might be sued in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) (plurality opinion), the U.S. Supreme Court considered the application of specific jurisdiction.  Robert Nicastro ("Nicastro") suffered injury to his hand while operating a metal-shearing machine in New Jersey, which machine was manufactured by J. McIntyre Machinery, Ltd. ("McIntyre") in England.  McIntyre was organized under the laws of England, had its principal place of business in England, and did not conduct any direct business in New Jersey.  Despite McIntyre's lack of contacts with New Jersey, the Supreme Court of New Jersey held that personal jurisdiction existed because the metal-shearing machine at issue had been knowingly placed into the "stream of commerce" by McIntyre and it was reasonably foreseeable that it would end up in New Jersey.  However, the Supreme Court rejected Nicastro's personal jurisdiction arguments, and instead held that a "stream of commerce" theory does not replace the long-standing rule that the defendant must "'purposefully [avail] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *J. McIntyre Mach., Ltd.*, 131 S. Ct. at 2785 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1241, 2 L. Ed. 2d 1283 (1958)).

Here, Plaintiff cannot allege that Bosch GmbH has any contacts with the State of Georgia that are sufficiently linked to her cause of action as Bosch GmbH

does not target or direct its business activities towards the State of Georgia.  And, the fact that Bosch GmbH placed the subject air bag control module into the "stream of commerce" when it sold and delivered the product to Bosch Corporation in Japan and the same product ended up in Georgia does not offer any factual support for Plaintiff seeking the exercise of jurisdiction over Bosch GmbH in this instant action.  Thus, this Court should find that it does not have personal jurisdiction over Bosch GmbH.

>    **2.    Maintenance of This Action in Georgia against Bosch GmbH Would Violate Traditional Notions of Fair Play and Substantial Justice.**

Finally, when deciding whether a defendant is subject to personal jurisdiction under federal due process, Georgia Courts must also consider several "fairness factors" in addition to any minimum contacts a defendant may have with a state.  *Sprint Nextel Corp.*, 2014 U.S. Dist. LEXIS 21598, at *26-27 (N.D. Ga. Feb. 20, 2014).  Because Bosch GmbH has no contacts with Georgia sufficient to meet the threshold for personal jurisdiction, "it is presumed that it would be unfair to force [Bosch GmbH] to litigate in a Georgia forum."  *Id.* at *31.  If minimum contacts were shown, the Court would then need to examine "whether exercising personal jurisdiction would otherwise comport with 'fair play and substantial justice.'"  *Id.* (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631

(11th Cir. 1996)).  Specifically, with the burden shifting to the Defendant to

establish that other considerations result in jurisdiction being unreasonable, the

Court would consider the five following "'fairness factors'" to determine whether

it would be reasonable to exercise jurisdiction over Bosch GmbH:

> (1) the burden on the defendant of litigating in the forum, (2) the
> forum state's interest in adjudicating the dispute, (3) the plaintiff's
> interest in obtaining convenient and effective relief, (4) the interstate
> judicial system's interest in obtaining the most efficient resolution of
> controversies, and (5) states' shared interest in furthering fundamental
> social policies.

*Id*. at 31-32 (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264,

1276 (11th Cir. 2002)).

Here, Bosch GmbH is a commercial corporation domiciled in Germany with

no offices in Georgia and no meaningful contacts with Georgia.  Thus, the burden

on Bosch GmbH to litigate this matter in Georgia would be rather onerous, and

with Bosch GmbH lacking any minimum contacts with the State of Georgia, the

fairness question should tip in Bosch GmbH's favor as there is simply no basis for

this Court to properly exercise jurisdiction over Bosch GmbH.  *See Sprint Nextel*

*Corp.*, 2014 U.S. Dist. LEXIS 21598, at \*32-33 (N.D. Ga. Feb. 20, 2014).

## IV.    CONCLUSION

Bosch GmbH does not have sufficient minimum contacts with the State of

Georgia to confer this Court personal jurisdiction over it pursuant to Georgia's

Long Arm Statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Bosch GmbH, therefore, respectfully requests that the Court dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted this 12th day of May, 2015.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

*/s/* Michael J. Sullivan
Michael J. Sullivan
GA Bar No. 142203
Vonnetta L. Benjamin
GA Bar No. 049890
*Counsel for Specially-Appearing Defendant Robert Bosch GmbH and Defendants Robert Bosch LLC and Robert Bosch North America Corporation*

271 17th Street, NW
Suite 2400
Atlanta, Georgia  30363-1017
(404) 872-7000 – telephone
(404) 879-2940 – fax
msullivan@wcsr.com
vbenjamin@wcsr.com

# <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing **SPECIALLY-APPEARING ROBERT BOSCH GMBH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND FIRST AND SECOND AMENDMENTS TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR LACK OF PERSONAL JURISDICTION** complies with the font and point selections approved by the Court in Local Rule 5.1C. The foregoing was prepared on a computer using Times New Roman font (14 point).

Respectfully submitted this 12th day of May, 2015.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP
*/s/* Michael J. Sullivan
Michael J. Sullivan
GA Bar No. 142203
Vonnetta L. Benjamin
GA Bar No. 049890
*Counsel for Specially-Appearing Defendant
Robert Bosch GmbH and Defendants Robert
Bosch LLC and Robert Bosch North
America Corporation*

271 17th Street, NW, Suite 2400
Atlanta, Georgia  30363-1017
(404) 872-7000 – telephone
(404) 879-2940 – fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the

foregoing pleading which was electronically filed using the Court's CM/ECF

system, which will automatically send email notifications to all counsel of record.

This 12th day of May, 2015.

**Womble Carlyle Sandridge & Rice, LLP**

*/s/* Michael J. Sullivan
Michael J. Sullivan
GA Bar No. 142203
Vonnetta L. Benjamin
GA Bar No. 049890

271 17th Street, NW, Suite 2400
Atlanta, Georgia  30363-1017
(404) 872-7000 – telephone
(404) 879-2940 – fax
msullivan@wcsr.com
vbenjamin@wcsr.com

WCSR 34177975v1

25