**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMIE LEE ANDREWS, as               *
Surviving Spouse of                 *
MICAH LEE ANDREWS, Deceased,        *   CIVIL ACTION FILE
and JAMIE LEE ANDREWS, as           *
Administrator of the Estate of      *   NO.1:14-CV-03432-WSD
MICAH LEE ANDREWS, Deceased         *
    Plaintiff,                     *
                                    *
v.                                  *
                                    *
MAZDA MOTOR CORPORATION,            *
MAZDA MOTOR OF AMERICA, INC., and   *
AUTOLIV JAPAN, LTD.,                *
                                    *
    Defendants.                    *


## DEFENDANT AUTOLIV JAPAN LTD.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Defendant Autoliv Japan, Ltd. ("Autoliv") respectfully requests that this Court permanently seal the following documents filed in connection with Plaintiff's Response in Opposition to Autoliv Japan, Ltd.'s Motion for Summary Judgment ("Response Brief"):

- Exhibit 120.2 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 128);

- Exhibit 126 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 58B);

- Exhibit 128 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 21A); and

- Notice of Filing Evidence, Ex. A (Plaintiff Tab 21B).

Autoliv does not request that any other documents mentioned in Plaintiff's Response Brief be permanently sealed.

In support of this Motion, Autoliv's states as follows:

1.      Standing Order No. 16-01 requires a party seeking to file under seal to establish good cause for sealing.  To make this showing, the movant must generally:

> (i)      identify, with specificity, the document(s) or portions thereof for which sealing is requested; (ii) explain (for each document or group of documents) the reasons why sealing is necessary; (iii) explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of documents reflected in controlling case law. *Id.*

2.      Pursuant to Standing Order No. 16-01, Autoliv requests that the documents above filed in conjunction with Plaintiff's Response Brief be permanently sealed.  Plaintiff Tab 128 is a true and correct copy of Exhibit 120.2 to the March 8, 2016 Deposition of David Prentkowski and contains confidential commercial information, including component pricing and costs, test data, testing processes and business processes. Plaintiff Tab 58B is a true and correct copy of Exhibit 126 to the March 8, 2016 Deposition of David Prentkowski and contains

confidential sales activities with Mazda.   Plaintiff Tab 21A is a true and correct copy of Exhibit 128 to the March 8, 2016 Deposition of David Prentkowski and contains confidential information about manufacturing and testing processes.  The Exhibit attached to the Notice of Filing Evidence is a true and correct copy of AUTOLIV01854 and contains confidential sales activities with Mazda and pricing information.

3.     Sealing of these documents is required under the Consent Protective Order entered by the Court in this action on March 11, 2015. (Doc. No. 85). "Confidential information or trade secret information of substantial value to [Autoliv's] competitors" is "Confidential Information" that is subject to the terms of the Protective Order.  Under the terms of the Protective Order, when a party wishes to file a document containing Confidential Information, the party must first move for leave of Court to file such documents under seal.

4.     Less drastic alternatives than sealing are not available.  These documents cannot be adequately redacted because the entire document contains confidential commercial information.  Simply redacting the confidential portions would strip the documents of any meaning, and it would not be possible from the remaining context to ascertain the relevance of the excerpts to Autoliv's arguments.

5.     Under controlling case law, the district court must "balance the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).   The district court must consider several factors, including "whether allowing access would . . . harm legitimate privacy interests," "whether the information concerns public officials or public concerns," and "the availability of a less onerous alternative to sealing the documents." *Id.*

6.     These factors weigh in favor of sealing the documents referenced above.   Public access to these documents would injure Defendants Autoliv and Mazda as it would allow their competitors to access highly sensitive commercial information.   Under Rule 26, protecting the confidentiality of a party's "trade secret or other confidential research, development, or commercial information" is a valid ground to seal documents.   Fed. R. Civ. P. 26(c)(1)(G).   Generally, good cause exists to seal documents under Rule 26(c)(1)(G) where (1) "the material sought to be protected is confidential and (2) [] disclosure will create a competitive disadvantage for the party." *Georgia Television Co. v. TV News Clips of Atlanta, Inc.*, 718 F. Supp. 939, 953 (N.D. Ga. 1989); *see also Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed. Cir. 2006) (holding that "the documents at issue fall squarely within the ambit of Rule 26(c)[(1)(G)] because they included . . . documents and

4

information relating to [defendant's] customers, suppliers, manufacturing processes, financial condition, and the quantity and value of its imports.").  Furthermore, the documents do not relate to public officials or public concerns and, as discussed above, because these documents cannot be redacted without entirely stripping it of meaning, there are no less onerous alternatives to sealing.  Hence, good cause exists to file these documents under seal.  *See id.*

7.     Accordingly, Autoliv's respectfully requests that this Court enter an Order permanently sealing the following documents:

- Exhibit 120.2 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 128);

- Exhibit 126 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 58B);

- Exhibit 128 to the March 8, 2016 Deposition of David Prentkowski (Plaintiff Tab 21A); and

- Notice of Filing Evidence, Ex. A (Plaintiff Tab 21B).

Dated:  May 12, 2016

/s/ Jenny A. Mendelsohn, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

<u>/s/ Jenny A. Mendelsohn, Esq.</u>
Doug Scribner, Esq.
Georgia Bar No. 632755
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that on May 12, 2016, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James E. Butler, Jr
Robert D. Cheeley
Tedra Cannella
Rory Weeks
BUTLER WOOTEN CHEELEY &
PEAK LLP
2719 Buford Highway
Atlanta, Georgia 30324

William L. Ballard
Gregory R. Feagle
BALLARD & FEAGLE, LLP
1180 West Peachtree Street
Suite 2250
Atlanta, Georgia 30309

***Attorneys for Plaintiff***

C. Bradford Marsh
Ashley W. Broach
S. DeAnn Bomar
Myrece Johnson
Daniel J. Kingsley
SWIFT, CURRIE, MCGHEE &
HIERS LLP
1355 Peachtree Street NE
Suite 300
Atlanta, Georgia 30309

***Attorneys for Mazda Motor
Corporation and Mazda Motor of
America, Inc.***

/s/ Jenny A. Mendelsohn
Jenny A. Mendelsohn
Georgia Bar No.  447183

8