# EXHIBIT A

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8377
www.alston.com

Doug Scribner                    Direct Dial: 404-881-7752                    Email: doug.scribner@alston.com

May 25, 2016

CONFIDENTIAL
VIA E-MAIL & CERTIFIED MAIL

James E. Butler, Jr., Esq.
Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324

   Re: *Jamie Lee Andrews et al. v. Mazda Motor Corporation et al.*
     U.S.D.C. Northern District of Georgia, Atlanta Division; Civil
     Action File No. 1:14-cv-03432

Dear Jim:

  This offer of settlement pursuant to O.C.G.A. § 9-11-68[1] is made on behalf of Defendant Autoliv Japan, Ltd. ("Autoliv") and to your client, Jamie Lee Andrews. Autoliv offers $200,000 for full and final settlement and in consideration of a release of any and all claims and allegations that have been asserted and which could have been asserted in this litigation. Autoliv is willing to structure any portion of the settlement so as to fund and benefit Sarah Cadence "Cady" Andrews' future needs. This offer of settlement is contingent upon Plaintiff dismissing with prejudice all existing or future claims against Autoliv.[2] Moreover, this offer is subject to the following conditions:

---

[1] O.C.G.A. § 9-11-68 applies in this diversity action in federal court. *Wheatley v. Moe's Sw. Grill, LLC*, 580 F. Supp. 2d 1324, 1329 (N.D. Ga. 2008) ("Because O.C.G.A. § 9–11–68 is substantive in nature and does not conflict with a federal law or rule of procedure, the Court is bound to apply it to this case.").

[2] As Plaintiff has no claim for attorney's fees or expenses of litigation and attorney's fees and/or expenses of litigation are not a part of the claims at issue, this offer of settlement pursuant to O.C.G.A. § 9-11-68 is not intended to include any attorney's fees and/or other expenses. Attorney's fees and expenses of litigation shall be governed by the respective agreements and/or contracts between Plaintiff and Plaintiff's counsel, and Autoliv and Autoliv's counsel. This offer of settlement does, however, include settlement of

May 25, 2016
Page 2

(a) In relation to this offer of settlement pursuant to O.C.G.A. § 9-11-68, Autoliv admits no fault or liability to Plaintiff or to any other persons, and it expressly denies such fault and liability. Autoliv's sole motivation for making this offer of settlement is to resolve the claims that have been asserted and which could have been asserted against it in this litigation.

(b) In relation to this offer of settlement pursuant to O.C.G.A. § 9-11-68, if this offer is accepted, Plaintiff will agree, on behalf of herself, her heirs, assigns, and anyone purporting to act on her behalf, that she irrevocably releases and forever discharges Autoliv from any and all actions, causes of action, claims, lawsuits, claims for relief, rights, counts, damages, losses, costs, controversies, liens, judgments, executions, attachments, debts, demands, liabilities, and obligations of every kind and nature whatsoever, known or unknown, in law or equity, accrued or unaccrued, liquidated or contingent, whether formal or informal, and whether in writing or not, including but not limited to the claims in this lawsuit, whether asserted or not, which arise from or in any way relate to the accident that is the subject of Plaintiff's lawsuit.

(c) Plaintiff agrees by accepting this offer of settlement that she is due nothing from Autoliv aside from consideration in the amount of $200,000.

(d) In relation to this offer of settlement pursuant to O.C.G.A. § 9-11-68, if this offer is accepted, Plaintiff will further agree to keep the terms, amount, and fact of any settlement agreement completely confidential, and except as required by law, as necessary to defend herself in legal proceedings, or as authorized in writing by Autoliv, Plaintiff will not disclose any information concerning any settlement agreement to anyone other than her attorneys or accountants. Plaintiff will agree that to the extent she does inform her attorneys and accountants of such information, that she will also inform them of the confidentiality provisions of any settlement agreement and direct such attorneys or accountants to comply fully with them. Plaintiff will also agree that in any action concerning an alleged violation of confidentiality, the prevailing party shall be entitled to recover reasonable attorney's fees from the other party, in addition to any claim for damages or injunctive relief which may be asserted in such an action.

Autoliv is offering $200,000 to settle this litigation in an attempt to avoid further litigation expenses – not because it doubts the viability of its defenses. Autoliv believes that Judge Duffey will enter summary judgment in its favor because "strict" liability does not apply to design defect cases and because Plaintiff has offered no evidence that Autoliv was "actively involved in the design, specifications, or formulation . . . of a defective component part which failed during use of a product and caused injury."

---

Plaintiff's punitive damages claim against Autoliv.  Specifically, $1,000 of the $200,000 total settlement is for Plaintiff's punitive damage claims.

May 25, 2016
Page 3

*Davenport v. Cummins Alabama, Inc.*, 284 Ga. App. 666, 671 (2007).  Moreover, Plaintiff has proffered no evidence to support a finding of punitive damages against Autoliv.  Finally, regardless of Judge Duffey's decision or the outcome at trial, Autoliv is confident that the United States Court of Appeals for the Eleventh Circuit will determine that Autoliv is entitled to judgment as a matter of law.

While Autoliv believes that it will prevail as a matter of law, in an effort to avoid the costs associated with preparation for trial, Autoliv is willing to settle the case at this time for $200,000.  In the event that this offer of settlement pursuant to O.C.G.A. § 9-11-68 is rejected, Autoliv will seek all relief to which it is entitled pursuant to O.C.G.A. § 9-11-68, including but not limited to recovery of reasonable attorney's fees and expenses of litigation incurred by Autoliv or on Autoliv's behalf from the date of the rejection of this offer of settlement through the entry of final, non-appealable judgment.

Sincerely,

Doug Scribner

LEGAL02/36080967v1

THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased<br>    Plaintiff,<br><br>v.<br><br>MAZDA MOTOR CORPORATION, MAZDA MOTOR OF AMERICA, INC., and AUTOLIV JAPAN, LTD.,<br><br>    Defendants. | *<br>*<br>* CIVIL ACTION FILE<br>*<br>* NO.1:14-CV-03432-WSD<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **OFFER OF SETTLEMENT** upon the following by placing a copy of same in the United States Mail with adequate postage addressed as follows:

James E. Butler, Jr.
Robert D. Cheeley
Tedra Cannella
Rory Weeks
BUTLER WOOTEN CHEELEY &
PEAK LLP
2719 Buford Highway
Atlanta, Georgia 30324

William L. Ballard
Gregory R. Feagle
BALLARD & FEAGLE, LLP
1180 West Peachtree Street
Suite 2250
Atlanta, Georgia 30309

*Attorneys for Plaintiff*

Dated: May 25, 2016

_____
Jenny A. Mendelsohn
Georgia Bar No. 447183