THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as    * <br> Surviving Spouse of    * <br> MICAH LEE ANDREWS, Deceased,    * <br> and JAMIE LEE ANDREWS, as    * <br> Administrator of the Estate of    * <br> MICAH LEE ANDREWS, Deceased,    * <br>      Plaintiff,    * <br>    * <br> v.    * <br>    * <br> AUTOLIV JAPAN, LTD.,    * <br>      Defendant.    * | CIVIL ACTION FILE <br><br> NO. 1:14-CV-03432-WSD |

**PLAINTIFF'S MOTION TO REVIEW
CLERK'S TAXATION OF COSTS AGAINST JAMIE ANDREWS**

Based on Autoliv's sworn request, the Clerk of Court taxed $18,196.64 in costs against Plaintiff Jamie Andrews. Doc. 280. Pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff moves the Court to disallow $2743.80 of the costs because they are not authorized by 28 U.S.C. § 1920.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) gives the Court discretion to award costs to prevailing parties. "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). "Because taxable costs are limited by statute and are modest in scope," they are "a

fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). The Supreme Court has made clear that the discretion granted by Rule 54(d) does not include the power to expand the categories of costs permitted under the statute. *Id.*

While a cost award is reviewed for abuse of discretion, "the threshold question of whether the district court has the authority to award costs" is reviewed de novo.[1] This is because "whether a particular expense falls within the purview of section 1920, and thus may be taxed in the first place, is an issue of statutory interpretation." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 164 (3d Cir. 2012) (alteration omitted) (quoting *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011)). Questions of statutory interpretation are

---

[1] *In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 914, 924-25 (9th Cir. 2015); *accord Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) ("We review de novo the legal issues related to the award of costs and review the actual award for an abuse of discretion."); *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 295 (6th Cir. 2015) ("We review de novo whether taxed expenses fall within § 1920's list of allowable costs."); *County Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 254 (4th Cir. 2013) ("Because the parties dispute whether the district court properly interpreted § 1920(4), we apply de novo review.").

reviewed de novo. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015).

### ARGUMENT AND CITATION OF AUTHORITY

Autoliv requested and was awarded costs under two categories of 28 U.S.C. § 1920: "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." § 1920(2), (4); Doc. 277 at 1; Doc. 280. Both categories of Autoliv's award include unallowable costs under § 1920. Because Ms. Andrews cannot be taxed with unallowable costs, the Court should reduce Autoliv's costs award.

### I. Autoliv seeks unallowable costs for deposition transcripts.

Ms. Andrews cannot be taxed with costs for "[f]ees for printed or electronically recorded transcripts" unless they were "*necessarily obtained* for use in the case." § 1920(2) (emphasis added). The law in this circuit is that "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000). Put another way, "incidental expenses associated with depositions are not recoverable." *Denton v.*

3

*DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009).  Examples of unrecoverable incidental expenses include "charges for CD-Roms, rough drafts, e-mail transcripts, and ASCII files" of depositions.  *Id.*; *accord United States ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 339 (E.D. Va. 2011) (rejecting request for deposition costs under § 1920(2) for (i) rough draft transcripts, (ii) Realtime transcription, or, (iii) expedited transcript preparation for depositions occurring long before the trial date); *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007) ("All incidental expenses related to taking the depositions including, *inter alia,* parking, real time reporting, rough drafts, condensed transcripts, ASCII, expedited delivery, and FEDEX charges are not recoverable."); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 780 (S.D. Ind. 2003) ("The costs of numerous extra services such as "Live Note Hookup," expedited delivery, rough drafts, ASCII discs, Real Time, E Transcript "Rough Copy," and the costs of extra copies of exhibits cannot fairly be shifted to Zenith.").

    Here, Autoliv sought and was awarded costs of $13,791.94 for "necessarily obtained" deposition transcripts.  Doc. 277-1 at 2; Doc. 280.  That request and award is excessive.  The proof is in the invoices Autoliv submitted.  *See* Doc. 277-2.  The invoices contain numerous charges for services that were not "necessarily

obtained for use in this case"—Realtime Services, Equipment Rentals, Rough Drafts, and Expedited Transcripts. All told, Ms. Andrews was taxed with $2181.30 in unallowable costs. These unallowable costs are detailed below.

> **Invoice date 11/23/2015 (Doc. 277-2 at 2)**
> Realtime Services                 $472.35
> Equipment Rental                $100.00
>
> **Invoice date 2/10/2016 (Doc. 277-2 at 3)**
> Rough Draft                       $271.50
>
> **Invoice date 12/15/2015 (Doc. 277-2 at 4)**
> Rough Draft                       $426.00
>
> **Invoice date 12/31/2015 (Doc. 277-2 at 8)**
> Certified Transcript – Expedited    $533.45
>
> **Invoice date 2/29/2016 (Doc. 277-2 at 11)**
> Rough Draft                       $378.00
>
> **TOTAL**                           **$2181.30**

The costs of Realtime Services[2] and Equipment Rental on the November 23, 2015 invoice are not taxable under § 1920(2). Doc. 277-2 at 2. Numerous courts have held that such deposition costs are unawardable. *See supra* at 4; *e.g.*, *Davis*, 829 F. Supp. 2d at 339; *Halliburton Energy*, 244 F.R.D. at 372; *Eli Lilly*, 264 F.

