# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as surviving spouse of Micah Lee Andrews, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of Micah Lee Andrews, Deceased,<br><br>    Plaintiffs,<br>v.<br><br>AUTOLIV JAPAN, LTD and JOHN DOES 1-5,<br><br>    Defendants. | Case No. 1:14-cv-3432-WSD |

## AUTOLIV JAPAN, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AGAINST PLAINITFF

Defendant Autoliv Japan, Ltd. ("Autoliv") submits this opposition to Plaintiff's Motion to Review Clerk's Taxation of Costs Against Plaintiff, respectfully showing the Court as follows:

### INTRODUCTION

On February 3, 2017, the Court taxed costs in the amount of $18,196.64 against Plaintiff. [Dkt. # 280]. Six days later, Plaintiff filed an eleven-page brief, opposing $2,743.80 of these costs [Dkt. # 288]. Contrary to Plaintiff's suggestion, the deposition transcript costs to which Plaintiff objects were not procured for the

convenience of Autoliv. Instead, they were necessary to prepare for upcoming depositions and to evaluate and prepare Autoliv's motion for summary judgment. Similarly, the "Technical Services" to which Plaintiff objects are taxable costs. These technical services relate to the creation of OCR, text and image files for document production, which are clearly recoverable. For the reasons described below, Autoliv is entitled to recover $17,624.29 in costs.[1]

## ARGUMENT AND AUTHORITY

I. **The Costs of Rough Drafts and Expedited Transcripts Were Necessarily Obtained for Use in the Case**

Plaintiff argues that rough drafts and expedited transcripts are categorically not taxable costs. But the Eleventh Circuit has determined that expedited transcripts qualify as taxable costs where a party has shown that they were necessary. *See Maris Distributing Co. v. Anheuser-Busch, Inc.*, 362 F. 3d 1207, 1225-26 (11th Cir. 2002). Plaintiff's citations to *Denton*[2] and *Willoughby*[3] are unhelpful, because neither court explained why rough drafts and expedited

---

[1] While counsel for Autoliv does not recall ordering Realtime Services or renting equipment for the deposition that is the subject of the November 23, 2015 invoice, and in fact believes that Plaintiff's counsel ordered these services, Autoliv agrees that these costs are arguably not taxable and therefore agrees to a cost reduction of $572.35.
[2] *Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009)
[3] *Willoughby v. Youth Villages, Inc.*, ___ F. Supp. 3d ___, 2016 WL 7013537, at *8 (N.D. Ga. Nov. 30, 2016)

transcripts were unnecessary.  The *Johnson Landscapes* case is also not applicable. In that case, the plaintiff objected to defendant's bill of costs, but that defendant failed to file an opposition articulating why those costs were necessary.  *Johnson Landscapes, Inc. v. FCCI Insurance Co.*, No. 1:13-cv-1130-SCJ, 2015 WL 11199166, at *2 (N.D. Ga. Aug. 10, 2015).

Here, the rough draft and expedited transcripts were necessary because of the compressed expert discovery schedule.  Twelve experts offered opinions in this case. Plaintiff identified seven experts – Chris Caruso (airbag expert); Steven Meyer (seatbelt expert); Neil Hanneman (sensor expert); Eric Van Iderstine (sensor expert); Bryant Buchner (accident reconstruction); Joseph Burton, M.D. (biomechanics); and Michael Daniels, Ph.D (damages).  Mazda identified four experts – John Hinger (airbag/seatbelt expert); Douglas Nunan (sensor expert); Gregory Stephens (accident reconstruction); and Lisa Gwin, D.O. (biomechanics). Autoliv identified one expert – William Van Arsdell (seatbelt expert).  Ultimately, it was necessary to secure expedited copies of Mr. Caruso's [Dkt. #277-2 at 4], Mr. Meyer's [Dkt. # 277-2 at 8], Dr. Burton's [Dkt. # 277-2 at 3] and Dr. Van Arsdell's

[Dkt. # 277-2 at 11] depositions. (Declaration of Jenny A. Mendelsohn dated February 17, 2017, at ¶ 3) ("Mendelsohn Decl.").[4]

