THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased, Plaintiff, <br><br> v. <br><br> AUTOLIV JAPAN, LTD., Defendant. | CIVIL ACTION FILE <br><br> NO. 1:14-CV-03432-WSD |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AGAINST JAMIE ANDREWS

Autoliv's response does not cure all the ills in the Bill of Costs taxed against Jamie Andrews. But Autoliv's response has narrowed Plaintiff's requests for review to two categories of costs: (1) those Autoliv admits are untaxable under 28 U.S.C. § 1920, and (2) those Autoliv has failed to prove were either necessary or covered by the statute. All told, Ms. Andrews requests that this Court reduce the costs taxed against her by $1512.85.

Autoliv admits that its sworn Bill of Costs requested $572.35 in unallowable costs. Doc. 292 at 2 n.1. The costs taxed against Ms. Andrews should be modified to correct Autoliv's error.

Autoliv has now explained its need for the rough drafts and expedited copies of certain deposition transcripts: ostensibly these rush copies were to prepare its lone expert witness William Van Arsdell, Ph.D.  Autoliv should have given this explanation earlier because rough drafts and expedited transcripts are taxable under § 1920(2) only upon specific evidence of necessity.[1]  Even so, Plaintiff will not contest Autoliv's "need" for rush copies of the depositions of Chris Caruso, Steven Meyer, and Joseph Burton, M.D.

The rough draft of Dr. Van Arsdell's deposition is a different story.  Autoliv claims that this rush delivery is taxable because Autoliv needed his deposition to prepare its motion for summary judgment.  Not so.  Indeed, the very cases Autoliv relies on show that the rough draft of this deposition is not taxable under § 1920(2).  For example, in *Barrera v. Weiss & Woolrich Southern*, the court found that expedited copies of depositions taken within 30 days of the pretrial-motions

---

[1] The cases Autoliv cites in its response prove this point.  *See, e.g.*, *Autry Petroleum Co. v. BP Prods. N. Am., Inc.*, 4:05-CV-113 CKL, 2010 WL 3239010, at *2, *4 (M.D. Ga. Aug. 16, 2010) (holding party seeking costs must proving entitlement and disallowing expedited charges of transcript where defendant failed to show why rush delivery was necessary); *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 12-81250-CIV, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014) (disallowing defendant's request for expedited production of transcript where defendant failed to provide "any explanation of why it was necessary to expedite").

deadline were taxable.  900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012).  At the same time, the court disallowed expedited costs for depositions that weren't taken within 30 days of the start of trial.  *Id.*[2]

Here, there were 48 days between Dr. Van Arsdell's deposition (February 11, 2016) and the summary-judgment deadline (March 30, 2016).  What's more, the official transcript of his deposition arrived on February 23, 2016—36 days before Autoliv had to move for summary judgment.  Given these facts and the cases Autoliv cites, Autoliv has failed to show that the costs of this rough draft are allowable under § 1920(2).  The Court should thus reduce the costs taxed against Ms. Andrews by $378.00, the cost of the rough draft.

Autoliv does not dispute that the costs for "Technical Services" provided by its e-discovery vendor Ricoh USA, Inc. aren't taxable as an "exemplification" under § 1920(4).  Autoliv thus has to try to shoehorn these costs into the "making

---

[2] The result in *Embroidme.com, Inc. v. Travelers Property Casualty Co. of America* is not to the contrary.  In that case, the court concluded that expedited deposition costs were taxable because the prevailing party needed a deposition to prepare its summary-judgment motion and the deposition took place 27 days before the filing deadline.  12-81250-CIV, 2014 WL 5325211, at *5 (S.D. Fla. Aug. 20, 2014) (summary-judgment deadline August 19, 2013); *see also* Defendant's Amended Verified Motion to Tax Costs, *Embroidme.com*, ECF No. 116, at 13 (deposition taking July 23, 2013).

copies" category of subsection (4).  That won't work; the fit is all wrong.  To prove that it's entitled to these costs, Autoliv relies on an unsworn letter from a Ricoh employee to a nonlawyer at Autoliv's law firm.  *See* Doc. 293-1 at 2.  The letter is long on technical jargon but falls short of carrying Autoliv's "burden of establishing entitlement to the costs."  *In re Sci.-Atlanta, Inc. Sec. Litig.*, No. 1:01-cv-1950-RWS, 2011 WL 2671296, at *1 (N.D. Ga. July 6, 2011).  Put simply, the letter leaves the Court to guess whether all of Ricoh's "Technical Services" fall within the category of "making copies."  To illustrate, the letter leaves

- unclear the reasons for and purpose of "the initial creation of the export template with custom fields";

- undefined key terms such as "volumes" of data, to say nothing of its silence on how these "volumes" were assembled or anything else about them; and

- unexplained what "OCR loading" and "OCR loading overflow" means and how it relates to making copies.

*See* Doc. 293-1 at 2.

Even if the Ricoh letter were clear enough to show that some of Ricoh's technical services constitute "making copies" (which it isn't), Autoliv would still not be entitled to these costs.  At best, the letter comingles intelligible descriptions of Ricoh's services with unintelligible ones and thus deprives the Court of a way differentiate between the two.  This is reason enough to deny Autoliv's request for

costs. *See Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306, 1316 n.12 (N.D. Ga. 2014) (concluding that "[e]ven if e-discovery costs were taxable . . . Defendants have not provided enough detail for the Court to determine whether their costs can be taxed"). The Court should therefore reduce the costs taxed against Ms. Andrews by $562.50, the full amount of Ricoh's technical services.

## CONCLUSION

Autoliv now admits that it requested untaxable deposition costs in the amount of $572.35. Autoliv has failed to show that the $378.00 rough draft of Dr. Van Arsdell's deposition was "necessary" given that his deposition took place almost seven weeks before the summary-judgment deadline. Autoliv has also failed to provide a detailed explanation of Ricoh's $562.50 in technical services so that the Court can determine if these costs are taxable. For these reasons, Plaintiff respectfully requests that the Court reduce the costs taxed against her by $1512.85.

Respectfully submitted this 3rd day of March, 2017.

BUTLER WOOTEN & PEAK LLP

BY:   /s/ Tedra L. Cannella
      JAMES E. BUTLER, JR.
        Georgia Bar No. 099625
        jim@butlerwooten.com
      TEDRA L. CANNELLA
        Georgia Bar No. 881085

       tedra@butlerwooten.com
RORY A. WEEKS
  Georgia Bar No. 113491
  rory@butlerwooten.com
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax


BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  Georgia Bar No. 035625
  bill@ballardandfeagle.com
GREGORY R. FEAGLE
  Georgia Bar No. 256913
  greg@ballardandfeagle.com
1201 Peachtree Street, N.E., Suite 900
Atlanta, Georgia 30361
(404) 873-1220

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

s/ Tedra L. Cannella
JAMES E. BUTLER, JR.
 Georgia Bar No. 099625
TEDRA L. CANNELLA
 Georgia Bar No. 881085
RORY A. WEEKS
  Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

# CERTIFICATE OF SERVICE

This is to certify that on March 3, 2017, I electronically filed REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AGAINST JAMIE ANDREWS with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Douglas G. Scribner, Esq.
Jenny A. Mendelsohn, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

This 3rd day of March, 2017.

BY: s/ Tedra L. Cannella
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
TEDRA L. CANNELLA
  Georgia Bar No. 881085
RORY A. WEEKS
  Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax