# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMIE LEE ANDREWS, as surviving spouse of Micah Lee Andrews, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of Micah Lee Andrews, Deceased,

        Plaintiff,

v.

AUTOLIV JAPAN, LTD and JOHN DOES 1-5,

        Defendants.

1:14-cv-3432-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jamie Lee Andrews' ("Plaintiff") Motion to Review Clerk's Taxation of Costs against Jamie Andrews [288] ("Motion to Review Costs").

## I.    BACKGROUND

On January 10, 2017, the Court issued an order [274] granting Defendant Autoliv Japan, Ltd.'s ("Autoliv") Motion for Summary Judgment, and dismissed this action. On January 16, 2017, Autoliv submitted its bill of costs [277]. On

February 3, 2017, the Clerk of Court taxed Plaintiff costs in the amount of $18,196.64.

On February 9, 2017, Plaintiff filed her Motion to Review Costs. In it, Plaintiff moves to disallow $,2743.80 of the costs, arguing they are not authorized under 28 U.S.C. § 1920. Specifically, Plaintiff argues that the following costs are not allowed:

> <u>Invoice date 11/23/2015 ([277.2] at 2)</u>
> Realtime Services          $472.35
> Equipment Rental           $100.00
>
> <u>Invoice date 2/10/2016 ([277.2] at 3)</u>
> Rough Draft                $271.50
>
> <u>Invoice date 12/15/2015 ([277.2] at 4)</u>
> Rough Draft                $426.00
>
> <u>Invoice date 12/31/2015 ([277.2] at 8)</u>
> Certified Transcript – Expedited $533.45
>
> <u>Invoice date 2/29/2016 ([277.2] at 11)</u>
> Rough Draft                $378.00
>
> TOTAL                      $2181.30

Plaintiff also argues that $562.50 in costs for "technical services" provided by Ricoh USA, Inc. are not allowed.

On February 17, 2017, Autoliv filed its response [291] to Plaintiff's motion. Autoliv concedes that the $572.35 costs from the November 23, 2015, invoice are not taxable. Autoliv explains that it needed the rough drafts and expedited copies

2

of certain deposition transcripts to prepare its expert witness, William Van Arsdell, Ph.D. Autoliv also argues that the technical services provided by its e-discovery vendor Ricoh USA, Inc., are taxable, and, in support, provides a letter from Ricoh to an employee of Autoliv's law firm.

In her reply brief [296], Plaintiff concedes that Autoliv demonstrated a need for rush copies of the depositions of Chris Caruso, Steven Meyer, and Joseph Burton, M.d. Plaintiff maintains her objection to the taxation of Dr. Van Arsdell's deposition, arguing that an expedited copy of a deposition taken more than thirty days before a pretrial-motion deadline is not taxable. Plaintiff argues that the letter from Ricoh to Autoliv does not explain the reasons for and purpose of Ricoh's services.

## II. DISCUSSION

### A. Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party . . . .

Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides, in part:

> A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification

3

and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . . A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

"Where a party challenges the costs requested, the burden lies with the challenging party." Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

B.   Analysis

As an initial matter, Defendant concedes that the $572.35 in costs from the November 23, 2015, invoice are not taxable, and Plaintiff's Motion is granted with respect to these costs. Plaintiff concedes that Autoliv demonstrated a need for rush copies of all deposition other than Dr. Van Arsdell's, and Plaintiff's Motion is denied as moot with respect to costs related to these depositions.

Plaintiff next challenges the taxation of costs for the rough draft of Dr. Van Arsdell's deposition. Autoliv argues that the rough draft of Dr. Van Arsdell's deposition was necessary to prepare its motion for summary judgment. "Although costs for deposition transcripts necessarily obtained for use in the case are recoverable under 28 U.S.C. § 1920(2), costs incurred merely for counsel's convenience are not recoverable." Barrera v. Weiss & Woolrich S., 900 F. Supp.

4

2d 1328, 1335 (S.D. Fla. 2012) (internal quotation marks and citations omitted). "In other words, while deposition transcript costs are *generally* recoverable, multiple copies of a deposition transcript, courier fees regarding the acquisition of a deposition transcript and other ancillary costs related to deposition transcripts are generally *not* recoverable." Id. If an expedited or rough transcript is necessary, the cost is recoverable. See id. In Barrera, the Southern District of Florida found that depositions taken within thirty days of a summary judgment deadline justify expedited transcript costs. Id.; see also Alsip v. Wal-Mart Stores E., LP, No. CV 14-476-CG-N, 2016 WL 6471044, at *2 (S.D. Ala. Oct. 31, 2016) (expedited transcript necessary for party to determine whether to retain a rebuttal expert before expert disclosure deadline).

