IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMIE LEE ANDREWS, as
surviving spouse of Micah Lee
Andrews, Deceased, and JAMIE
LEE ANDREWS, as Administrator
of the Estate of Micah Lee Andrews,
Deceased,

        Plaintiff,

v.

AUTOLIV JAPAN, LTD,

        Defendants.

1:14-cv-3432-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Autoliv Japan, Ltd.'s ("Autoliv") Motion for Attorney's Fees and Expenses of Litigation [276] ("Motion for Attorneys' Fees"). Also before the Court is Plaintiff Jamie Lee Andrews' ("Plaintiff") Motion for Leave to File a Surreply in Opposition to Autoliv's Motion for Attorneys' Fees and Expenses of Litigation [295] ("Motion to File Surreply").

**I.     BACKGROUND**

This product liability action arises from the April 12, 2013, death of Micah Lee Andrews. Mr. Andrews died when his 2005 Mazda3 veered off Interstate 575 and collided with three trees. Plaintiff contends Autoliv's driver's seatbelt

assembly ("Seatbelt Assembly") design should have incorporated one of two alternate designs: (1) a torsion bar with a higher deployment threshold, or (2) a "stop" feature. Plaintiff contends Autoliv's failure to incorporate these designs into the Seatbelt Assembly render the Restraint System defective.

On October 24, 2014, Defendants Mazda Motor Corporation, Mazda Motor of America, Inc. (together, the "Mazda Defendants"), Autoliv, Inc., Autoliv ASP, Inc., Autoliv AB, Autoliv Japan, Ltd., Autoliv Safety Technology, Inc., Autoliv LLC, Autoliv North America, Inc. (collectively, the "Autoliv Defendants"), Robert Bosch LLC, Robert Bosch North America Corporation, Robert Bosch Motor Systems Corporation, and Bosch Corporation (collectively, the "Bosch Defendants") removed the case to this Court [1].

On April 22, 2015, the Court granted Bosch Corporation's Motion to Dismiss [106], and on August 25, 2015, the remaining Bosch Defendants were dismissed from this action pursuant to a consent motion filed by Plaintiff and the Bosch Defendants [130], [131]. On May 5, 2015, Plaintiff and the Autoliv Defendants filed a consent motion to dismiss all Autoliv Defendants except for Autoliv Japan, Ltd. [108]. On August 27, 2015, the Court granted the motion [137].

On March 30, 2016, Autoliv and the Mazda Defendants submitted motions for summary judgment [221], [224].  On April 25, 2016, Plaintiff filed her response to the summary judgment motions [246], [247].  On May 12, 2016, Autoliv and the Mazda Defendants filed reply briefs in support of their motions [259], [262].

On May 25, 2016, Autoliv served Plaintiff an offer of settlement in the amount of $200,000 [276.2].  The offer stated:

> Autoliv is offering $200,000 to settle this litigation in an attempt to avoid further litigation expenses – not because it doubts the viability of its defenses. Autoliv believes that [the Court] will enter summary judgment in its favor because "strict" liability does not apply to design defect cases and because Plaintiff has offered no evidence that Autoliv was "actively involved in the design, specifications, or formulation . . . of a defective component part which failed during use of a product and caused injury." Davenport v. Cummins Alabama, Inc., 284 Ga. App. 666, 671 (2007).

([276.2] at 3-4).  In addition to sending the offer by certified mail, Autoliv emailed a courtesy copy of the offer letter at 9:43 a.m. the same day.  Three minutes later, Plaintiff's counsel sent a response email, stating:  "Be advised there will be no discussion of settlement with Autoliv unless and until said letter is withdrawn." ([276.3] at 2).

On June 8, 2016, Plaintiff filed a Notice of Settlement with the Mazda Defendants [268].  On July 7, 2016, the Court granted Plaintiff and the Mazda

3

Defendants' consent motion to dismiss the Mazda Defendants [271], [272]. Autoliv was then the only remaining defendant in this action.

On January 10, 2017, the Court issued its order granting Autoliv's Motion for Summary Judgment, and dismissed this action. In its order, the Court stated that the Georgia Court of Appeals' decision in Davenport was "instructive," and relied on it in finding that summary judgment was warranted on Plaintiff's design defect claim under O.C.G.A. § 51-1-11. (See [274] at 9-16).

On January 16, 2017, Autoliv filed its Motion for Attorneys' Fees, arguing that, because Plaintiff rejected Autoliv's May 25, 2016, offer of settlement, Autoliv is entitled to attorneys' fees under O.C.G.A. §91-11-68. Autoliv seeks $29,961.23 in attorneys' fees for the period May 25, 2016, through January 10, 2017. ([279] at 5).

Plaintiff contends that Autoliv's offer was not made in good faith, including because (1) Autoliv told Plaintiff it had no risk of losing, but its attorneys were preparing for trial on the merits, and (2) Autoliv's offer was dramatically lower than the damages in this case. Plaintiff also argues that, even if the Court finds Autoliv's offer was made in good faith, Plaintiff's response to Autoliv's email was not a rejection. Plaintiff argues that, under O.C.G.A. § 91-11-68, the offer was deemed rejected thirty (30) days after it was made, and Autoliv cannot recover fees

incurred before June 24, 2016. Plaintiff thus argues that, even if the offer was made in good faith, Autoliv's fees should be reduced by $13,065.35 for fees incurred between May 25, 2016, and June 24, 2016, for a total recovery of $16,895.88.

On March 1, 2017, Plaintiff filed her Motion for Leave to File a Surreply [295]. Plaintiff contends a surreply is needed to respond to several new arguments "and blatant distortions of law in Autoliv's reply brief." ([295] at 1). The Court grants Plaintiff's motion, and considers her surreply.[1]

On July 26, 2017, the Court held a hearing on Autoliv's Motion for Attorneys' Fees.

## II. DISCUSSION

Because this is a diversity action, the Court applies Georgia's offer of settlement statute, O.C.G.A. § 9-11-68, rather than Federal Rule of Civil Procedure 68. See Earthcam, Inc. v. Oxblue Corp., No. 1:11-cv-2278-WSD, 2015

---

[1] In doing so, the Court does not consider Plaintiff's characterization that there were "blatant distortions of law in Autoliv's reply brief." ([295] at 1). The Court finds statements of this kind distracting and counterproductive. The Court considers submissions based on the reasoning, not the rhetoric, in them.

5

WL 9582146, at *3 (N.D. Ga. Dec. 29, 2015), aff'd, 658 F. App'x 526 (11th Cir. 2016).  Section 9-11-68 provides:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

O.C.G.A. § 9-11-68(b)(1).  "[B]ecause any statute that provides for the award of attorney fees is 'in derogation of common law, it must be strictly construed against the award of such damages.'"  Harris v. Mahone, 797 S.E.2d 688, 692 (Ga. Ct. App. 2017) (quoting Horton v. Dennis, 750 S.E.2d 493 (Ga. Ct. App. 2013))

Autoliv argues that it made a good-faith offer to settle Plaintiff's outstanding claims on May 25, 2016, for $200,000, and that Plaintiff's counsel rejected the offer by email three minutes later.  Autoliv contends that, because the Court then entered summary judgment in its favor on January 10, 2017, Autoliv is entitled to reasonable attorneys' fees and expenses of litigation it incurred from May 25, 2016, through January 10, 2017.

Plaintiff contends that Autoliv's offer was not made in good faith, including because (1) Autoliv told Plaintiff it had no risk of losing, but its attorneys were preparing for trial on the merits, and (2) Autoliv's offer was dramatically lower

6

than the damages in this case.  Plaintiff also argues that, even if the Court finds Autoliv's offer was made in good faith, Plaintiff's response to Autoliv's email was not a rejection.  Plaintiff argues that, under O.C.G.A. § 91-11-68, the offer was deemed rejected thirty (30) days after it was made, and thus Autoliv cannot recover fees incurred before June 24, 2016.

> 1. Whether Autoliv's Offer was Made in Good Faith

Plaintiff argues that Autoliv's offer was not made in good faith.  In Richardson v. Locklyn, 793 S.E.2d 640, 643 (Ga. Ct. App. 2016) the Georgia Court of Appeals set forth a number of factors to consider in determining whether an offer was made in good faith, including whether (1) the offer did not bear a reasonable relationship to the amount of damages, (2) the offer represented a realistic assessment of liability, or (3) the offeror lacked intent to settle the claim. The court cannot base its determination on objective factors alone, but must also "consider the offeror's explanation and then determine whether, despite consideration of the objective factors, the offeror had a subjective reasonable belief on which to base the offer."  Id. at 644 n.7.  The party challenging the validity of the offer has the burden to show the offer was not made in good faith.  See id. at 644.

Plaintiff argues that the factors set forth in Richardson weigh in favor of finding that Autoliv's offer was not made in good faith. Plaintiff first argues that "Autoliv told [Plaintiff] that its offer was based on the assumption it confronted zero risk[,]" but that Autoliv in fact anticipated a trial on the merits and knew it could be held liable by a jury. Plaintiff points to Autoliv's counsel's billing records, which are "replete with trial-related references." ([282] at 6-7). Plaintiff also points to a newspaper article in which Autoliv's attorney stated that he "th[ought] a lot of people are confused about this area of product liability" and that "the defense had been preparing to take the case to trial." (Id. at 7).

Plaintiff's arguments fail to take into account the realities of litigation. It is unsurprising—and not indicative of a lack of good faith—that Autoliv was preparing for trial at the same time it anticipated the Court would grant its motion for summary judgment. Plaintiff, in effect, argues for a bright-line rule that a settlement offer cannot be made in good faith if the offeror plans for the contingency that the claims may be tried. The Court rejects Plaintiff's argument.

Plaintiff next argues that Autoliv's offer of $200,000 did not bear a reasonable relationship to the damages alleged. Plaintiff claimed approximately $2,000,000 in damages, plus pain and suffering. Plaintiff argues that pain and suffering damages would have been significant, considering that two witnesses

testified to Mr. Andrews' pain and suffering on the scene.  Autoliv notes that Plaintiff's claim for damages was asserted against several defendants.  Autoliv states that, in reaching its offer amount, it considered, among other factors, (1) the likelihood of success as a matter of law both in this Court and in the United States Court of Appeals for the Eleventh Circuit; (2) the likelihood of success at trial; (3) the amount of damages that would be apportioned to Autoliv at trial as compared to the two settling defendants, Mazda and Bosch, who would be placed on the verdict form pursuant to O.C.G.A. § 51-12-33; and (4) Plaintiff's comparative negligence.

Plaintiff argues that "a jury verdict could easily be far more than what Autoliv offered." ([282] at 10).  That is not the standard.  That a jury *could* have awarded more than what Autoliv offered, besides being speculative, does not establish that Autoliv's offer did not bear a "reasonable relationship" to the damages.  The Court finds that Autoliv's offer was not unreasonable under the circumstances, particularly in light of the fact that both Mazda—which was the main party responsible for the design of the seatbelt assembly at issue in this litigation—and Bosch would be on the verdict form, coupled with the weak evidence of Autoliv's involvement in the design of the seatbelt assembly.

The Court, having considered the objective factors and Autoliv's explanation of the considerations it took into account in making its offer, concludes that Autoliv "had a subjective reasonable belief on which to base the offer." Richardson, 793 S.E.2d at 644 n.7.  Plaintiff fails to meet her burden to show Autoliv's offer was not made in good faith.

### 2. When Plaintiff Rejected the Offer of Settlement

Plaintiff next argues that, even if the offer was made in good faith, Plaintiff's counsel's response to Autoliv's May 25, 2016, email of a courtesy copy of the offer did not constitute a "rejection" of the offer.  Plaintiff argues that it never rejected the offer, and thus, under Section 9-11-68(c), Plaintiff is deemed to have rejected the offer thirty days after it was made.

Section 9-11-68 provides that, when a defendant's offer of settlement "is rejected by the plaintiff," the defendant can recover "reasonable attorney's fees and expenses incurred . . . from the date of the rejection of the offer of settlement through the entry of judgment."  O.C.G.A. § 9-11-68(b)(1).  Section 9-11-68(c) provides that "[a]n offer that is neither withdrawn nor accepted within 30 days shall be deemed rejected."  O.C.G.A. § 9-11-68(c).  Autoliv claims that Plaintiff's counsel's email constituted a rejection of its offer.  Plaintiff argues it did not.

Subsection (c) of the offer of settlement statute provides, in relevant part: "[a]cceptance or rejection of the offer by the offeree must be in writing and served upon the offeror." O.C.G.A. § 9-11-68(c).  Plaintiff argues that the email was not "served" upon Autoliv.  The question is what "served" means in the statute.  Where a term in a statute is not defined, Georgia courts look to its plain and ordinary meaning as defined by dictionaries.  Mornay v. Nat'l Union Fire Ins. Co. of Pittsburgh, 769 S.E.2d 807, 115 (Ga. Ct. App. 2015) (citing Archer W. Contractors, Ltd. v. Estate of Pitts, 735 S.E.2d 772 (Ga. 2012)).  Merriam-Webster defines the verb "serve" as "to deliver, publish, or execute (notice or process) as required by law" or "to make legal service upon (the person named in a process)."  Served, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/.  Black's Law Dictionary defines "serve" as "[t]o make legal delivery of (a notice of process" and "[t]o present (a person) with a notice of process required by law."

Because the plain and ordinary meaning of "serve" refers to "legal delivery" or delivery "as required by law," the Court considers the requirements of service found in Georgia's rules and in the Federal Rules of Civil Procedure.  Georgia's rules require that service can be made electronically by "transmitting a copy via e-mail in portable document format (PDF) to the person to be served . . ." and

"showing in the subject line of the e-mail message the words 'STATUTORY ELECTRONIC SERVICE' in capital letters." O.C.G.A. 9-11-5(b). The Federal Rules of Civil Procedure provide that service may be made "by electronic means" only "if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E).

Here, Plaintiff's response email was not "served upon" Autoliv either under Georgia's rules or under the Federal Rules of Civil Procedure. The email did not contain a PDF and did not contain the required subject line under Georgia's rules, and there is no evidence to show that Autoliv consented in writing to electronic service. Because the response email was not "served upon" Autoliv, the email was not a proper rejection of the offer, even if, as the email indicates, counsel for Plaintiff sought to condition consideration of the offer of settlement upon withdrawal of the letter. Even though the Court considers the email a rejection, Plaintiff is entitled to argue that it may avoid a portion of Autoliv's attorneys' fees based on its technical procedural argument.[2] Under Section 9-11-68(c), the offer is

---

[2] Autoliv notes that the offer of settlement statute requires that an offer must "include a certificate of service and be served by certified mail or statutory overnight delivery in the form required by Code Section 9-11-5," O.C.G.A. § 9-11-68(a)(8), whereas a response must only be "in writing and served upon the offeror," id. § 9-11-68(c). (See Transcript of July 26, 2017, hearing [305] ("Tr.") 36-37). Autoliv argues that this contrast supports its position that Plaintiff's email response was a rejection "served upon" Autoliv. The Court disagrees. Autoliv

thus deemed rejected 30 days after it was made—June 24, 2016. Accordingly, Autoliv is entitled to reasonable attorneys fees it incurred from June 24, 2016, through the entry of judgment on January 10, 2017.

### 3. Reasonableness of Fees Claimed

Finally, Plaintiff argues that Autoliv's claimed fees are unreasonable. Plaintiff argues: "[a]fter June 2[4], most of Autoliv's counsel's billing entries are trial related. This makes no sense . . . . If Autoliv believed that it had no legal liability under Georgia law, then this work was completely unnecessary and valueless to Autoliv." ([282] at 14). For the reasons explained above, Plaintiff's argument is not persuasive. Autoliv's preparation for trial in the event the Court denied its summary judgment motion—despite Autoliv's confidence in the soundness of its legal position—was prudent.

The Court next turns to assessing the reasonableness of the specific attorneys' fees claimed. As a general rule, the starting point for calculating reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys' services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1984); Blum v. Stenson, 465 U.S. 886,

---

fails to show that Plaintiff "served upon" it a rejection by any method allowed under Georgia's rules or the Federal Rules.

897 (1984); accord ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The product of these two numbers is commonly termed the base figure, or "lodestar." Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 563 (1986). After calculating the lodestar, the court may, within its discretion, adjust the amount upwards or downwards based on a number of factors, such as the quality of the results obtained and the legal representation provided. Blum, 465 U.S. at 897; Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).

The fee applicant is the party that "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Barnes, 168 F.3d at 427 (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)); accord Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000). That burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Barnes, 168 F.3d at 427 (citations omitted).

Two attorneys, Douglas Scribner and Jenny Mendelsohn, provided services for which Autoliv seeks fees. Plaintiff does not challenge the reasonableness of

14

Scribner's and Mendelsohn's rates or provide any specific objections, other than those addressed above, to the hours they billed after June 24, 2016. Scribner has an usual hourly rate of $715, and Mendelsohn has a usual hourly rate of $575. These rates were discounted by 15% for the billing in this case. The Court finds that, given the nature and complexity of this case, and the fact that the case was "staffed . . . very leanly," (Tr. 15), these rates are reasonable in the Atlanta market for legal services. The Court also finds the hours billed are reasonable. Autoliv's Motion for Attorneys' fees is granted with respect to the fees it seeks for legal services provided from June 24, 2016 through January 10, 2017. Autoliv is thus awarded attorneys' fees in the amount of $16,895.88.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Autoliv Japan, Ltd.'s Motion for Attorney's Fees and Expenses of Litigation [276] is **GRANTED IN PART** and **DENIED IN PART**. Autoliv's Motion is **GRANTED** with respect to the fees it seeks for legal services provided from June 24, 2016 through January 10, 2017. Autoliv's Motion is **DENIED** with respect to the fees it seeks for legal services provided from May 25, 2016 through June 24, 2016. Autoliv is thus awarded attorneys' fees in the amount of $16,895.88.

**IT IS FURTHER ORDERED** that Plaintiff Jamie Lee Andrews' Motion for Leave to File a Surreply in Opposition to Autoliv's Motion for Attorneys' Fees and Expenses of Litigation [295] is **GRANTED**.

**SO ORDERED** this 28th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE