# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as  *<br>Surviving Spouse of  *<br>MICAH LEE ANDREWS, Deceased,  *<br>and JAMIE LEE ANDREWS, as  *<br>Administrator of the Estate of  *<br>MICAH LEE ANDREWS, Deceased,  *<br>    Plaintiff,  *<br>  *<br>v.  *<br>  *<br>AUTOLIV JAPAN, LTD.,  *<br>  *<br>    Defendant.  * | CIVIL ACTION FILE<br><br>NO.1:14-CV-3432-SCJ |

**PLAINTIFF'S OBJECTIONS TO DOCUMENTS LISTED IN EXHIBIT A TO AUTOLIV JAPAN, LTD.'S SUBPOENA THAT ARE TO BE PRODUCED AT THE DEPOSITION OF DR. MARIUSZ ZIEJEWSKI**

Plaintiff hereby files the following objections to the documents requested to be produced at the deposition of Dr. Mariusz Ziejewski.

**1.    A copy of the witness's entire file regarding this lawsuit and the witness's work on behalf of Plaintiff, including, but not limited to, all documents supporting his opinions in this lawsuit and any notes made concerning this lawsuit;**

**RESPONSE:**

Dr. Ziejewski objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure. Specifically, Fed. R. Civ. P.

26(b)(4)(B) and (C) protect disclosure of draft reports and expert disclosures regardless of the form in which the draft is recorded and disclosure of communications between Dr. Ziejewski and Plaintiff's counsel except to the extent that such communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**2.     All correspondence, including, but not limited to, physical documents and electronic correspondence, as well as any documentation of telephonic communications, between the witness and/or the witness's office and Plaintiff's counsel that relate to (i) compensation for the witness's study or testimony; (ii) facts or data that Plaintiff's counsel provided and that the witness considered in forming his opinions; and/or (iii) assumptions that Plaintiff's counsel provided and that the witness relied on in forming his opinions in this lawsuit;**

**RESPONSE:**

Dr. Ziejewski objects to this request as written, because it is unclear and may be beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure.  Specifically, Fed. R. Civ. P.  26(b)(4)(B) and (C) protect disclosure of draft reports and expert disclosures regardless of the form in which the draft is recorded and disclosure of communications between Dr. Ziejewski and Plaintiff's counsel except to the extent that such communications (i) relate to compensation

for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Pursuant to the Rules, Dr. Ziejewski will produce communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**3.     Any and all photographs, videos, and documents, including, but not limited to, all reports, physical models, data, compilations of data, charts, graphs, and programs, that the witness prepared, studied, reviewed, or relied upon in forming any of his opinions in connection with this lawsuit;**

**RESPONSE:**

Dr. Ziejewski objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure.  Specifically, Fed. R. Civ. P. 26(b)(4)(B) and (C) protect disclosure of draft reports and expert disclosures regardless of the form in which the draft is recorded and disclosure of communications between Dr. Ziejewski and Plaintiff's counsel except to the extent that such communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the

expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.   Dr. Ziejewski will provide all other responsive documents in his file.

**4.     A copy of every article, publication, or textbook to which the witness has referred in forming any of the opinions expressed or to be expressed by said witness;**

**RESPONSE:**

Dr. Ziejewski will provide documents contained within his file that are responsive to this request.

**5.     Copies of all records, data compilations, notes, analyses, consultation reports, and other work products of the witness relating to Plaintiff, or to any issue in this lawsuit; and**

**RESPONSE:**

Dr. Ziejewski objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure.  Specifically, Fed. R. Civ. P. 26(b)(4)(B) and (C) protect disclosure of draft reports and expert disclosures regardless of the form in which the draft is recorded and disclosure of communications between Dr. Ziejewski and Plaintiff's counsel except to the extent that such communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the

expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**6.     Copies of all invoices for services rendered to Plaintiff's counsel in this lawsuit.**

**RESPONSE:**

Dr. Ziejewski will provide documents responsive to this request.

Respectfully submitted this 5th day of October, 2018.

                     BUTLER WOOTEN & PEAK LLP

                     BY: s/ Tedra L. Cannella
                     JAMES E. BUTLER, JR.
                       jim@butlerwooten.com
                       Georgia Bar No. 099625
                     TEDRA L. CANNELLA
                       tedra@butlerwooten.com
                       Georgia Bar No. 881085
                     RORY A. WEEKS
                       rory@butlerwooten.com
                       Georgia Bar No. 113491
                     2719 Buford Highway
                     Atlanta, Georgia  30324
                     (404) 321-1700
                     (404) 32101713 Fax

BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  bill@ballardandfeagle.com
  Georgia Bar No. 035625
GREGORY R. FEAGLE
  greg@ballardandfeagle.com
  Georgia Bar No. 256913
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

s/ Tedra L. Cannella
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
TEDRA L. CANNELLA
  tedra@butlerwooten.com
  Georgia Bar No. 881085
RORY A. WEEKS
  rory@butlerwooten.com
  Georgia Bar No. 113491
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax

## CERTIFICATE OF SERVICE

    This is to certify that on October 5, 2018, I electronically filed PLAINTIFF'S OBJECTIONS TO DOCUMENTS LISTED IN EXHIBIT A TO AUTOLIV JAPAN, LTD.'S SUBPOENA THAT ARE TO BE PRODUCED AT THE DEPOSITION OF DR. MARIUSZ ZIEJEWSKI with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

                                Douglas G. Scribner, Esq.
                                Jenny A. Mendelsohn, Esq.
                                William J. Repko III, Esq.
                                    Alston & Bird LLP
                                   One Atlantic Center
                            1201 West Peachtree Street
                                 Atlanta, GA 30309-3424

    This 5th day of October, 2018.

                                      BY: s/ Tedra L. Cannella
                                      JAMES E. BUTLER, JR.
                                         jim@butlerwooten.com
                                        Georgia Bar No. 099625
                                    TEDRA L. CANNELLA
                                        tedra@butlerwooten.com
                                        Georgia Bar No. 881085
                                    RORY A. WEEKS
                                        rory@butlerwooten.com
                                        Georgia Bar No. 113491
                                   2719 Buford Highway
                                   Atlanta, Georgia 30324
                                   (404) 321-1700
                                   (404) 32101713 Fax