# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as surviving spouse of Micah Lee Andrews, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of Micah Lee Andrews, Deceased,<br><br>    Plaintiffs,<br>v.<br><br>AUTOLIV JAPAN, LTD,<br><br>    Defendant. | Case No. 1:14-cv-3432-SCJ |

## AUTOLIV JAPAN, LTD.'S OBJECTIONS TO DOCUMENTS REQUESTED IN PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF ELIZABETH RAPHAEL

Defendant Autoliv Japan, Ltd. ("Autoliv") objects to the document requests within Plaintiff's Amended Notice of Deposition of Elizabeth Raphael (Doc. No. 331) as follows.

**Request No. 1:**

All correspondence generated or received in connection with this case.

**Response:**

Autoliv objects to Request No. 1 on the grounds that it is overly broad and seeks information protected from disclosure by Federal Rule of Civil Procedure 26.

Under Rule 26(b)(4)(C), communications between a party's attorneys and its expert witnesses are protected from disclosure, except to the extent the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Similarly, under Rule 26(b)(4)(B), all drafts of expert disclosures and expert reports are protected from disclosure.

Subject to and without waiving the foregoing objections, Dr. Raphael will produce communications between Autoliv's counsel and her to the extent those communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**Request No. 2:**

Copies of all résumés used by you in connection with your consulting, academic or other professional endeavors.

**Response:**

Autoliv objects to Request No. 2 on the grounds that Dr. Raphael has already produced a copy of her curriculum vitae, which contains the information required by Rule 26(a)(2)(B)(iv).  *See* AUTOLIV03533.  Subject to and without waiving the foregoing objections, to the extent Dr. Raphael currently uses other résumés or curricula vitae in connection with her professional endeavors, she will produce them.

**Request No. 3:**

Any and all contracts, budgets, memorandums of understanding, or any other document that outlines the scope of your work in this case, between you or your employer and any Defendant in this case (including its subsidiaries, parent, or related companies) or its attorneys or representatives.

**Response:**

Autoliv objects to Request No. 3 on the grounds that it is overly broad and seeks information protected from disclosure by Federal Rule of Civil Procedure 26. Under Rule 26(b)(4)(C), communications between a party's attorneys and its expert witnesses are protected from disclosure, except to the extent the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney

provided and that the expert relied on in forming the opinions to be expressed. Similarly, under Rule 26(b)(4)(B), all drafts of expert disclosures and expert reports are protected from disclosure.

Subject to and without waiving the foregoing objections, Dr. Raphael will produce all responsive documents within her file to the extent they are not protected from disclosure by Rule 26.

**Request No. 4:**

The entire file generated in this case. This includes all documents you have generated, reviewed, **OR** received in connection with this case, and any transmittal letters or emails accompanying them. It also includes copies of documents that contain any handwritten or typed notations or highlights on them.

**Response:**

Autoliv objects to Request No. 4 on the grounds that it is overly broad and seeks information protected from disclosure by Federal Rule of Civil Procedure 26. Under Rule 26(b)(4)(C), communications between a party's attorneys and its expert witnesses are protected from disclosure, except to the extent the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney

provided and that the expert relied on in forming the opinions to be expressed. Similarly, under Rule 26(b)(4)(B), all drafts of expert disclosures and expert reports are protected from disclosure.

Subject to and without waiving the foregoing objections, Dr. Raphael will produce all responsive documents within her file to the extent they are not protected from disclosure by Rule 26.

**Request No. 5:**

All files and documents generated, received, **OR** relied on in connection with this case, but not contained in this case file.

**Response:**

Autoliv objects to Request No. 5 on the grounds that the phrase "not contained in this case file" is vague, ambiguous, and subject to multiple interpretations. Autoliv also objects to Request No. 5 on the grounds that it is overly broad and seeks information protected from disclosure by Federal Rule of Civil Procedure 26. Under Rule 26(b)(4)(C), communications between a party's attorneys and its expert witnesses are protected from disclosure, except to the extent the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney

provided and that the expert relied on in forming the opinions to be expressed. Similarly, under Rule 26(b)(4)(B), all drafts of expert disclosures and expert reports are protected from disclosure.

Subject to and without waiving the foregoing objections, Dr. Raphael will produce responsive documents to the extent they are not protected from disclosure by Rule 26.

**Request No. 6:**

All documents you have generated, reviewed, received, **OR** relied on in connection with this case.

**Response:**

Autoliv objects to Request No. 6 on the grounds that it is overly broad and seeks information protected from disclosure by Federal Rule of Civil Procedure 26. Under Rule 26(b)(4)(C), communications between a party's attorneys and its expert witnesses are protected from disclosure, except to the extent the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Similarly, under Rule 26(b)(4)(B), all drafts of expert disclosures and expert reports are protected from disclosure.

Subject to and without waiving the foregoing objections, Dr. Raphael will produce responsive documents to the extent they are not protected from disclosure by Rule 26.

**Request No. 7:**

Your billing records for this case.

**Response:**

Dr. Raphael will produce documents responsive to this request.

**Request No. 8:**

Any demonstrative exhibits you will use at the trial of this case.

**Response:**

Autoliv objects to Request No. 8 on the grounds that it is premature. Autoliv will disclose documents and exhibits it intends to offer at trial, including demonstrative exhibits Dr. Raphael may use at trial, in accordance with the Court's pretrial order. Subject to and without waiving the foregoing objection, Dr. Raphael will produce her file materials to the extent they are protected from disclosure by Federal Rule of Civil Procedure 26.

Respectfully submitted this 13th day of November, 2018.

/s/ William J. Repko III, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183
jenny.mendelsohn@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ William J. Repko III, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Mendelsohn, Esq.
Georgia Bar No. 447183
jenny.mendelsohn@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that on November 13, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>James E. Butler, Jr
>Tedra L. Cannella
>Rory A. Weeks
>BUTLER WOOTEN & PEAK LLP
>2719 Buford Highway
>Atlanta, Georgia 30324
>
>William L. Ballard
>Gregory R. Feagle
>BALLARD & FEAGLE, LLP
>4200 Northside Parkway NW
>Atlanta, Georgia 30327
>
>*Attorneys for Plaintiff*

>/s/ William J. Repko III
>William J. Repko III
>Georgia Bar No. 301797