**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMIE LEE ANDREWS, as          *
Surviving Spouse of            *
MICAH LEE ANDREWS, Deceased,   *      CIVIL ACTION FILE
and JAMIE LEE ANDREWS, as      *
Administrator of the Estate of *      NO. 1:14-CV-03432-SCJ
MICAH LEE ANDREWS, Deceased,   *
    Plaintiff,                 *
                               *
v.                             *
                               *
AUTOLIV JAPAN, LTD.,           *
    Defendant.                 *

**PLAINTIFF'S EMERGENCY MOTION
TO STAY PRETRIAL ORDER DEADLINES**

## I.    INTRODUCTION

The Consolidated Pretrial Order is currently due January 7, 2019, according to the Revised Scheduling Order.  Doc. 322 at 2.  Plaintiff requests that the deadline be extended.  Autoliv has stated to Plaintiff that it has no objection to that request.  This pleading explains why Plaintiff makes that request.

This case was filed on September 18, 2014.[1]  Plaintiff's written discovery was served on Autoliv almost four years ago—on January 2, 2015.  That discovery

---

[1] Plaintiff filed her case in the State Court of Fulton County.  It was removed to this Court.  Autoliv joined in the notice of removal.  Doc. 1 at 8-9; Doc. 2.

included requests for the production of documents.  Autoliv served six "supplemental" responses to Plaintiff's First RPDs, the last in February 2016.

Yet on Friday, November 2, 2018—over two years and half years later—Plaintiff learned for the first time that Autoliv had been withholding crucial evidence in this case.  On November 2, 2018, at 4:38 p.m., and Tuesday, November 6, 2018, at 5:39 p.m., Autoliv produced over two hundred pages of new documentary evidence responsive to discovery requests Plaintiff sent Autoliv nearly four years ago.  Most of this new evidence was in *Japanese,* a language that neither Plaintiff, nor her counsel, nor her experts, speak.

Then, on November 21, 2018, Autoliv produced what it claimed were translations of the Japanese language documents it had produced on November 6. That was 13 days ago, which includes the Thanksgiving holiday.  Plaintiff's counsel have acted promptly to get check translations of the newly produced documents, but that process is not yet complete.

Plaintiff had never before seen any of this evidence.  Some of this newly produced evidence is devastating to the 'defense' Autoliv has claimed for years.  It is clear this new evidence will fundamentally change the case the jury hears at trial. Plaintiff's counsel and experts are in the midst of absorbing the significance of this new evidence.

Autoliv's concealment of this evidence for years poses three separate problems:  (1) Plaintiff's counsel and experts are still analyzing the belatedly produced documents.  (2) The belatedly produced evidence will require that additional depositions of Autoliv employees or a 30b6 witness (or both) be taken by videotape for use at trial.  (The trial deposition of Yuji Kamei, an Autoliv engineer, is currently set to be taken December 20 in California.)  (3) Plaintiff's counsel believe this belated production necessitates a motion for sanctions, which is being prepared and will be filed as expeditiously as possible.[2]  We respectfully submit, that the motion for sanctions should obviously be heard before any PTO is entered.

For the foregoing reasons, Plaintiff requests a stay of the pretrial order deadline in this case.  Frankly, because Autoliv did not provide the most recently received translations of the new evidence until 13 days ago and the check translation process is not even complete, Plaintiff's counsel cannot now propose a new deadline.  At a minimum, Plaintiff suggests the deadline should be extended

---

[2] Plaintiff has endeavored to resolve the issues created by Autoliv's concealment of evidence without the necessity for Court intervention.  To that end, after learning of this new evidence, Plaintiff promptly conducted "meet and confer" efforts on November 8, 12, 15, and 20.  However, Autoliv's most recent response on November 28 made it obvious that Court intervention is required.

until some time after Plaintiff's counsel and experts have had the opportunity to review and analyze the documents and their impact on the case and Plaintiff's counsel have had time to identify witnesses from the new evidence and decide whether additional trial depositions should be taken of such witnesses. Plaintiff also believes the deadline should be extended to a date after this Court has had an opportunity to rule upon Plaintiff's motion for sanctions. A status conference with the Court about a new deadline is welcomed.

Given that Autoliv does not object to the requested extension, Plaintiff asks that the Court grant this motion as soon as possible, so the parties and their counsel will know how to spend that part of the upcoming Holiday season that is not consumed by preparation and travel for and the taking of the Kamei trial deposition.

Rest assured this Plaintiff and her counsel want a trial date and want this case concluded. It has been pending for almost four years now. No delay has been caused by Plaintiff.

## II.   FACTS

On November 2, 2018—four years after this case was filed, two and half years after discovery was closed, almost two years after summary judgment was granted against Ms. Andrews, and long after the Eleventh Circuit heard the appeal

of that judgment, Autoliv disclosed for the first time that it possessed evidence never produced to Plaintiff.  Autoliv produced seven documents on that Friday moments before the close of business.  Several days later, on November 6, Autoliv produced 177 additional pages of documentary evidence.  Roughly two-thirds of the pages Autoliv produced were in Japanese.

One document produced on November 2 was a "statement of work," which provided a detailed description of the responsibilities that Autoliv had as Mazda's seatbelt supplier.  Although that document is a single Bates number, it is a spreadsheet with *thousands of cells* of information.  It is in Japanese.  Autoliv provided a non-certified translation of the document, and simply having that translation of that *single document* checked has taken weeks and cost Plaintiff some $2,000.  There are many errors in the "translation" of the "statement of work" that Autoliv provided.

To understand the importance of just this one single previously concealed document, one must understand Autoliv's defense in the case.  Autoliv manufactured the defective seatbelt, which spooled out 20 inches, *nearly two feet*, in a 35 mph wreck, and caused Micah Andrews' death.  Unable to defend a seatbelt that was intentionally designed to spool out this way, Autoliv's sole defense has

been *that it was not involved in the design of the seatbelt*—it simply filled the order that Mazda placed with it.[3]

The withheld "statement of work" details the roles and responsibilities of Autoliv as Mazda's supplier.  That document contradicts Autoliv's defense that it was not involved in the design of the seatbelt.  It has been wrongfully withheld since Autoliv first responded to Plaintiff's discovery in March 2015—over 3½ years ago.

That is simply one example to illustrate the problems that Autoliv's concealment of evidence has created.  There are many others:

- The other "translations" Autoliv provided must also be checked for accuracy.

- Many of the documents are complicated and detailed engineering documents, and translation is laborious.  Review by Plaintiff's experts will likewise be laborious.

---

[3] *See, e.g.,* Doc. 224-1 at 3 (Autoliv MSJ: "Autoliv neither designed the Restraint System nor the Seatbelt Assembly – Mazda did.  Autoliv is therefore entitled to summary judgment on Plaintiff's product liability claims."); *see also* Doc. 274 at 5 (1/10/17 Order granting Autoliv's MSJ: "Autoliv argues that, because it was not actively involved in designing the Seatbelt Assembly, it cannot be held liable for the allegedly defective design of the Seatbelt Assembly.").  Autoliv argued to the Eleventh Circuit that "Mazda [not Autoliv] designed the restraint system."  Autoliv Appellee Br. at 6, *Andrews v. Autoliv Japan, Ltd.*, No. 17-10622 (11th Cir. July 10, 2017); *see also id.* at 8 ("[D]ecisions regarding the design of the Seatbelt Assembly were made **solely** by Mazda.").

6

- Accurate translations must be provided to the experts in the case for their analysis.

- Plaintiff cannot yet know whether the new evidence will affect the opinions of the experts or require additional work.

- The newly disclosed evidence has revealed the identity of potential witnesses whose identities were previously unknown to Plaintiff. Plaintiff has been deprived of the opportunity to evaluate this new evidence and decide whether to take trial depositions of those witnesses.

- The newly disclosed evidence has revealed the existence of other documents that are apparently still being withheld. Simply chasing that down—by 'connecting the dots'—is an arduous, time-consuming process for Plaintiff's counsel and experts.

- Based solely on the contents of the evidence that Autoliv revealed this month, it is plain that much of what Autoliv has said under oath and in Court has been false. The new evidence will necessarily change the way the case is tried, because it contains new facts that conflict with the story Autoliv has been telling in this case since it was filed **in 2014**.

- Although Autoliv agreed to provide supplemental discovery responses, it has not yet done so, even though it first informed Plaintiff of this problem nearly a month ago. Plaintiff therefore cannot know to which requests the documents are responsive.

- Autoliv has not supplemented its answers to interrogatories with the information from these previously withheld documents.

- It has become clear in exchanges with Autoliv's counsel that Autoliv has not been forthcoming in its answers to discovery. For example, even though Autoliv *concedes* that the previously withheld "statement of work" "identifies the roles and responsibilities of Mazda and its suppliers [including Autoliv]," Autoliv nonetheless maintains it was not responsive to Plaintiff's discovery request. 11/2/18 Scribner Ltr. to Butler at 1-2. That is plainly untrue. The suggestion proves that Autoliv has not provided

complete responses to discovery.  What to do about that issue is a subject for Plaintiff's motion for sanctions.

Autoliv's years-long concealment of this evidence has, in short, created an enormous mess that cannot be cured before the current deadline for the pretrial order of January 7, 2019.  Plaintiff respectfully requests the Court stay the deadline for entry of the pretrial order.  Plaintiff further prays that, when the parties and the Court, or the Court, deem it propitious, there be a status conference to address a new schedule for the filing of a Consolidated Pretrial Order.

A proposed Order is attached as Exhibit A for the Court's review.

*—signatures appear on the next page—*

Respectfully submitted, this 4th day of December, 2018.

BUTLER WOOTEN & PEAK LLP

BY:    /s/  Tedra L. Cannella
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
  jim@butlerwooten.com
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@butlerwooten.com
RORY A. WEEKS
  Georgia Bar No. 113491
  rory@butlerwooten.com
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax


BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  Georgia Bar No. 035625
  bill@ballardandfeagle.com
GREGORY R. FEAGLE
  Georgia Bar No. 256913
  greg@ballardandfeagle.com
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

s/  Tedra L. Cannella
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
TEDRA L. CANNELLA
  Georgia Bar No. 881085
RORY A. WEEKS
  Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

**CERTIFICATE OF SERVICE**

This is to certify that on December 4, 2018, I electronically filed

PLAINTIFF'S EMERGENCY MOTION TO STAY PRETRIAL DEADLINES

with the Clerk of the Court using the CM/ECF system which will automatically

send email notification of such filing to the following attorneys of record:

     Douglas G. Scribner, Esq.
     Jenny A. Hergenrother, Esq.
     William J. Repko III, Esq.
     Alston & Bird LLP
     One Atlantic Center
     1201 West Peachtree Street
     Atlanta, GA 30309-3424

     This 4th day of December, 2018.

                     BY: s/ Tedra L. Cannella
                     JAMES E. BUTLER, JR.
                      Georgia Bar No. 099625
                     TEDRA L. CANNELLA
                      Georgia Bar No. 881085
                     RORY A. WEEKS
                      Georgia Bar No. 113491
                     Butler Wooten & Peak LLP
                     2719 Buford Highway
                     Atlanta, Georgia 30324
                     (404) 321-1700
                     (404) 321-1713 Fax