**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as | * | |
| Surviving Spouse of | * | |
| MICAH LEE ANDREWS, Deceased, | * | CIVIL ACTION FILE |
| and JAMIE LEE ANDREWS, as | * | |
| Administrator of the Estate of | * | NO. 1:14-CV-03432-SCJ |
| MICAH LEE ANDREWS, Deceased, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AUTOLIV JAPAN, LTD., | * | |
| | * | |
| Defendant. | * | Conference is requested |

## PRETRIAL ORDER

### 1.

**There are no motions or other matters pending for consideration by the court except as noted:**

1. Plaintiff's Motion for Sanctions

2. Plaintiff's Motion to Exclude Certain Opinions of Elizabeth Raphael Under Federal Rule of Evidence 702 and *Daubert*

3. Plaintiff's Motion to Exclude Certain Opinions of William Van Arsdell Under Federal Rule of Evidence 702 and *Daubert*

Plaintiff's response: Because of difficulties in obtaining agreement to stipulations of fact, Plaintiff intends to file a motion for leave to file a motion for summary judgment, which will be very targeted and succinct, asking that the Court decide specific discrete matters based upon the undisputed evidence, admissions of the parties, and admissions of experts which are not contradicted. Plaintiff's counsel fear that otherwise the trial will be prolonged, confusing, and may become the same sort of circus the *Hill v. Ford* trial became.

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Plaintiff's response:  Autoliv has noticed the trial deposition of Chris Caruso.

Defendant's Response: Defendant will proceed to take the trial deposition of Expert Chris Caruso on April 24, 2019.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

Plaintiff's response:  Correct.  Autoliv represented early in the case that the only proper party was Autoliv Japan.  In reliance on that statement and on Autoliv's agreement not to withhold discovery in the hands of other Autoliv entities, Plaintiff consented to dismissal of the other Autoliv entities.  *See* Doc. 108.

Defendant's response: [no response]

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

Plaintiff's response:[1]

1.  Strict liability. 28 U.S.C. § 1332(a)(2).

2.  Punitive damages.  28 U.S.C. § 1332(a)(2).

---

[1] Plaintiff withdraws her negligence claim.

Defendant's response:

1.      Strict Liability – 28 U.S.C. § 1332(a)(2).

2.      Negligence – 28 U.S.C. § 1332(a)(2).

3.      Punitive Damages – 28 U.S.C. § 1332(a)(2).

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:      James E. Butler, Jr.
                Butler, Wooten & Peak LLP
                2719 Buford Highway
                Atlanta, Georgia 30324
                (404) 321-1700
                FAX: (404) 321-1713


Defendant:      Douglas G. Scribner, Esq.
                Alston & Bird LLP
                One Atlantic Center
                1201 West Peachtree Street
                Atlanta, GA 30309-3424
                (404) 881-7000
                FAX:  (404) 881-7777


Other Parties: (specify)

                None.

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

**7.**

**The captioned case shall be tried (＿＿) to a jury or (＿＿＿＿＿) to the court without a jury, or (＿＿＿＿＿) the right to trial by jury is disputed.**

**Plaintiff's Response:** Plaintiff requests a bench trial.

**Defendant's Response:** The parties are still conferring on this issue.

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

<u>Plaintiff's response</u>: This case includes a claim for punitive damages. O.C.G.A. § 51-12-5.1 sets forth the proper trial procedure for cases that involve the issue of punitive damages. Under this code section, a trial involving punitive damages is bifurcated. § 51-12-5.1(d). In Phase I of the trial, a jury must decide liability, compensatory damages, and return an answer of "yes" or "no" on punitive

damages (*i.e.*, whether the evidence presented clearly and convincingly proves that Autoliv's actions showed wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences).  § 51-12-5.1(b)-(d).  Once a jury has determined that the evidence warrants the imposition of punitive damages against Autoliv, Phase II of the trial begins with its sole purpose being to calculate the amount of punitive damages necessary to punish, deter, or penalize the defendant in light of the circumstances of the case.  § 51-12-5.1(d)(2).

Defendant's response: The trial should be bifurcated because Plaintiff has asserted a claim for punitive damages pursuant to O.C.G.A. § 51-12-5.1.  *Gaddy v. Am. Interstate Ins. Co.*, No. 1:14-CV-1928, 2018 WL 1478134, at *7 (N.D. Ga. Mar. 27, 2018) (citing O.C.G.A. § 51-12-5.1(d)).  In the first phase, the jury should determine whether Plaintiff is entitled to punitive damages.  *Id.*  If the jury concludes that Plaintiff is entitled to punitive damages, the jury should determine, in the second phase, the amount of punitive damages that Plaintiff should be awarded.  *Id.*

## 9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

See Attachment "A".

## 10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire

**questions is a matter of courtroom policy which shall be established by each judge.**

<u>Plaintiff's response</u>:  Plaintiff requests clarification with respect to the parties' proposed general voir dire questions.

The Court's October 3, 2017 Standing Order states "Proposed voir dire questions shall be filed with the Clerk no later than **SEVEN (7) CALENDAR DAYS** before the date of trial, if not previously filed as a part of the pretrial order. The Court will review the submissions and notify the parties of the approved questions at or prior to the pretrial conference."  Consequently neither party has thus far prepared proposed general voir dire questions.  Plaintiff requests direction from the Court regarding when the parties should submit proposed general voir dire questions.

Defendant's response below presumes that each party shall make "objections" to the other party's proposed general voir dire questions.  That is provided for in paragraph 11, below, but not mentioned in the Court's Standing Order.  Plaintiff seeks confirmation that the Court expects each party to file "objections" to the other party's proposed general voir dire questions.

Plaintiff will gladly provide her general voir dire questions, and objections to defendant's, at any time.

If this case is tried to a jury, Plaintiff respectfully requests more than 20 minutes for general voir dire. The reason is this is an important case—a wrongful death case, with several different subjects that require discussion, relating to both liability, and damages, and defense arguments.

The Court's Standing Order contemplates that during a 15 minute time period following the close of questioning of jurors, the parties shall make all challenges for cause and shall also decide on peremptory strikes. Plaintiff respectfully requests more time. Deliberation about peremptory strikes cannot begin until the Court rules upon challenges for cause, because only then will counsel know which prospective jurors are within striking range. Plaintiff respectfully submits that 15 minutes is not enough time to deliberate about which jurors to de-select through peremptory strikes.

Defendant's response: Pursuant to the Instructions for Cases Assigned to the Honorable Steve C. Jones, revised October 2017, the parties will jointly submit: Plaintiffs' proposed voir dire questions; Plaintiffs' Defendant's objections, if any, to Plaintiffs' proposed voir dire questions; Defendant's proposed voir dire questions; and Plaintiffs' objections, if any, to Defendant's proposed voir dire questions at least seven (7) calendar days before the date of trial. Accordingly, there is no Attachment B to this Pretrial Order.

## 11.

**State any objections to plaintiff's voir dire questions:**

See Item 10 above.

**State any objections to defendant's voir dire questions:**

See Item 10 above.

**State any objections to the voir dire questions of the other parties, if any:**

Plaintiff's response: Not applicable.

Defendant's response: See Item 10 above.

## 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).**

<u>Plaintiff's response</u>:  Plaintiff respectfully requests that if the case is tried to a jury, at least three alternate jurors be selected, so loss of jurors does not cause a mistrial.

<u>Defendant's response</u>:  [No response]

## 13.

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

None.

## 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for**

that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the

**duty of counsel to cooperate fully with each other to identify all undisputed**

**facts.  A refusal to do so may result in the imposition of sanctions upon the**

**non-cooperating counsel.**

Plaintiff's response:  Attached hereto is Attachment E.  Plaintiff's efforts to obtain stipulations of fact have been largely unavailing.  For that reason Plaintiff anticipates filing a motion for leave to file a motion for summary judgment as to very specific issues.  With respect to the last two sentences of the instructions above, Plaintiff attaches hereto Attachment E-1, sent to Defendant's counsel on March 7, 2019.

Defendant's response:  See Attachment E-2.

**17.**

**The legal issues to be tried are as follows:**

Plaintiff's response:

(a)     Whether the Autoliv seatbelt was defective;

(b)     Whether the defect in the Autoliv seatbelt proximately caused Micah

Andrews' injuries and death;

(c)     The amount of damages to be paid for Micah Andrews' pain and suffering;

(d)     The amount of damages to be paid for the full value of Micah Andrews' life;

(e)     Whether Autoliv has proved that a rational basis exists to try to "apportion" fault to any person other than Autoliv;

(f)     Whether punitive damages should be assessed against Autoliv;

(g)     The amount of punitive damages necessary to punish, deter, or penalize Autoliv.

<u>Defendant's response</u>:

1.      Whether Defendant Autoliv Japan, Ltd. manufactured and sold Mazda an allegedly defectively designed seatbelt;

2.      Whether Defendant Autoliv Japan, Ltd. negligently designed a seatbelt that was sold to Mazda;

3.      Whether Defendant Autoliv Japan, Ltd. caused Decedent Micah Andrews' death;

4.      Whether Decedent Micah Andrews caused his own death;

5.      Whether Mazda caused Decedent Micah Andrews' death;

6.      Whether Bosch caused Decedent Micah Andrews' death;

7.      Whether Plaintiff is entitled to compensatory damages;

8.      If Plaintiff is entitled to compensatory damages, the amount of those damages.

9.      Whether Plaintiff is entitled to punitive damages;

10.    If Plaintiff is entitled to punitive damages, the amount of those damages.

## 18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be

permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

## 19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the

surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

Joint response: The parties agree to exchange electronic version of all exhibits, including items on the Learned Treatise list, marked in accordance with

this Order, by May 24, 2019.  They further agree that neither the Court's Standing

Order nor the Local Rules require the parties to object to items identified on the

Learned Treatises list in the Pretrial Order, and that the parties may object to those

items at trial.

**20.**

**The following designated portions of the testimony of the persons listed**

**below may be introduced by deposition:**

Plaintiff's response:  Plaintiff designates the following testimony:

1.      Deposition of Yuji Kamei – December 20, 2018

| Plaintiff's Designations | | Defendant's Counter Designations | |
|---|---|---|---|
| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
| 8:12 | 10:16 | | |
| 12:9 | 22:7 | | |
| 22:10 | 23:6 | | |
| 23:20 | 25:18 | | |
| 25:20 | 28:3 | | |
| 28:8 | 28:13 | | |
| 30:9 | 30:13 | 30:15 | 30:17 |
| | | 30:19 | 30:22 |
| 31:2 | 31:4 | | |
| 31:8 | 33:7 | | |
| 33:12 | 39:8 | | |
| 39:16 | 40:8 | | |
| 40:17 | 40:25 | 41:2 | 41:3 |
| | | 41:6 | 41:9 |
| 45:10 | 46:22 | | |

| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
|---|---|---|---|
| 47:4 | 48:6 | | |
| 48:16 | 51:1 | | |
| 52:13 | 56:15 | | |
| 57:6 | 66:2 | | |
| 66:7 | 66:19 | | |
| 67:8 | 68:9 | | |
| 68:12 | 72:3 | | |
| 73:1 | 78:5 | | |
| 78:22 | 80:15 | | |
| 80:18 | 82:12 | | |
| 82:17 | 86:3 | | |
| 87:5 | 87:16 | | |
| 87:25 | 89:14 | | |
| 90:13 | 90:18 | 90:19 | 91:5 |
| 91:22 | 92:5 | | |
| 92:8 | 93:6 | | |
| 93:9 | 93:22 | 94:9 | 96:6 |
| | | 96:11 | 98:17 |
| | | 98:22 | 98:24 |
| | | 99:4 | 99:8 |
| 100:2 | 104:7 | 104:12 | 104:16 |

2.     Deposition of 30(b)(6) David Prentkowski – March 8, 2016

| Plaintiff's Designations | | Defendant's Counter Designations | |
|---|---|---|---|
| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
| 6:8 | 11:4 | 12:21 | 15:11 |
| 15:16 | 15:18 | | |
| 16:1 | 16:19 | 16:20 | 17:11 |
| 20:2 | 21:12 | 21:13 | 21:25 |
| 22:1 | 23:2 | 23:3 | 23:11 |
| 23:19 | 26:6 | 26:7 | 26:9 |
| | | 26:12 | 26:21 |
| | | 27:17 | 28:12 |
| 28:13 | 28:19 | 28:20 | 29:11 |

| | | | |
|---|---|---|---|
| | | 30:14 | 31:5 |
| | | 31:10 | 32:3 |
| | | 33:13 | 34:3 |
| | | 34:18 | 35:3 |
| | | 35:6 | 35:8 |
| | | 35:12 | 36:1 |
| | | 36:4 | 36:9 |
| | | 36:17 | 37:4 |
| | | 37:11 | 37:13 |
| | | 37:17 | 38:11 |
| | | 38:14 | 38:20 |
| | | 39:4 | 39:12 |
| | | 42:14 | 42:21 |
| 42:22 | 43:20 | | |
| 46:1 | 46:17 | 46:18 | 46:18 |
| | | 46:21 | 47:21 |
| 47:22 | 49:9 | 51:25 | 52:17 |
| | | 52:20 | 52:22 |
| | | 52:24 | 52:25 |
| | | 53:4 | 54:5 |
| 54:6 | 55:7 | 55:8 | 55:20 |
| 55:21 | 56:2 | | |
| 56:20 | 57:12 | | |
| 58:2 | 58:15 | | |
| 58:23 | 59:19 | | |
| 60:13 | 60:22 | 60:23 | 60:25 |
| | | 61:4 | 61:18 |
| | | 61:23 | 62:4 |
| | | 62:8 | 63:2 |
| | | 65:18 | 67:22 |
| | | 68:1 | 69:11 |
| | | 74:25 | 75:17 |
| | | 76:21 | 76:23 |
| | | 77:1 | 77:16 |
| | | 79:18 | 79:20 |
| | | 79:23 | 82:7 |

| | | | |
|---|---|---|---|
| 83:19 | 87:23 | | |
| 89:13 | 91:21 | 91:22 | 92:20 |
| 92:21 | 94:2 | 94:3 | 94:8 |
| | | 94:10 | 94:12 |
| 94:15 | 96:13 | | |
| 97:7 | 98:8 | 98:9 | 98:17 |
| 98:20 | 99:5 (through "correct") | 99:5 | 99:8 |
| | | 101:11 | 101:13 |
| | | 101:16 | 102:1 |
| | | 102:4 | 102:8 |
| 102:9 | 102:12 | 102:20 | 102:24 |
| | | 104:1 | 104:18 |
| | | 104:25 | 105:5 |
| | | 105:13 | 105:22 |
| | | 106:19 | 107:2 |
| | | 107:5 | 107:10 |
| | | 109:2 | 109:13 |
| | | 109:16 | 109:23 |
| 111:4 | 111:18 | 111:19 | 111:21 |
| | | 111:25 | 112:18 |
| 113:8 | 118:2 | | |
| 118:15 | 118:25 | | |
| 119:3 | 123:14 | | |
| 124:2 | 125:25 | | |
| 126:4 | 127:16 | | |
| 127:24 | 129:4 | 135:12 | 135:14 |
| | | 135:20 | 136:8 |
| | | 138:9 | 138:10 |
| | | 138:14 | 138:24 |
| | | 139:4 | 139:14 |
| | | 139:24 | 140:9 |
| | | 140:19 | 141:5 |
| 142:9 | 142:18 | | |
| 146:6 | 147:4 | 147:5 | 147:16 |
| | | 147:19 | 148:16 |

| | | 148:19 | 149:5 |
|---|---|---|---|
| 152:10 | 152:10 | | |

Plaintiff objects to Autoliv's attempt (*see* below, Autoliv's response to this paragraph, No. "4.") to "reserve the right" to designate testimony from Chris Caruso in the event it is displeased with the trial testimony it plans to elicit from Mr. Caruso at the trial deposition it has scheduled for April 24, 2019.

Autoliv's response:

1. Deposition of Neil Hannemann – February 17, 2016

| Defendant's Designations | | Plaintiff's Counter Designations | |
|---|---|---|---|
| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
| 5:14 | 5:16 | | |
| 6:5 | 6:21 | | |
| 7:8 | 7:11 | | |
| 11:13 | 11:16 | | |
| | | 13/4 | 14/1 |
| 29:1 | 29:8 | | |
| 31:22 | 32:21 | | |
| 47:6 | 48:1 | | |
| 48:9 | 48:13 | | |
| 64:6 | 65:4 | | |
| 66:8 | 68:23 | | |
| 71:2 | 71:22 | | |
| 74:13 | 75:5 | | |
| 76:2 | 76:11 | | |
| 77:21 | 78:7 | | |

| | | | |
|---|---|---|---|
| 81:2 | 82:6 | | |
| 83:4 | 83:13 | | |
| 84:21 | 85:1 | | |
| 86:10 | 87:10 | | |
| 88:5 | 89:5 | | |
| 92:11 | 92:24 | | |
| 93:7 | 93:25 | | |
| 94:19 | 95:13 | | |
| | | 96/22 | 97/1 |
| 97:12 | 97:16 | | |
| 97:20 | 98:3 | | |
| 108:22 | 110:2 | | |
| 124:18 | 128:3 | | |
| 140:1 | 141:9 | | |
| 146:8 | 149:22 | | |
| 185:11 | 186:1 | | |
| 191:18 | 192:8 | | |
| 193:4 | 193:10 | | |
| 196:3 | 196:25 | | |
| 216:14 | 216:23 | | |
| 218:19 | 219:1 | | |
| 219:6 | 219:9 | | |
| 230:20 | 232:25 | | |
| | | 233/1 | 233/9 |
| | | 234/19 | 235/3 |
| | | 235/20 (starting with "so") | 235/22 |
| | | 236/2 | 236/5 |
| 241:4 | 241:15 | | |

2.      Deposition of Eric Van Iderstine – February 18, 2016

| Defendant's Designations | | Plaintiff's Counter Designations | |
|---|---|---|---|
| **Beginning Page:Line** | **Ending Page:Line** | **Beginning Page:Line** | **Ending Page:Line** |
| 5:16 | 6:20 | | |

| | | 28/2 | 28/16 |
|---|---|---|---|
| 167:18 | 171:4 | | |
| 171:22 | 172:7 | | |
| 173:4 | 173:6 | | |
| 173:9 | 173:15 | | |
| 174:11 | 174:15 | | |
| 178:10 | 178:16 | | |
| 28:17 | 31:17 | | |
| 34:23 | 36:24 | | |
| 37:10 | 37:18 | | |
| 102:13 | 103:11 | | |
| 132:3 | 132:15 | | |
| 163:18 | 165:2 | | |
| 180:24 | 181:18 | | |

3.	Deposition of Yuji Kamei – December 20, 2018

| Defendant's Designations | | Plaintiff's Counter Designations | |
|---|---|---|---|
| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
| 9:16 | 9:25 | [Plaintiff designates the same testimony as indicated above in her designations of Kamei's testimony, paragraph 20, subsection (1).] | |
| 12:9 | 12:17 | | |
| 13:14 | 13:22 | | |
| 36:13 | 36:14 | | |
| 36:19 | 36:23 | | |
| 37:1 | 37:9 | | |
| 37:12 | 37:19 | | |
| 37:22 | 37:25 | | |
| 38:3 | 38:4 | | |
| 38:13 | 38:16 | | |

| | | | |
|---|---|---|---|
| 38:19 | 38:24 | | |
| 39:2 | 39:8 | | |
| 68:12 | 68:14 | | |
| 68:17 | 68:25 | | |
| 69:4 | 69:17 | | |
| 69:20 | 70:7 | | |
| 70:13 | 71:1 | | |
| 79:19 | 79:21 | | |
| 79:24 | 80:9 | | |
| 80:12 | 80:24 | | |
| 81:2 | 81:17 | | |
| 94:9 | 96:6 | | |
| 96:11 | 98:17 | | |
| 98:22 | 98:24 | | |
| 99:4 | 99:8 | | |
| 104:12 | 104:16 | | |

4.      Defendant will proceed to take the trial deposition of Expert Chris Caruso on April 24, 2019.  Testimony from this deposition shall be designated and shared with Plaintiff's counsel thereafter, in advance of trial.  Defendant reserves the right to designate testimony from Caruso's November 25, 2015 discovery deposition depending on the testimony given at Caurso's trial deposition.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including**

non-essential colloquy of counsel, shall be deleted.  Depositions, whether

preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the

defendant, and "H-3", etc. for other parties, are any trial briefs which counsel

may wish to file containing citations to legal authority concerning evidentiary

questions and any other legal issues which counsel anticipate will arise during

the trial of the case.  Limitations, if any, regarding the format and length of

trial briefs is a matter of individual practice which shall be established by

each judge.

22.

In the event this is a case designated for trial to the court with a jury,

requests for charge must be submitted no later than 9:30 a.m. on the date on

which the case is calendared (or specially set) for trial.  Requests which are

not timely filed and which are not otherwise in compliance with LR 51.1, will

not be considered.  In addition, each party should attach to the requests to

charge a short (not more than one (1) page) statement of that party's

contentions, covering both claims and defenses, which the court may use in its

charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

## 23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Plaintiff's response: See attachment I-1.

Defendant's response: See attachment I-2.

## 24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

Plaintiff's response: Plaintiff requests 90 minutes for argument, but Plaintiff's counsel assures the Court that they will make every effort to be more brief than that, for the obvious understood reason that jurors typically appreciate brevity. In lead counsel's experience, it would likely be impossible to argue any

products liability case in thirty minutes. While the case should be simple—the seatbelt didn't restrain Mr. Andrews, there are still some technical and medical concepts that will not be immediately familiar to the jury, and it appears from Defendant's refusal to agree to stipulations of fact that we will be 'trying' issues that Plaintiff thought had been resolved by admissions and were not in dispute. In addition to arguing liability and causation, Plaintiff will need time to discuss the value of Mr. Andrews' life, which alone deserves considerable time.

<u>Defendant's response</u>: [No response]

**25.**

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

**26.**

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on August 27, 2018, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:**

(_) A good possibility of settlement.

(_)  Some possibility of settlement.

(x)  Little possibility of settlement.

(_)  No possibility of settlement.

Plaintiff's response:  On August 27, 2018, counsel discussed the possibility of settlement.  Autoliv refused to make an offer.  Plaintiff made an offer in an attempt to negotiate in good faith.  Autoliv has not responded to that offer.

Defendant's response: [no response]

**27.**

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

Joint response: Because this case will involve travel by a number of party witnesses and expert witnesses, the parties request a special setting.

**28.**

**The plaintiff estimates that it will require 5 days to present its evidence. The defendant estimates that it will require 2-3 days to present its evidence.  It is estimated that the total trial time is 7-8 days, plus time for voir dire, jury selection, opening statements, charge conference, and closing arguments.**

**Plaintiff's additional statement**:  On the evening of March 8, 2019, Plaintiff's counsel received an email from defense counsel about Plaintiff's proposed stipulations, and defendant's Att. E-2.  See Att. E-1.  It seems apparent, now, that the above estimates may be incorrect.  If Plaintiff is required to establish all the facts to which defendant has refused to stipulate, the trial will take considerably more time.  Those facts will have to be established through direct and cross examination of witnesses.

## 29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20_____.

 

 

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

| | |
|---|---|
| _____ | _____ |
| **Counsel for Plaintiff** | **Counsel for Defendant Autoliv** |
| BUTLER WOOTEN & PEAK LLP | **Japan, Ltd.** |
| JAMES E. BUTLER, JR. | ALSTON & BIRD LLP |
|   jim@butlerwooten.com | DOUGLAS G. SCRIBNER |
|   Georgia Bar No. 099625 |   doug.scribner@alston.com |
| TEDRA L. CANNELLA |   Georgia Bar No. 632755 |
|   tedra@butlerwooten.com | JENNY A. MENDELSOHN |
|   Georgia Bar No. 881085 |   jenny.mendelsohn@alston.com |
| RORY A. WEEKS |   Georgia Bar No. 447183 |
|   rory@butlerwooten.com | WILLIAM J. REPKO III |
|   Georgia Bar No. 113491 |   jay.repko@alston.co |
| 2719 Buford Highway |   Georgia Bar No. 301797 |
| Atlanta, Georgia  30324 | One Atlantic Center |
| (404) 321-1700 | 1201 West Peachtree Street |
| (404) 32101713 Fax | Atlanta, GA 30309-3424 |
| | 404-881-7000 |
| BALLARD & FEAGLE, LLP | 404-881-7777 Fax |
| WILLIAM L. BALLARD | |
|   bill@ballardandfeagle.com | |
|   Georgia Bar No. 035625 | |
| GREGORY R. FEAGLE | |
|   greg@ballardandfeagle.com | |
|   Georgia Bar No. 256913 | |
| Building One, Suite 100 | |
| 4200 Northside Parkway NW | |
| (404) 873-1220 | |