# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as surviving spouse of Micah Lee Andrews, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of Micah Lee Andrews, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> AUTOLIV JAPAN, LTD., <br><br> Defendant. | ) ) ) ) ) Case No. 1:14-cv-3432-SCJ ) ) ) ) ) ) ) |

## DEFENDANT AUTOLIV JAPAN, LTD.'S
## RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION

On September 10, 2019, the Court granted Plaintiff Jamie Lee Andrews's ("Plaintiff") Motion for Sanctions and ordered Plaintiff to submit evidence of the attorneys' fees she incurred in connection with "seeking sanctions, the summary judgment briefing, and the Eleventh Circuit appeal" within ten days. Doc. No. [407] at 21.

Plaintiff did not submit evidence of her fees within the ten-day period as ordered by the Court. Nor did Plaintiff ask Defendant Autoliv Japan, Ltd. ("Autoliv") if it would consent to a short extension of time—which Autoliv plainly would have done. Instead, Plaintiff filed a "Response to the Court's 09/10/2019

Order and Motion for Clarification" ("Motion") asking the Court to allow her to wait until "the conclusion of the case" to submit the required fee evidence.  Doc. Nos. [409, 410] at 4.  For the reasons below, the Court should deny Plaintiff's Motion.

Plaintiff first argues that the Court should grant her Motion because (i) she needs more time to determine the amount of her attorneys' <u>previous work</u> that was "caused by" Autoliv's untimely production of documents and (ii) she cannot yet determine the amount of her attorneys' <u>future work</u> that will be "caused by" Autoliv's untimely production.  *Id.* at 2.  However, the Court has already identified the <u>specific work</u> for which Plaintiff should be compensated—i.e., her attorneys' prior work in connection with "seeking sanctions, the summary judgment briefing, and the Eleventh Circuit appeal."  Doc. No. [407] at 20.  The Court has never indicated that Plaintiff is entitled to fees for future work.  *See id.* (requiring Plaintiff to file evidence of her attorneys' fees "expended").  Accordingly, the causation determination discussed in Plaintiff's Motion is unnecessary and does not warrant the extension she has requested.

Plaintiff also argues that the Court should grant her Motion because her attorneys—who are working on a contingency fee basis—have not kept time entries

and thus need more time to submit evidence of their hours worked.[1]  *See* Doc. Nos. [409, 410] at 2-3.  But allowing Plaintiff to wait until after trial to make the required submission will not help matters.  Plaintiff's counsel have already spent more than a week's time working on the submission and have concluded that there is "no practical way to divine with certainty" the information the Court has requested.  *Id.* at 2.  Accordingly, the likelihood that Plaintiff will be able to produce accurate records of her attorneys' time will only decrease—not increase—as the relevant time periods move further into the past.

Finally, within her Motion, Plaintiff notes her displeasure with the Court's sanctions ruling and suggests that an award of attorneys' fees is actually a "win" for Autoliv.  *See id.* at 3 (emphasizing that an award of attorneys' fees was a sanction "that Plaintiff affirmatively asked ***not*** be imposed" (emphasis in original)); *id.* at 3 n.2.  But paying thousands of dollars in attorneys' fees is far from a "win" for a company that maintains that it should not be held liable for the injuries at issue in

---

[1] While Plaintiff's counsel may not need to keep time entries for client purposes, courts have repeatedly recognized the need for time entries for instances such as this. *See, e.g.*, *Ga. Dep't of Corr. v. Couch*, 759 S.E.2d 804, 816 (Ga. 2014) ("A naked assertion that [attorneys'] fees are 'reasonable,' without any evidence of hours, rates, or other indication of the value of the professional services actually rendered is inadequate."); *see also Grace v. Ctr. of Auto Safety*, 155 F.R.D. 591, 603 (E.D. Mich. 1994) ("Monetary sanctions in the form of attorneys fees are the most common sanction imposed by federal courts.").

this case.   Regardless, however, the Court has rendered its ruling on Plaintiff's Motion for Sanctions, and Plaintiff's counsel should be required to adhere to that ruling and bring finality to this issue so that the parties can focus on the forthcoming bench trial, which both parties appear ready to do.

For these reasons, Autoliv respectfully requests that the Court deny Plaintiff's Motion for Clarification (Doc. No. [410]) and order Plaintiff to produce the required evidence within ten days.

Respectfully submitted this 4th day of October, 2019.

/s/ William J. Repko III, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Hergenrother, Esq.
Georgia Bar No. 447183
jenny.hergenrother@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)          *Attorneys for Autoliv Japan, Ltd.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

<u>/s/ William J. Repko III, Esq.</u>
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Hergenrother, Esq.
Georgia Bar No. 447183
jenny.hergenrother@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that on October 4, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>James E. Butler, Jr.
>Tedra Cannella
>Rory Weeks
>BUTLER WOOTEN & PEAK LLP
>2719 Buford Highway
>Atlanta, Georgia 30324
>
>William L. Ballard
>Gregory R. Feagle
>BALLARD & FEAGLE, LLP
>4200 Northside Parkway NW
>Atlanta, Georgia 30327
>
>*Attorneys for Plaintiff*

/s/ William J. Repko III, Esq.
William J. Repko III
Georgia Bar No. 301797