# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased, | * * * * * * * | CIVIL ACTION FILE NO. 1:14-CV-03432-SCJ |
| Plaintiff, | * * | |
| v. | * * | |
| AUTOLIV JAPAN, LTD., | * * | |
| Defendant. | * | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR UNIFIED TRIAL

Autoliv obscures the most important fact in deciding Plaintiff's motion: this is a bench trial.  There is no risk that this Court will improperly take into account Autoliv's financial condition in deciding the merits of this case.  A court's ability to disregard irrelevant evidence in a bench trial is so well established that the law presumes it.  Yet, for reasons Autoliv does not explain, it insists "Autoliv does not believe that the bifurcation requirement should be relaxed here."  Doc. 349 at 4.

Instead, Autoliv asks the Court to engage in some sort of two-phase procedure that Autoliv does not describe or propose.[1]

Furthermore, Autoliv's brief does not respond to Plaintiff's legal argument at all. In her motion, Plaintiff argued, under U.S. Supreme Court precedent in *Hanna v. Plumer*, 380 U.S. 460, 471 (1965), that the decision whether to bifurcate the bench trial of punitive damages rests solely within this Court's discretion under Federal Rule of Civil Procedure 42(b). *See* Doc. 437. Autoliv did not respond to that argument. Instead, Autoliv claims that this Court has no discretion to decide whether to bifurcate the bench trial on punitive damages because of the procedural rule in O.C.G.A. § 51-12-5.1(d). That is not the law.

Despite what Autoliv claims, Plaintiff did not "omit[]" any cases from this Court addressing the legal issue presented in Plaintiff's motion. *Contra* Doc. 439 at 2. As shown below, in no case from this Court that Autoliv cites did the Court rule on the question whether § 51-12-5.1(d) strips this Court of discretion to decide if bifurcation of punitive damages is proper under Rule 42(b) in light of *Hanna v. Plumer*. In fact, unlike in this case, the plaintiffs in the cases Autoliv cites did not

---

[1] Autoliv only says that evidence of financial condition "seems ripe for stipulation." Doc. 439 at 3. Plaintiff has received *no proposed stipulations* from Autoliv on this issue, but she will endeavor to reach stipulations with Autoliv under the Court's Order, and will report the status of those discussions.

object to bifurcation. In ruling on Plaintiff's motion for a unified trial, this Court is not bound to dicta from decisions that do not address the legal issue at hand.[2] *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (quoting *Webster v. Fall,* 266 U.S. 507, 511 (1925))); *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1207 (11th Cir. 2003) ("Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced.").

In *Gaddy v. American Interstate Insurance Co.*, the first case Autoliv cites, the defendant moved to trifurcate the trial; the plaintiff opposed trifurcation but "concede[d]" that the trial should be bifurcated. No. 1:14-cv-1928-WSD, 2018 WL 1478134, at *1 (N.D. Ga. Mar. 27, 2018). While the Court "agree[d] with the parties that the determination of the amount of punitive damages, if the jury finds an award of them appropriate, should be decided in a second trial phase," *id.* at *3, the Court did not rule on the legal question presented here: whether § 51-12-5.1(d),

---

[2] Plaintiff does not quarrel with the decision to bifurcate or trifurcate the trial in any case Autoliv cites because Plaintiff contends that this (or any other) Court always has discretion to decide if bifurcation is appropriate under the facts of each case.

which requires *Georgia courts* to bifurcate the trial procedure where punitive damages are sought, obviates the discretion afforded under Rule 42(b) given the Supreme Court's decision in *Hanna v. Plumer*. Thus, *Gaddy* does not support Autoliv's position that this Court has no discretion about whether to bifurcate the bench trial of punitive damages in this case.

Autoliv next cites *Cooper v. Marten Transport, Ltd.*, No. 1:10-cv-3044-AT, 2014 WL 11517830 at *7 & n.11 (N.D. Ga. May 23, 2014).[3] But like the *Gaddy* Court, the *Cooper* Court did not rule on the actual legal question presented here: whether § 51-12-5.1(d) obviates the Court's discretion on bifurcation granted by Rule 42(b). The *Cooper* decision Autoliv cites concerns a motion for reconsideration of the Court's prior bifurcation order, and the reconsideration order makes clear that the Court's ruling is based on Rule 42(b) not § 51-12-5.1(d). *Compare* 2014 WL 11517830, at *7 ("Upon reconsideration, the Court finds that, ***to avoid prejudice***, the negligent hiring/punitive damages claim should be tried to the jury in two separate stages . . . ." (emphasis added)), *with* Fed. R. Civ. P. 42(b) ("For convenience, ***to avoid prejudice***, or to expedite and economize, the court may order a separate trial of more or more separate issues, claims, crossclaims,

---

[3] The *Gaddy* Court also cites *Cooper*. *See Gaddy*, 2018 WL 1478134, at *3.

counterclaims, or third-party claims." (emphasis added)).[4] Additionally, as in *Gaddy*, the plaintiff did not dispute that the trial in *Cooper* should be bifurcated; thus, the Court had no reason to consider the scope of its discretion under Rule 42(b). *See* Pl.'s Request to Bifurcate Trial, *Cooper*, ECF No. 172 (N.D. Ga. Feb. 26, 2014), attached as Exhibit 2.

Like the plaintiffs in *Gaddy* and *Cooper*, the plaintiff in *Elzubier v. Sony Music Holdings, Inc.*, No. 1:10-cv-3284-SCJ, 2012 WL 12869319 (N.D. Ga. May 17, 2012, conceded that the trial of punitive damages should be bifurcated. *See* Pl.'s Resp. to Def.'s MILs at 5-6, *Elzubier*, ECF No. 82 (N.D. Ga. Mar. 28, 2012) ("Because Plaintiff seeks punitive damages, he should be allowed to elicit testimony or present evidence that the jury may consider to be grounds for punitive damages in a bifurcated proceeding."), attached as Exhibit 3. While the Court concluded that "[i]n accordance with O.C.G.A. § 51-12-5.1(d), the trial will be bifurcated," 2012 WL 12869319, at *2, the Court did not hold that the Georgia

---

[4] Additional support for the conclusion that Rule 42, not § 51-12-5.1(d), was the basis for the *Cooper* Court's reconsideration decision comes from the Court's original order on the parties' motions about how the trial should proceed—which is based on Rule 42. *See* Order at 3, *Cooper*, ECF No. 181 (N.D. Ga. Mar. 11, 2014) ("**Pursuant to Rule 42** of the Federal Rules of Civil Procedure, the Court **BIFURCATES** the trial in the following manner." (first emphasis added)), attached as Exhibit 1.

statute stripped its discretion to decide whether bifurcation of punitive damages is proper in all diversity cases applying Georgia law. Rather, the Court's bifurcation decision is consistent with an exercise of discretion under Rule 42(b).

Similarly, the plaintiff in *McSweeney v. Kahn* did not dispute that bifurcation was appropriate; rather, the issue in *McSweeney* was how the plaintiff could use evidence of the defendant's worldly circumstances during the second phase of that trial. *See* Order at 46, No. 4:05-cv-132-HLM, ECF No. 395-1 (N.D. Ga. June 26, 2008) ("[E]vidence of Defendant Kahn's financial circumstances should be admitted at the punitive damages phase of trial."), attached as Exhibit 4.[5] Additionally, the *McSweeney* Court did not address the legal question at issue here: whether § 51-12-5.1(d) deprives this Court of discretion to decide if bifurcation is appropriate under Rule 42(b).

Lastly, the plaintiff in *Long v. Phillips & Brooks/Gladwin, Inc.*, No. 1:02-cv-1235-CC, 2006 WL 8431255 (N.D. Ga. Sept. 15, 2006), conceded that bifurcation of punitive damages was proper. Pls.' Resp. to Def.'s Mot. for Trifurcation at 3, *Long*, ECF No. 212 (N.D. Ga. May 19, 2006) ("In light of the fact that the issue of

---

[5] The Westlaw version of the *McSweeney* Court's order, which Autoliv cites, is missing the text from page 46 of the Court's slip order. *Compare* 2008 WL 1333598, at *9, *with* ECF Nos. 395 at 41-47 & 395-1 at 1. The text of that page and the full text of the rest of the order are included as Exhibit 5.

the amount of punitive damages must, under Georgia law, be tried separately, there is absolutely no reason to further fragment the presentation of the case."), attached as Exhibit 6. Thus, the *Long* Court did not rule on the legal question presented here, and its statement about what Georgia law requires is merely dicta.

Autoliv cites no case from this Court that addresses the merits of Plaintiff's argument: Rule 42(b) affords this Court discretion to determine whether the trial should be bifurcated, and that discretion does not evaporate just because Georgia enacted a conflicting state *procedural* rule for punitive damages claims. On the contrary, binding Supreme Court authority holds that Rule 42(b), which is sufficiently broad to cover the issue, trumps a conflicting state statute. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). That authority is addressed in detail in Plaintiff's motion, and Autoliv has not addressed it. This Court has discretion to determine whether to bifurcate the bench trial of punitive damages in this case.

Plaintiff respectfully requests that the Court exercise its discretion under Rule 42 and order a unified trial.

Respectfully submitted this 1st day of June, 2020.

        BUTLER WOOTEN & PEAK LLP

BY:  /s/ Rory A. Weeks
      JAMES E. BUTLER, JR.
        jim@butlerwooten.com
        Georgia Bar No. 099625
      TEDRA L. CANNELLA
        tedra@butlerwooten.com
        Georgia Bar No. 881085
      RORY A. WEEKS
        rory@butlerwooten.com
        Georgia Bar No. 113491
      2719 Buford Highway
      Atlanta, Georgia 30324
      (404) 321-1700
      (404) 32101713 Fax


      BALLARD & FEAGLE, LLP
        WILLIAM L. BALLARD
        bill@ballardandfeagle.com
        Georgia Bar No. 035625
      GREGORY R. FEAGLE
        greg@ballardandfeagle.com
        Georgia Bar No. 256913
      Building One, Suite 100
      4200 Northside Parkway NW
      Atlanta, GA 30327
      (404) 873-1220

      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/  Rory A. Weeks
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
TEDRA L. CANNELLA
  Georgia Bar No. 881085
RORY A. WEEKS
   Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

# CERTIFICATE OF SERVICE

This is to certify that on June 1, 2020, I electronically filed Plaintiff's Reply in Support of Motion for Unified Trial with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Douglas G. Scribner, Esq.
Jenny A. Hergenrother, Esq.
William J. Repko III, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

This 1st day of June, 2020.

                                    BY: /s/ Rory A. Weeks
                                           JAMES E. BUTLER, JR.
                                              Georgia Bar No. 099625
                                           TEDRA L. CANNELLA
                                              Georgia Bar No. 881085
                                           RORY A. WEEKS
                                              Georgia Bar No. 113491
                                           Butler Wooten & Peak LLP
                                           2719 Buford Highway
                                           Atlanta, Georgia 30324
                                           (404) 321-1700
                                           (404) 321-1713 Fax