## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as surviving spouse of Micah Lee Andrews, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of Micah Lee Andrews, Deceased, | ) ) ) ) ) ) Case No. 1:14-cv-3432-SCJ ) |
| Plaintiffs, | ) |
| v. | ) ) |
| AUTOLIV JAPAN, LTD., | ) ) |
| Defendant. | ) |

## DEFENDANT AUTOLIV JAPAN, LTD.'S
## MOTION IN LIMINE TO EXCLUDE TURTLE EVIDENCE

On April 12, 2013, Micah Andrews drove his 2005 Mazda 3 off I-575 and crashed into multiple trees in a single-vehicle accident. Doc. No. [274] at 2-3. Unfortunately, the driver side airbag did not deploy and Mr. Andrews died. *Id.* at 3.

In an attempt to downplay Mr. Andrews's obvious responsibility for causing the accident that resulted in his death, Plaintiff intends to argue at trial that Mr. Andrews drove off the highway while engaging in an avoidance maneuver to avoid hitting a turtle. *See* Doc. No. [404] at 9:15-20. But this argument is based on nothing more than speculation and should be excluded in advance of trial.

## ARGUMENT AND CITATION OF AUTHORITY

A motion in limine is a pretrial motion by which "a litigant seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial." *See Edwards v. Fulton Cty.*, No. 1:07-CV-3052-SCJ, 2014 WL 12690630, at *1 (N.D. Ga. Oct. 24, 2014). As such, the motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Id.* (internal quotation marks and citation omitted).

Motions in limine are viewed differently in the bench trial context. *See Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*, No. 1:18-CV-21733-UU, 2019 WL 5256980, at *4 (S.D. Fla. Mar. 21, 2019). However, "the Court is not precluded from granting motions to exclude evidence in a bench trial, especially where resolution of the motion would streamline the trial process." *Id.*

Any argument by Plaintiff that Mr. Andrews drove off the road to avoid hitting a turtle is entirely speculative and would only waste time and resources at trial. Indeed, the officers who investigated Mr. Andrews's accident considered and indisputably eliminated the turtle as a cause of the accident. *See* Deposition of Officer John Lyons, attached hereto as Exhibit 1, at 23:6-24:16 (ruling out the possibility that the turtle was involved in the accident), 39:3-39:7 (same), 45:3-6 (same); Deposition of Officer William Rogers, attached hereto as Exhibit 2, at 30:21-

31:21 ("There was nothing in the road pertaining to the car. . . . Eventually, there was a turtle, but the turtle . . . . wasn't part of the scene."). Moreover, the driver who watched Mr. Andrews drive off the highway testified that he never saw a turtle. Deposition of William Kemp, Doc. No. [229], at 14:23-15:15, 21:8-17.

Accordingly, all turtle-related evidence and arguments should be excluded as speculative. *See XL Ins. Am., Inc. v. Ortiz*, 673 F. Supp. 2d 1331, 1343 (S.D. Fla. 2009) ("Speculative testimony is not admissible in evidence . . . ."). If not, then Autoliv will be forced to subpoena, call to testify, and examine multiple witnesses to prove what is already clear—Mr. Andrews did not engage in an avoidance maneuver to avoid hitting a turtle.

## **CONCLUSION**

For these reasons, Autoliv respectfully requests that the Court grant its Motion and exclude all turtle-related evidence and arguments.

Respectfully submitted this 31st day of July, 2020.

/s/ William J. Repko III, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Hergenrother, Esq.
Georgia Bar No. 447183
jenny.hergenrother@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)

3

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ William J. Repko III, Esq.
Doug Scribner, Esq.
Georgia Bar No. 632755
doug.scribner@alston.com
Jenny A. Hergenrother, Esq.
Georgia Bar No. 447183
jenny.hergenrother@alston.com
William J. Repko III, Esq.
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Autoliv Japan, Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that on July 31, 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>James E. Butler, Jr
>Tedra Cannella
>Rory Weeks
>BUTLER WOOTEN & PEAK LLP
>2719 Buford Highway
>Atlanta, Georgia 30324
>
>William L. Ballard
>Gregory R. Feagle
>BALLARD & FEAGLE, LLP
>4200 Northside Parkway NW
>Atlanta, Georgia 30327
>
>*Attorneys for Plaintiff*

>/s/ William J. Repko III
>William J. Repko III
>Georgia Bar No.  301797