# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as | * | |
| Surviving Spouse of | * | |
| MICAH LEE ANDREWS, Deceased, | * | CIVIL ACTION FILE |
| and JAMIE LEE ANDREWS, as | * | |
| Administrator of the Estate of | * | NO. 1:14-CV-03432-SCJ |
| MICAH LEE ANDREWS, Deceased, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AUTOLIV JAPAN, LTD., | * | |
| | * | |
| Defendant. | * | |

**CORRECTED TRIAL BRIEF ON**
**THE FULL VALUE OF MICAH ANDREWS' LIFE**

Georgia is a state that values life. That has long been the case. For over one hundred years, the civil remedy in Georgia for causing a person to lose their life is not the sum of the foregone paychecks or the services the deceased would have rendered—it is the "the full value of the life of the deceased." 1878 Ga. Laws. 59, 59-60; *see also Bibbs v. Toyota Motor Corp.*, 815 S.E.2d 850, 853 (Ga. 2018).[1]

---

[1] In 1887, the General Assembly clarified that the measure of damages for wrongful death were "the full value of the life of the deceased, as shown by the evidence without any deduction for necessary or other personal expenses of the deceased had he lived." 1887 Ga. Laws 43, 43-45. That measure of damages remains the law in Georgia. *See* O.C.G.A. §§ 51-4-1(a) (defining "[f]ull value of

That "full value" is not what someone else would assign to the life—not even their family or friends. Instead, it is the value of the life through the eyes of the person who lost it. *Bibbs*, 815 S.E.2d at 854-55 (the full value of a decedent's life is measured from the perspective of the decedent rather than the perspective of the survivors). By defining the full value of life in this way, Georgia law embraces a fundamental truth: The inherent value of the life wrongfully cut short far exceeds the sum of future economic output. In the biography of the life not lived, lost wages would be barely a footnote.

Georgia courts have defined that the full value of a decedent's life has two components: (1) the economic component of the decedent's life, such as "lost potential lifetime earnings, income, or services, reduced to present case value" and (2) the intangible component "whose value cannot be precisely quantified, such as a parent's 'society, advice, example and counsel' as determined by the enlightened conscience of the [factfinder]." *TGM Ashley Lakes, Inc. v. Jennings*, 590 S.E.2d 807, 819 (Ga. Ct. App. 2003); *see also Bibbs*, 815 S.E.2d at 856. As a result, after the bench trial, the Court will have to determine the full value of Micah Andrews' life based on both its "economic" and "intangible" worth.

---

the life of the decedent, as shown by the evidence"), 51-4-2(a) (proscribing whom is entitled to recover for the death of a person with a surviving spouse or children).

At trial, Plaintiff will present undisputed evidence of the economic value of Mr. Andrews' life[2] as well as evidence of just how much Mr. Andrews loved life. The evidence will show that intangible value of Mr. Andrews' life was great. To aid the Court in the exercise of its "enlightened conscience" to determine the proper amount of wrongful death damages to award, Plaintiff presents the following examples of wrongful death awards rendered by Georgia juries. These examples reveal that when required by law to place a monetary amount to the full value of a person's life, the "enlightened conscience" of Georgia juries dictate that life is worth a lot.

In 2019, a Muscogee County jury returned a $180 million compensatory damages and a $100 million punitive damages verdict in a case arising from the wrongful death of 58-year-old Judy Madere, who was killed by the negligence of a tractor-trailer driver. Before the collision, Ms. Madere had an unobstructed view of the oncoming tractor-trailer for three seconds. The jury returned its compensatory damages verdict in 45 minutes, awarding $150 million for the full value of Ms. Madere's life and $30 million for her predeath pain and suffering.

[2] Unlike Plaintiff, Autoliv did not disclose an economist to calculate the economic losses arising from Mr. Andrews' untimely, wrongful death. He valued the economic damages at roughly $2-2.5 million.

Ex. A, Verdict, *Madere v. Schnitzer Se., LLC*, No. SC2017CV00106 (Muscogee Cnty. Super. Ct. Aug. 23, 2019).

In 2015, a Decatur County jury returned a $150 million verdict in a case arising from the death of 4-year-old Remington Walden, who burned alive for one minute when the gas tank of the Jeep Grand Cherokee he was riding in exploded after a rear-end collision. The trial judge remitted that verdict to $40 million, allocating $30 million to the full value of Master Walden's life and $10 million to his predeath pain and suffering claim. The Georgia Court of Appeals and Supreme Court unanimously affirmed the remitted verdict. Ex. B, Verdict, *Walden v. Chrysler Grp. LLC*, No. 12CV472 (Decatur Cnty. Super. Ct. Apr. 2, 2015); *Chrysler Grp. LLC v. Walden*, 792 S.E.2d 754 (Ga. Ct. App. 2016), *aff'd* 812 S.E.2d 244 (Ga. 2018).

In 2005, a jury in Clarke County, Georgia returned a $13 million verdict arising from the death of Anne Gibson, who burned alive when the gas tank of her car exploded following a 25-mph rear-end collision. The jury awarded $10 million for the full value of Ms. Gibson's life and $3 million for her predeath pain and suffering. That verdict was unanimously affirmed by the Georgia Supreme Court. Final Judgment, *Gibson v. Ford Motor Co.*, No. ST-00-CV-0111 (Clarke Cnty. State Ct. Dec. 16, 2005), *aff'd in pertinent part by* 659 S.E.2d 346 (Ga. 2008).

In September 2000—twenty years ago—a Northern District of Georgia jury returned a $11 million verdict for compensatory damages arising from the death of 11-year-old Richard Mason, who died because the Ford Explorer he was riding in was defective. The jury awarded $10 million for the full value of Master Mason and $1 million for his predeath pain and suffering. The Eleventh Circuit unanimously affirmed that verdict. *Mason v. Ford Motor Co.*, 307 F.3d 1271 (11th Cir. 2002); *see also Mason v. Ford Motor Co.*, No. 1:99-cv-459-TWT (filed Feb. 18, 1999).

In 2020, a Northern District of Georgia jury returned a $21 million verdict in a case arising from the death of 50-year-old Kip Holland, who died because of the negligence of a tractor-trailer driver. The jury awarded $13 million for the full value of Mr. Holland's life and $2 million for predeath pain and suffering. Ex. C, Judgment, *Holland v. Cypress Ins. Co.*, No. 2:17-cv-120-RWS (N.D. Ga. Feb. 6, 2020).

In 2019, a Muscogee County, Georgia jury returned a $27 million verdict in a case arising from the death of a 22-year-old Cindy Huynh, who died because of the negligence of a tractor-trailer driver. The jury awarded $22 million to the full value of Ms. Huynh's life claim and $5 million for her pain and suffering. *Huynh*

*v. MDV SpartanNash, LLC*, No. SC17CV70 (Muscogee Cnty. Super. Ct. Mar. 20, 2019).

In 2018, a Gwinnett County jury returned a $17.8 million verdict in a case arising from the death of 52-year-old Wade Blackwell, who died after falling from the third-story window of an office building he was inspecting. The jury awarded $12.8 million for the full value of Mr. Blackwell's life. Ex. D, Amend. Final Judgment, *Blackwell v. Classic Millwork Designs, Inc.*, No. 16-C-01755-4 (Gwinnett Cnty. State Ct. Apr. 10, 2019).

In 2016, a Clayton County jury awarded $20 million for the death of 33-year-old Florencio Gomez-Mendez, who died minutes after he was shot during a botched robbery attempt at an apartment complex. The jury awarded $18 million for the full value of Mr. Gomez-Mendez's life and $2 million for his predeath pain and suffering. *Kirschenbaum v. JAMCO Props., Inc.*, No. 2015-CV-00848E (Clayton Cnty. State Ct.); *see also* Br. of Appellees at 15, *JAMCO Props., Inc. v. Kirschenbaum*, No. A18A0283, 2017 WL 6033589 at *15 (Ga. Ct. App. Nov. 20, 2017).

In 2016, a Fulton County jury awarded $36 million for the death of 22-year-old Bobbi Kristina Brown. The jury awarded over $15 million for the full value of

Ms. Brown's life. Judgment, *Hargrove v. Gordon*, No. 2015CV262460, 2016 WL 7165476 (Fulton Super. Ct. Nov. 23, 2016).

In 2015, a Fulton County jury returned a $29.25 million verdict in a case arising from the death of Erik Hilario, who burned alive while working at a scrap-metal facility when flammable liquid that had pooled into his work area caught fire. The jury awarded $21 million for the full value of Mr. Hilario's life and $8.25 million for his predeath pain and suffering. Verdict, Hilario v. Newell Recycling of Atlanta, Inc., No. 2012EV015400-J, 2015 WL 12839542 (Fulton Cnty. State Ct. Sept. 3, 2015).

In 2015, a Fulton County jury awarded $36 million for the death of 40-year-old Sonya Dubose, who died from medical malpractice. The jury awarded $11 million for the full value of Ms. Dubose's life. Verdict, *Marion v. Little*, No. 2013EV016954A, 2015 WL 8491897 (Fulton Cnty. State Ct. Nov. 12, 2015).

In 2015, a Fulton County jury awarded $22 million in a case arising from the death of Gwendolyn Brown, who died from medical malpractice. The jury awarded $15 million for the full value of Ms. Brown's life. Verdict, *Brown v. Se. Pain Specialists, P.C.*, No. 2010EV010621, 2015 WL 723942 (Fulton Cnty. State Ct. Jan. 26, 2015), *rev'd on other grounds by* 811 S.E.2d 360 (Ga. 2018).

In 2015, a DeKalb County jury returned a verdict of $20.5 million in a case arising from the death of 25-year-old Brandon Harris, who was mentally disabled and died as result of medical malpractice. The jury awarded $10.5 million for the full value of Mr. Harris' life. Judgment, *Lewis v. Emory Univ., Inc.*, No. 11A3647-1, 2015 WL 5972879 (DeKalb Cnty. State Ct. Sept. 28, 2015).

In 2011, a Cobb County jury awarded $40 million in a case arising from the death of 45-year-old William Foster, who was killed by the negligence of a tractor-trailer driver. The jury awarded $28.68 million for the full value of Mr. Foster's life. Final Judgment, *Foster v. Landstar Ranger, Inc.*, No. 09-A-1698-2, 2011 WL 6012053 (Cobb Cnty. State Ct. Sept. 23, 2011).

In 2002, a Fulton County jury awarded $11.5 million in a case arising from the death of 46-year-old Donnadene Benjamin, who suffered from sickle cell anemia and died from medical malpractice. Judgment, *Benjamin v. Kennestone Hosp., Inc.*, No. 00-VS-006570, 2002 WL 33945437 (Fulton Cnty. State Ct. Nov. 4, 2002).

## CONCLUSION

Micah Andrews was an exceptional person who loved his life. His life was cut short because Autoliv designed, manufactured, and sold a defective seatbelt that spooled out 20 inches in a foreseeable collision. Had Autoliv's seatbelt not

been defective, Mr. Andrews would be alive today enjoying life to the fullest. But the Autoliv seatbelt was defective, and the full value of the "intangible" portion of the life Mr. Andrews lost—expressed in monetary terms, the only means available to this Court, sitting as a factfinder—far exceeds the sum of his future paychecks. The evidence in the case will show that the best part of Mr. Andrews' life was ahead of him—he was a young father and a talented and driven individual. Plaintiff respectfully requests that the Court use its "enlightened conscience" to codify that fundamental truth in its wrongful death damages award.

Respectfully submitted this 31st day of July, 2020.

BUTLER WOOTEN & PEAK LLP

BY: /s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
jim@butlerwooten.com
Georgia Bar No. 099625
TEDRA L. CANNELLA
tedra@butlerwooten.com
Georgia Bar No. 881085
RORY A. WEEKS
rory@butlerwooten.com
Georgia Bar No. 113491
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 32101713 Fax

BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
bill@ballardandfeagle.com
Georgia Bar No. 035625
GREGORY R. FEAGLE
greg@ballardandfeagle.com
Georgia Bar No. 256913
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
TEDRA L. CANNELLA
Georgia Bar No. 881085
RORY A. WEEKS
Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax

**CERTIFICATE OF SERVICE**

This is to certify that on July 31, 2020, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Douglas G. Scribner, Esq.
Jenny A. Hergenrother, Esq.
William J. Repko III, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

This 31st day of July, 2020.

BY: s/ James E. Butler, Jr.

JAMES E. BUTLER, JR.
Georgia Bar No. 099625
TEDRA L. CANNELLA
Georgia Bar No. 881085
RORY A. WEEKS
Georgia Bar No. 113491
Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax