**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased,** | **CIVIL ACTION FILE NO.** |
| | **1:14-cv-3432-SCJ** |
| **Plaintiff,** | |
| **v.** | |
| **AUTOLIV JAPAN, LTD.,** | |
| **Defendant.** | |

**ORDER**

This matter appears before the Court on Defendant Autoliv Japan, Ltd.'s

Motion to Permit Expert Testimony of Opinions 4 and 7 of Dr. William Van

Arsdell. Doc. No. [424].[1]

---

[1] The numbering of the opinions carries forward from the Court's March 11, 2020 Order, Doc. No. [420], pp. 10–12.

## I. BACKGROUND

As stated in the Court's prior order on Plaintiff's motion to exclude, Dr. Van Arsdell's Opinion 4 is that the seatbelt in the subject vehicle deployed as designed by Mazda and Opinion 7 is that Autoliv served as a prototypical component supplier for Mazda's J48C program.[2] Doc. No. [420], p. 10.

In the context of Plaintiff's motion to exclude Dr. Van Arsdell's testimony, the Court deferred ruling on Opinions 4 and 7 so that the parties could sufficiently address Plaintiff's Rule 26(e)(2) failure to supplement arguments. Doc. No. [420], pp. 16–19. As to Opinion 7, the Court stated:

> Any [future] argument shall include citation of authority and explanation as to whether Rule 26(e) was required to be complied with in the context of Dr. [Van] Arsdell's November 2018 review of the discovery materials as well as discussion of Rule 37(c)(1). Defendant Autoliv shall also address Plaintiff's argument that Dr. [Van] Arsdell has not reviewed the January 2019 Stegall evidence. Doc. No. [380], p. 10. The Court will issue a final ruling after both sides have had an opportunity to present argument (and citation of authority) as to the Court's Rule 26(e) and Rule 37(c) concerns.

Doc. No. [420], p. 19.

_____

[22] "J48C refers to the platform for the 2005 Mazda 3," the type of car that is at issue in this case. Doc. No. [407], p. 14, n.16 (citing Doc. No. [349], p. 4, n.3).

2

Defendant Autoliv's present motion attaches Dr. Van Arsdell's most recent supplemental report[3] and seeks to resolve the previously deferred ruling prior to the start of the bench trial. Doc. No. [424], p. 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c) states in relevant part: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[4]

---

[3] In said report, Dr. Van Arsdell states that after reviewing the documents Bates labeled AUTOLIV3547-68 (which Defendant states are the documents that it produced in the <u>Stegall</u> case), his opinion remains unchanged. Doc. No. [424], p. 10 n.35 (citing Doc. No. [424-1]).

[4] One court has noted that it is "correct that the [Rule 37(c)(1) sanction of exclusion is 'self-executing' and 'automatic' under the language of the Rule Advisory Committee notes." <u>Pitts v. HP Pelzer Auto. Sys., Inc.</u>, 331 F.R.D. 688, 695 (S.D. Ga. 2019) (citations omitted). The court went on to state that it had, however, "found inconsistent answers as to whether absence of substantial justification and harmlessness automatically results in exclusion. Circuit Courts having considered the issue are split. The Eleventh Circuit does not appear to have directly addressed the issue but has previously stated the district courts possess discretion regarding excluding evidence under Rule 37(c)(1) . . . ." <u>Id.</u> (citations omitted). <u>See</u> <u>Crawford v. ITW Food Equip. Grp., LLC</u>, 977 F.3d 1331, 1342 n.4 (11th Cir. 2020) ("we express no opinion on an issue that has split the circuits – i.e., whether or not, even in the absence of substantial justification or harmlessness, the fact of an untimely disclosure under Rule 26 automatically requires exclusion of the

3

"[S]ome courts have employed a series of factors to determine whether a failure to comply with Rule 26(a) is 'substantially justified'[5] or 'harmless.'" Ga. State Conference of the NAACP v. Fayette Cty. Bd. of Comm'ns, No. 3:11-CV-00123-TCB, 2015 WL 12089805, at *3 (N.D. Ga. July 7, 2015) (citing Bruce v. Classic Carrier, Inc., No. 1:11-cv-01472-JEC, 2014 WL 1230231, at *10 (N.D. Ga. Mar. 24, 2014). "For example, in Bruce, the court analyzed the following three factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness [were] allowed to testify." Id. (citations omitted).[6] "Although the Court need not constrain its analysis to a rigid set of factors, given the parties' arguments, the Bruce factors serve as a useful guide for discussion in this case." Id. It has also been held that "[f]ailure to disclose is considered 'harmless' where

_____

evidence rather than one of the 'other appropriate sanctions' suggested in Rule 37(c)(1)(C)." (citing Taylor v. Mentor Worldwide, LLC, 940 F.3d 582, 603 (11th Cir. 2019) (Judge J. Carnes concurring)).

[5] In the case *sub judice*, it does not appear that Defendant Autoliv is asserting that its actions were substantially justified—so, the Court will not perform a "substantially justified" analysis.

[6] It has been held that "[t]he exclusion of expert testimony under Rule 37(c)(1) is a severe sanction that is inappropriate if the opposing party is not prejudiced by the non-disclosing party's actions." Higgs v. Costa Crociere S.p.A. Co., No. 15-60280-CIV, 2016 WL 4370012, at *3 (S.D. Fla. Jan. 12, 2016).

there is no substantial prejudice to the party entitled to receive the disclosure." See Bosch v. Title Max, Inc., No. CIV A 03-AR-0463-S, 2004 WL 5238128, at *4 (N.D. Ala. Aug. 25, 2004).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (citations omitted).

## III. ANALYSIS

The Court must now decide if Defendant may present Dr. Van Arsdell's Opinions 4 and 7.

Plaintiff asserts that Defendant should be prohibited from eliciting Opinions 4 and 7 from Dr. Van Arsdell for two independent reasons: (1) Plaintiff had no notice that Dr. Van Arsdell would testify to Opinion 4 and Opinion 7 and (2) Dr. Van Arsdell's Opinions 4 and 7 are not based on reliable facts and data (because he did not consider the documentary evidence that outlines Autoliv's roles and responsibilities as a component supplier to Mazda). Doc. No. [428], pp. 3–4. The Court will address these arguments in turn.

A. <u>Notice</u>

As stated above, Plaintiff, through Counsel, asserts that she had no notice that Dr. Van Arsdell would testify to Opinion 4 and Opinion 7 until they were revealed in Defendant's draft portion of the Consolidated Pretrial Order. Doc. No. [428], p. 2. However, Defendant Autoliv asserts that these opinions are not new and provides a side-by-side comparison of the opinions at issue and the portions of Dr. Van Arsdell's report and deposition testimony in which he asserts and explains those opinions. Doc. No. [432], p. 2; <u>see also</u> Doc. Nos. [432-1] and [432-2]. As for Opinion 7, Defendant recognizes that Plaintiff mainly takes issue with its use of the word "prototypical" in the pretrial order and offers to limit Dr. Van Arsdell's testimony to use of the word "typical" (consistent with Dr. Van Arsdell's actual use of the word "typically" in his report and deposition) <u>Id.</u> at pp. 4–5. After review of Defendant's argument and exhibits at Doc. Nos. [432-1] and [432-2], the Court is unable to uphold Plaintiff's lack of notice arguments as said exhibits show that the opinions at issue were revealed (in more lengthy versions) prior to the pretrial order's concise version.

B. <u>Basis</u>

As stated above, Plaintiff argues that Dr. Van Arsdell's Opinions 4 and 7 are not based on reliable facts and data, because he did not consider the documentary evidence that outlines Autoliv's roles and responsibilities as a component supplier to Mazda. Doc. No. [428], pp. 3–4. After review, the Court concludes that the basis for Dr. Van Arsdell's should be addressed through cross-examination and presentation of evidence to the contrary—not pre-trial exclusion. The Court upholds Defendant's citation of authority to this regard. <u>See</u> Doc. No. [432], p. 6 (citing <u>Remington v. Newbridge Sec. Corp.</u>, No. 13-60384-CIV, 2014 WL 505153, at *5 n.3 (S.D. Fla. Feb. 7, 2014) ("Disagreement over an expert's conclusions, however, is properly addressed through cross-examination and the presentation of contrary evidence, and does not go to the admissibility of the expert's testimony.").

In summary, while it is clear that Dr. Van Arsdell's supplemental report was required earlier than the date it was produced, the Court is unable to conclude that the absence of the supplemental report has resulted in substantial prejudice and warrants the severe sanction of exclusion of his Opinions 4 and 7—

7

especially since any prejudice can still be cured through providing an opportunity for a second pretrial deposition[7] or meeting with Dr. Van Arsdell.[8]

## IV. CONCLUSION

Defendant Autoliv Japan, Ltd.'s Motion to Permit Expert Testimony (Doc. No. [424]) is **GRANTED with instruction**. Dr. Van Arsdell may offer Opinions 4 and 7 at trial. As to Opinion 7, Defense Counsel shall instruct Dr. Van Arsdell to not use the word "prototypical." Dr. Van Arsdell may only use the words "typical" or "typically" when testifying about Opinion 7. Upon motion and in the interest of caution, the Court will permit Plaintiff to schedule a meeting or conduct a second pretrial deposition of Dr. Van Arsdell at Defendant's expense.

---

[7] The Court recognizes that Plaintiff does not want another round of discovery and indicates that this amplifies her prejudice (Doc. No. [428], p. 19); however, without more, the Court is unable to agree as this procedure is in line with the Court's practice and exercise of its discretion in prior trials. Cf. Taylor, 940 F.3d 594 n.6 ("The district court's decision to resolve the Rule 26 disclosure issue by giving . . . additional time to prepare for [expert's] cross-examination reflects the court's intention to protect precisely those interests that Rules 26 and 37 were designed to protect.").

[8] As stated by another court, "the ability of the party to cure the prejudice" is a factor that should guide the Court in determining whether to exclude evidence pursuant to Rule 37(c)(1). See May v. Lake Front Grp. Ltd., No. 12-20497-CIV, 2012 WL 12898021, at *1 (S.D. Fla. Sept. 7, 2012); see also Crawford, 977 F.3d at 1342 (declining to find abuse of discretion in trial court's decision to not exclude expert's supplemental affidavit "[i]n light of . . . sparse challenge on appeal and the absence of evidence that [opposing party] was prejudiced by surprise or impairment of ability to prepare . . ."). In the case *sub judice*, there is still time to prepare for the upcoming bench trial.

**IT IS SO ORDERED** this 20th day of January, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**