IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>AUTOLIV JAPAN, LTD.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:14-cv-3432-SCJ |

## ORDER

This matter appears before the Court on the January 15, 2021 letter inquiry from Plaintiff's Counsel concerning whether the Court intends to move forward with the in-person bench trial scheduled for March 8, 2021.[1] The Court thereafter held a Zoom status conference with counsel of record on January 25, 2021.

---

[1] The Court received and reviewed additional letter correspondence from Plaintiff's Counsel dated January 21, 2021 and January 25, 2021. The Court also received and reviewed letter correspondence from Defense Counsel dated January 19, 2021.

As correctly noted by Plaintiff's Counsel in his letter correspondence, the COVID-19 pandemic continues to rage and is much worse than in October 2020, the last time that the bench trial was postponed. See generally, Gen. Order 20-01, NDGa. (as amended Jan. 27, 2021) (stating that the daily COVID-19 infection rates and test positivity rates remain extremely high and continue to far exceed the high rates of infection experienced during the summer of 2020 and also noting that the state of Georgia's current conditions have been characterized as consistent with "a full pandemic resurgence.").

In light of the current status of the pandemic and the Court's review of general guidance from the Centers for Disease Control (CDC), the Court does not deem it safe for the parties, counsel, witnesses (some from out-of-state), and court staff to gather in an enclosed courtroom for seven to eight days for purposes of trial.

The Court has also given due consideration to Defense Counsel's request to proceed in a virtual format utilizing Zoom technology. The Court recognizes that Plaintiff's Counsel strongly opposes a virtual trial.

The Court's independent research has revealed a number of cases in which district courts ordered virtual trials over objection. See e.g., Flores v. Town of

Islip, No. 18-CV-3549, 2020 WL 5211052 (E.D. N.Y. Sept. 1, 2020); Argonaut Ins. Co. v. Manetta Enters., Inc., No. 19-CV-00482, 2020 WL 3104033 (June 11, 2020); Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n, 470 F. Supp. 3d 735 (2020); In re RFC and ResCap Liquidating Tr. Action, 444 F. Supp. 3d 967 (2020); and Centripetal Networks, Inc. v. Cisco Sys., Inc., No. 2:18cv94, 2020 WL 3411385 (E.D. Va. Apr. 23, 2020). These courts derived their authority to move forward over objection by utilizing the "good cause" language in Federal Rule of Civil Procedure 43(a), which states in relevant part:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a); see also Fed. R. Civ. P. 77(b) ("Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom . . . But no hearing--other than one ex parte--may be conducted outside the district unless all the affected parties consent.").

While there is no Eleventh Circuit case that has addressed this issue in the COVID-19 context, after review of the reasoning of the above-cited cases and

3

Rule 43's good cause standard, the Court is of the opinion that it has discretion to order a virtual bench trial over Plaintiff's objection. See Rasmussen v. W. E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975) ("discretion is involved in determining whether good cause exists . . . ."). However, there is some language in the Advisory Committee notes to Rule 43 that lends support to Plaintiff's opposition argument (i.e., a virtual trial will rob the evidence of its power and impact before the factfinder). More specifically, in amending Rule 43, the Advisory Committee wrote: "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. In recognition that this Court has discretion as to how it will receive evidence, the Court will not exercise its discretion to force Plaintiff into a virtual trial. The Court does not believe that this would be appropriate.

The Court remains confident and hopeful that this case can be tried before the end of 2021. To this regard, the parties are ordered to confer and agree on a trial date that falls after August 15, 2021.

In summary, the March 8, 2021 bench trial is **CONTINUED**. The parties are **ORDERED** to confer and agree on a trial date that falls after August 15, 2021.

**IT IS SO ORDERED** this 27th day of January, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**
