IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased,** | **CIVIL ACTION FILE NO.** <br><br> **1:14-cv-3432-SCJ** |
| **Plaintiff,** | |
| **v.** | |
| **AUTOLIV JAPAN, LTD.,** | |
| **Defendant.** | |

## ORDER

This matter appears before the Court on Plaintiff's Motion in Limine to Exclude Any Evidence about the "Severity" or "Rarity" of Frontal Collisions (Doc. No. [448]).

## I. BACKGROUND

In the pending motion in limine, Plaintiff "requests that the Court prohibit Autoliv from offering any statistics evidence (e.g., graphs, charts, [learned treatises] or testimony) about the supposed 'severity' or 'rarity' of Mr. Andrews'

crash that is not based on substantially similar collisions involving substantially

similar vehicles." Doc. No. [448], p. 12. Plaintiff specifically seeks to exclude

testimony from defense expert, William Van Arsdell, Ph.D, that a 35 mph impact

is in the "98–99th percentile of severity." Id. at p. 2. Plaintiff's arguments derive

from the substantial similarity doctrine, which the Eleventh Circuit has described

as follows:

> The doctrine of substantial similarity applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation. In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the "substantial similarity doctrine." This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury.

Tran v. Toyota Motor Corp., 420 F.3d 1310, 1316 (11th Cir. 2005) (citing Heath v.

Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997)).

2

## II. LEGAL STANDARD

A motion in limine is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). "The district court has wide discretion in determining the relevance of evidence produced at trial." Boyd v. Ala. Dep't. of Corr., 296 F. App'x 907, 908 (11th Cir. 2008); see also United States v. Nowak, 370 F. App'x 39, 41 (11th Cir. 2010) ("District courts have broad discretion to admit probative evidence, but their discretion to exclude [relevant] evidence under Rule 403 is limited.").

It has been held that "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence . . . . [C]ourts are advised to deny motions in limine in non-jury cases . . . .[in that] [w]hen ruling on motions in limine, a court is forced to determine the admissibility of evidence without the benefit of the context of trial." Singh v. Caribbean Airlines Ltd., No.

13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citations omitted). "Nevertheless, the Court is not precluded from granting motions to exclude evidence in a bench trial, especially where resolution of the motion would streamline the trial process." Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co., No. 1:18-CV-21733-UU, 2019 WL 5256980, at *4 (S.D. Fla. Mar. 22, 2019).

## III. ANALYSIS

The Court now considers whether Defendant may offer evidence about the severity or rarity of frontal collisions at trial.

Defendant Autoliv asserts that the testimony at issue is relevant ("because it demonstrates that the vast majority of automobile collisions in the United States are 'minor' collisions) and that it "is offering the severity testimony as background information to educate the Court as to the most frequent collision impact speeds in the United States." Doc. No. [465], pp. 2, 5. Defendant states that "it is only with this background information that the Court can properly consider whether the subject seatbelt's design was reasonable." Id. at p. 5. Defendant further states that the substantial similarity doctrine, asserted by Plaintiff, is not applicable here, because Defendant Autoliv is not offering the evidence to show

4

a lack of notice, lack of danger, inability to correct a known defect, safety for intended uses, weakness of a product, or lack of causation. Id. at pp. 4–5. Defendant also states that even if the doctrine were applicable, "substantially similar collisions would not be limited to only those involving 2005 Mazda 3s or cars, as Plaintiff suggests." Id. at p. 3. Defendant states that "so long as the collisions underlying Dr. Van Arsdell's testimony involved automobiles being driven by individuals on a roadway or in another non-testing environment . . . they are substantially similar to Mr. Andrews's collision for purposes of Dr. Van Ardell's severity testimony." Id. at p. 7.

In reply, Plaintiff notes that Defendant Autoliv "fails to cite a single case in which a court permitted statistical evidence of other collisions—for any purpose at all—without a showing of substantial similarity." Doc. No. [471], p. 2. Plaintiff also states that "[u]sing statistics to try to prove that the design is reasonable is the exact same thing as using statistics to try to prove that a product is not defective." Id. at p. 5.

In support of her argument, Plaintiff cites a recent case issued by the Honorable Mark Cohen, United States District Judge in Fox v. General Motors, No. 1:17-cv-209—MHC, 2019 WL 3483171 (N.D. Ga. Feb. 4, 2019). In Fox, the

plaintiff moved to prohibit defense experts "from presenting statistical studies to show that [plaintiff's] rollover accident was 'rare.'" Id. at *24. More specifically, like the case *sub judice*, the Fox plaintiff objected to an expert opinion that "[t]he subject crash was a rare event within the population of motor vehicle crashes in the United States." Id. Also, in Fox, Judge Cohen surveyed the case law and stated that "a number of courts have applied the 'substantial similarity' standard to statistical evidence and limited the introduction of such evidence to vehicles that are the same type as that underlying the case before the court." Id. at *27 (citations omitted). Judge Cohen reviewed Eleventh Circuit authority and held that "the Eleventh Circuit has not rejected the 'substantial similarity' requirement when referencing statistical evidence." Id. (citing Hockensmith v. Ford Motor Co., No. 03-13729, 116 F. App'x 244, *11 (11th Cir. Aug. 5, 2004)); see also Doc. No. [448-2], p. 2). In partially granting plaintiff's motion to exclude, Judge Cohen stated: "the [c]ourt will permit [defendant's] experts to testify only on statistical studies concerning vehicles that are substantially similar to the vehicle at issue in this case." Id. Judge Cohen also noted defendant's briefing contained no argument as to why the statistics it wished to rely upon met the substantial similarity standard. Id. at *27.

The Court agrees that Judge Cohen's opinion provides guidance and adopts its reasoning as its own. The Court further concludes that the substantial similarity doctrine *applies* to the evidence at issue. The Court is unable to uphold Defendant's arguments to the contrary.

Next, the Court considers Defendant's argument that Dr. Van Arsdell's testimony meets the requirements of the substantial similarity doctrine. According to Defendant, "so long as the collisions underlying Dr. Van Arsdell's testimony involved automobiles being driven by individuals on a roadway or in another non-testing environment . . . they are substantially similar to Mr. Andrews's collision for purposes of Dr. Van Ardell's severity testimony." Doc. No. [465], p. 7. As stated by Judge Cohen in the Fox case, "the [c]ourt will permit [defendant's] experts to testify only on statistical studies concerning vehicles that are substantially similar to the vehicle at issue in this case." 2019 WL 3483171, at *27. In the case *sub judice*, the Court is of the opinion that Defendant's arguments (and proposed evidence concerning all automobiles being driven on a roadway/non-testing environment) are too broad, fall in the dissimilar

7

category, and otherwise do not meet the limitation of involving vehicles substantially similar to the 2005 Mazda 3.[1]

On the whole, the admissibility of the evidence at issue is subject to the reasonable discretion of this Court. See Heath, 126 F.3d at 1396 n.13. Here, the Court will exercise its discretion to grant the motion to exclude and not allow the challenged testimony.

## IV. CONCLUSION

Plaintiff's Motion in Limine to Exclude Any Evidence about the "Severity" or "Rarity" of Frontal Collisions (Doc. No. [448]) is **GRANTED**. Defendant is prohibited from offering any statistical evidence (e.g., graphs, charts, learned treatises, or testimony) about the alleged "severity" or "rarity" of Mr. Andrews's crash that is not based on substantially similar collisions involving substantially similar vehicles to the 2005 Mazda 3.

**IT IS SO ORDERED** this 2nd day of February, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff further asserts that "even if Autoliv tried to limit the data to collisions involving vehicles substantially similar to the Mazda3, then such a disclosure would be untimely." Doc. No. [471], p. 2. Considering that discovery has closed, the Court agrees that any new opinions face timeliness problems.

8