---

[2] Veritext Legal Solutions describes *Real-Time Deposition Transcripts* this way: "With real-time transcription services, you'll have access to the deposition transcript while the testimony is ongoing and you'll also be able to leave the testimony with a rough draft copy in hand." *Deposition Services*, VERITEXT LEGAL SOLUTIONS, https://www.veritext.com/depositions/ (last visited Jan. 24, 2017).

5

Supp. 2d at 780. Autoliv has no specific evidence that these costs were for "necessarily obtained" deposition transcripts. Rather, the costs were incurred for the convenience of Autoliv's lawyers during the deposition. Thus, these costs cannot be taxed against Ms. Andrews. *See Mathews*, 480 F.3d at 1276.

The costs of rough drafts and expedited transcripts on the invoices dated February 10, 2016, December 15, 2015, December 31, 2015, and February 29, 2016 are not taxable under § 1920(2). Doc. 277-2 at 3, 4, 8, 11. This Court has held that rough drafts of depositions are unawardable. *Denton*, 645 F. Supp. 2d at 1227. This Court has also held that expedited deposition transcripts are unawardable. *Willoughby v. Youth Villages, Inc.*, --- F. Supp. 3d ---, 2016 WL 7013537, at *8 (N.D. Ga. Nov. 2016); *see also Johnson Landscapes, Inc. v. FCCI Ins. Co.*, No. 1:13-cv-1130-SCJ, 2015 WL 11199166, at *2 (N.D. Ga. Aug. 10, 2015) (refusing to tax costs of expedited deposition transcripts where prevailing party "provided the Court with no information as to the reason an expedited transcript was necessary"). Once again, Autoliv has no specific evidence that these costs were for "necessarily obtained" deposition transcripts. Rather, the costs were incurred for the convenience of Autoliv's lawyers. Thus, these costs cannot be taxed against Ms. Andrews. *See Mathews*, 480 F.3d at 1276.

In sum, the Court should reduce Autoliv's costs award for "[f]ees for printed or electronically recorded transcripts" by the unallowable amount: $2181.30.

## II. Autoliv seeks unallowable costs for exemplification and copying.

Ms. Andrews cannot be taxed with costs for "[f]ees for exemplification and costs of making copies of any materials" unless they were "*necessarily obtained for use in the case.*" § 1920(4) (emphasis added).  Autoliv, as the party trying to recover copying costs, "bears the burden of establishing entitlement to the costs." *In re Sci.-Atlanta, Inc. Sec. Litig.*, No. 1:01-cv-1950-RWS, 2011 WL 2671296, at *1 (N.D. Ga. July 6, 2011); *see also Corsair Asset Mgmt., Inc. v. Moskovitz,* 142 F.R.D. 347, 352 (N.D. Ga. 1992) (holding that party seeking copying costs "must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case").

Here, Autoliv sought and was awarded $562.50 in costs for "Technical Services" provided by Ricoh USA, Inc.  *See* Doc. 277-3, at 7, 8, 10.  These costs were not "necessarily obtained" within the meaning of § 1920(4).  Under this limited subsection, technical services related to electronic discovery are taxable only if they can be categorized as either costs of exemplification or of making necessary copies.  *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*,

7

2 F. Supp. 3d 1306, 1308 (N.D. Ga. 2014). Because Ricoh's services belong to neither category, they cannot be taxed against Ms. Andrews.

Technical services provided by a document-management company hired to help a party make electronic discovery cannot be crammed into the exemplification category. The Eleventh Circuit has held that "the term 'exemplification' imports the legal meaning of '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'" *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (alteration in original) (quoting *Exemplification*, BLACK'S LAW DICTIONARY 795 (7th ed. 1999)). Ricoh's technical services do not fit within this narrow definition and thus the costs of these services are not taxable as exemplifications under § 1920(4). *See Akanthos Capital*, 2 F. Supp. 3d at 1308-09 (holding that consulting costs for tasks such as "prepar[ing] demonstratives" and "on-site graphics support" for a hearing as well as "on-site . . . support" for presentation software were not taxable under § 1920(4) as exemplifications (alteration in original)).[3]

---

[3] At least two federal circuits agree with this conclusion. *See, e.g.*, *Country Vintner of N.C. v. E & J Gallo Winery*, 718 F.3d 249, 261-62 (4th Cir. 2013) (holding that "ESI processing charges" were not taxable as exemplifications under § 1920(4) because these charges involved "neither authentication of public records nor exhibits or demonstrative aids"); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165-66 (3d Cir. 2012) (holding that costs paid to an electronic

Ricoh's technical services related to electronic discovery are not the same as making copies. Indeed, for electronic discovery "under § 1920(4), only those costs attributable to optical character recognition, converting documents to TIFF,[4] and 'endorsing' activities—all of which were required by the [losing party]—are recoverable." *In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 914, 932 (9th Cir. 2015).[5] As for "other activities essential to the making of copies necessary to the case, they are not taxable." *Id.* Put simply, aside from file format conversion, "gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to 'making copies.'" *Race Tires*, 674 F.3d at 169-70. The reason is that

> [n]one of the steps that proceeded the actual act of making copies in the pre-digital era would have been considered taxable. And that is because Congress did not authorize taxation of charges necessarily

---

discovery consultant "for data collection, preservation, searching, culling, conversion, and production" did not qualify as exemplifications under § 1920(4)).

[4] "Tagged Image File Format ('TIFF') is '[a] widely used and supported graphic file format [ ] for storing bit-mapped images, with different compression formats and resolutions.'" *Race Tires*, 674 F.3d at 161 n.2 (quoting The Sedona Conference, *The Sedona Conference Glossary: E-Discovery & Digital Information Management* 35 (Sherry B. Harris et al. eds., 3rd ed. 2010)).

[5] *Cf., e.g.*, *Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 780 (W.D. Wisc. 2015) (Under § 1920(4), electronic discovery allowed only "costs for Bates stamping, shipping and delivery of electronic documents, native file and email conversion, and TIFF image creation and conversion.").

> incurred to discharge discovery obligations. It allowed only for the taxation of the costs of making copies.

*Id.* at 169. Where the requesting party claims technical expertise is necessary to make certain kinds of copies, the costs of employing such experts is still not taxable as costs. *See id.* ("The result does not depend upon whether the activities leading up to the making of copies are performed by third party consultants with 'technical expertise.' . . . Neither the degree of expertise necessary to perform the work nor the identity of the party performing the work of 'making copies' is a factor that can be gleaned from § 1920(4).").

Here, Ricoh billed Autoliv for "Technical Services". This is literally all that this Court and Ms. Andrews know about those services.[6] But regardless of what those services were, it is plain that they were not costs for optical character recognition or native file conversion: Ricoh billed Autoliv for those services on a separate line. *See* Doc. 277-3 at 6-10.[7] Thus, the costs for Ricoh's technical services cannot be taxed as "making copies" under § 1920(4).

---

[6] Autoliv's failure to provide more specificity about these costs is another reason to deny them. *See Akanthos Capital*, 2 F. Supp. 3d at 1316 n.12 (concluding that "[e]ven if e-discovery costs were taxable . . . Defendants have not provided enough detail for the Court to determine whether their costs can be taxed").

[7] Ms. Andrews has not asked the Court to remove the costs the Clerk taxed for optical character recognition or native file conversion.

In sum, the Court should reduce Autoliv's costs award for "[f]ees for exemplification and costs of making copies of any materials" by the unallowable amount: $562.50.

## CONCLUSION

Autoliv asked for $2743.80 in unallowable costs under 28 U.S.C. § 1920. Acting on Autoliv's sworn declaration that all requested costs were "necessarily incurred," the Clerk of Court taxed Ms. Andrews with these unallowable costs. In doing so, the Clerk exceeded this Court's statutory authority. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991). Plaintiff Jamie Andrews respectfully requests that this Court reduce Autoliv's award by $2743.80—the amount of unallowable costs it was awarded.

Respectfully submitted this 9th day of February, 2017.

BUTLER WOOTEN & PEAK LLP

BY: /s/ Tedra L. Cannella
JAMES E. BUTLER, JR.
jim@butlerwooten.com
Georgia Bar No. 099625
TEDRA L. CANNELLA
tedra@butlerwooten.com
Georgia Bar No. 881085
RORY A. WEEKS
rory@butlerwooten.com
Georgia Bar No. 113491

                2719 Buford Highway
                Atlanta, Georgia  30324
                (404) 321-1700
                (404) 32101713 Fax


        BALLARD & FEAGLE, LLP

           WILLIAM L. BALLARD
             bill@ballardandfeagle.com
             Georgia Bar No. 035625
           GREGORY R. FEAGLE
             greg@ballardandfeagle.com
             Georgia Bar No. 256913
        1201 Peachtree Street, N.E., Suite 900
        Atlanta, Georgia 30361
        (404) 873-1220

        ATTORNEYS FOR PLAINTIFF

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

                                                s/ Tedra L. Cannella
JAMES E. BUTLER, JR.
 Georgia Bar No. 099625
TEDRA L. CANNELLA
 Georgia Bar No. 881085
RORY A. WEEKS
  Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

# CERTIFICATE OF SERVICE

This is to certify that on February 9, 2017, I electronically filed PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AGAINST JAMIE ANDREWS with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Douglas G. Scribner, Esq.
>Jenny A. Mendelsohn, Esq.
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA 30309-3424

This 9th day of February, 2017.

>BY: s/ Tedra L. Cannella
>JAMES E. BUTLER, JR.
>  Georgia Bar No. 099625
>TEDRA L. CANNELLA
>  Georgia Bar No. 881085
>RORY A. WEEKS
>  Georgia Bar No. 113491
>Butler Wooten & Peak LLP
>2719 Buford Highway
>Atlanta, Georgia 30324
>(404) 321-1700
>(404) 321-1713 Fax