Specifically, Autoliv needed to expedite the deposition transcript for Plaintiff's airbag expert, Mr. Caruso, taken on November 25, 2015 in order to prepare for the deposition of Mr. Meyer, Plaintiff's seatbelt expert, on December 3, 2015. (Mendelsohn Decl. at ¶ 4). It also needed to expedite Mr. Meyer's transcript and the transcript of Plaintiff's biomechanical expert, Dr. Burton, to assist in preparing its own seatbelt expert, Will Van Arsdell, for his deposition. At the time of Mr. Meyer's deposition, Dr. Van Arsdell's deposition was scheduled for December 22, 2015. At the time of Dr. Burton's deposition, which was taken January 27, 2016, Dr. Van Arsdell's deposition had been rescheduled for February 11, 2016. (Mendelsohn Decl. at ¶ 5). Finally, Autoliv needed to expedite the transcript from Dr. Van Arsdell's February 11, 2016 deposition to analyze its potential summary judgement arguments and to prepare that motion, which was due on March 30, 2016. (Mendelsohn Decl. at ¶ 6).

Courts in the Eleventh Circuit have specifically found that rough drafts or expedited deposition transcripts are taxable costs when they are necessary to

---

[4] This declaration is concurrently filed herewith.

prepare or designate experts. *See Autry Petroleum Co. v. BP Prods. N. Am.*, No. 4:05-cv-113, 2010 WL 3239010 (M.D. Ga. Aug. 16, 2010) (finding expedited copy of expert's deposition was necessary to prepare another expert for deposition); *Alsip v. Wal-Mart Stores East, LP*, No. 14-476-CG-N, 2016 WL 6471044 (S.D. Ala. Oct. 31, 2016) (finding expedited transcript was necessary so that opposing side had time to determine whether it needed a rebuttal expert); *see also Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595, 2010 WL 1856060 (M.D. Fla. May 10, 2010) (finding rough draft and expedited transcripts necessary because of truncated discovery schedule). Similarly, courts in the Eleventh Circuit have found such transcripts taxable when they are necessary to prepare motions, particularly motions for summary judgment. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250, 2014 WL 5325211 (S.D. Fla. Aug. 20, 2014) (expedited transcript was taxable given the short amount of time between deposition and deadline for motion for summary judgment); *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328 (S.D. Fla. 2012) (expedited transcript costs were taxable given the short amount of time between deposition and pre-trial motion deadline). For these reasons, Autoliv is entitled to recover the $1,608.95 it paid for the above-referenced expedited and rough draft transcripts.

## II.     Ricoh's Technical Services Were For File Format Conversion

Plaintiff also objects to $562.50 in copying costs, which represents 3.75 hours of technical services performed by Alston & Bird's e-discovery vendor, Ricoh. Contrary to Plaintiff's argument, these technical services pertain to file format conversion, which Plaintiff concedes are recoverable costs (Br. at 9). Specifically, Ricoh's technical services reflect manual processing that was necessary to create OCR, image and text files for Autoliv's productions. (Mendelsohn Decl., ¶ 7, Ex. A). These technical service costs are clearly taxable under Eleventh Circuit precedent. Applying Eleventh Circuit law,[5] the Federal Circuit in *CBT Flint Partners, LLC v. Return Path, Inc.*, held that (1) converting documents into a uniform production format; (2) creating an image of an original source and then applying special techniques to extract documents while preserving associated metadata; and (3) costs for creating of load files, are all taxable costs. 737 F.3d 1320, 1329-1332 (Fed. Cir. 2013). Accordingly, Autoliv is entitled to the $562.50 that Plaintiff challenges.

---

[5] *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013) ("We review the district court's interpretation of section 1920(4) de novo, applying the law of the regional court (in this case, the Eleventh Circuit).").

## CONCLUSION

For the foregoing reasons, Autoliv respectfully requests that this Court find that Autoliv is entitled to 17,624.29 in taxable costs.

Respectfully submitted this 17th day of February, 2017.

/s/ Jenny A. Mendelsohn, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ Jenny A. Mendelsohn, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 17, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    James E. Butler, Jr
    Tedra Cannella
    Rory Weeks
    BUTLER WOOTEN & PEAK LLP
    2719 Buford Highway
    Atlanta, Georgia 30324

    William L. Ballard
    Gregory R. Feagle
    BALLARD & FEAGLE, LLP
    1180 West Peachtree Street
    Suite 2250
    Atlanta, Georgia 30309

    *Attorneys for Plaintiff*

                                      /s/ Jenny A. Mendelsohn
                                      Jenny A. Mendelsohn
                                      Georgia Bar No.  447183