Here, Autoliv claims it needed to expedite the transcript of Dr. Van Arsdell's February 11, 2016, deposition to analyze its potential summary judgment arguments and to prepare its summary judgment motion, which was due on March 30, 2016. ([292] at 4). Autolive had forty-eight (48) days between the deposition and the summary judgment deadline. The Court finds, under these circumstances, that the expedited transcript was not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff's Motion is granted with respect to the $378.00 cost of the expedited rough draft of Dr. Van Arsdell's deposition.

Plaintiff next argues that $562.50 in costs for copying services provided by Ricoh are not taxable, because Autoliv cannot categorize them as costs of making necessary copies. Autoliv, in response, claims Rico's services were for manual processing that was necessary to create optical character recognition ("OCR"), image and text files for Autoliv's productions. ([292] at 6; Mendelsohn Decl. [293] ¶ 7, Ex. A).

The Eleventh Circuit has not analyzed whether Section 1920 authorizes costs for various tasks and expenses in connection with electronic discovery. In CBT Flint Partners, LLC v. Return Path, Inc., the Federal Circuit, applying Eleventh Circuit law, analyzed the question extensively. 737 F.3d 1320 (Fed. Cir. 2013). The Federal Circuit, and several district courts in our Circuit, have concluded that while the costs of creating electronic copies of documents are generally recoverable under Section 1920(4), the costs of creating and managing a dynamic, indexed and searchable database that allows counsel to search for and within the documents are not recoverable under Section 1920(4). Blitz Telecom Consulting, LLC v. Peerless Network, Inc., No. 614-cv-307-ORL-40-GJK, 2016 WL 7325544, at *7 (M.D. Fla. Aug. 31, 2016), report and recommendation adopted, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016) (citing cases); CBT, 737 F.3d at 1328-33 (finding the costs of making electronic copies may be recoverable

under Section 1920(4), but many of the costs associated with creating, maintaining, and utilizing the database where the documents are stored are not recoverable). One court in our Circuit has found that the cost of using optical character recognition to search electronic documents is not recoverable under Section 1920(4). Procaps v. Patheon Inc., No. 12-24356-CIV, 2016 WL 411017, at *13 (S.D. Fla. Feb. 2, 2016). The Court finds Procaps persuasive, particularly in light of the Supreme Court's description of taxable costs as "limited by statute and [] modest in scope." Taniguchi v. Kahn Pacific Saipan, Ltd., 566 U.S. 560 (2012).

Here, Autoliv provides a letter from Ricoh to an employee of Autoliv's law firm, stating that "Ricoh performed technical services to format OCR and manually process problem file types to create images and text files for Autoliv's productions." ([293.1] at 2). These activities included creating an "export template with custom fields in addition to the OCR loading for the first 4 volumes" "OCR loading across 3 volumes," and "OCR overflow loading." (Id.). Because costs for creating OCR are not recoverable, and because these appear to be the large majority of the costs Autoliv seeks, the Court grants Plaintiff's Motion with respect to Ricoh's technical services. The Court also notes that Ricoh's and Autoliv's declaration fail to describe with any specificity why OCR was necessary, the purpose for which OCR was used, and the services Ricoh performed other than

7

the creation of OCR. The Court thus has no basis upon which to determine whether the costs for Ricoh's services are taxable under Section 1920(4), and the Court grants Plaintiff's Motion for this additional reason. See Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp., 2 F. Supp. 3d 1306, 1316 n.12 (N.D. Ga. 2014) ("Even if e-discovery costs were taxable . . .Defendants have not provided enough detail for the Court to determine whether their costs can be taxed."). Costs taxed against Plaintiff are reduced by $562.50.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Jamie Lee Andrews' ("Plaintiff") Motion to Review Clerk's Taxation of Costs against Jamie Andrews [288] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. The following costs, in the aggregate amount of $1,512.85, are disallowed: (1) $572.35 in realtime and equipment rental costs in the November 23, 2015, invoice; (2) $378.00 for the rough draft of Dr. Van Arsdell's deposition; and (3) $562.50 in technical services performed by Ricoh. Plaintiff's Motion is **DENIED AS MOOT** with respect to costs associated with transcripts of deposition other than Dr. Van Arsdell's.

**SO ORDERED** this 29th day of June, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE