THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased, | * * * * * * * | CIVIL ACTION FILE NO. 1:14-CV-03432-SCJ |
| Plaintiff, | * * | |
| v. | * * | |
| AUTOLIV JAPAN, LTD., | * * | |
| Defendant. | * | |

**PLAINTIFF'S MOTION TO AMEND AND MODIFY THE COURT'S
<u>FINAL ORDER AND JUDGMENT</u>**

Plaintiff requests that the Court open the Judgment entered on January 3, 2022 [Doc. 534],[1] to amend and modify it in two ways.

*First*, Plaintiff requests that the Court amend the Judgment to include the amount of compensatory damages omitted because of apportionment of fault to Mazda: **$13,509,671.70**. That amendment is warranted because of controlling

---

[1] Document 534 is shown as "filed 12/31/21" but the Docket Text shows it was entered at 8:00 A.M. on "1/3/22."

Georgia caselaw issued on November 1, 2021—which was *after* the bench trial and *before* the Court's Final Order and Judgment entered January 3, 2022.[2]

*Second*, Plaintiff requests that the Court further modify the Judgment to include the amount of prejudgment interest that Autoliv owes for failing to timely accept a settlement demand under O.C.G.A. § 51-12-14: **$4,734,349.55**.

The modified and amended Judgment against Autoliv should be as follows:

**$19,343.40** for funeral and medical expenses;

**$2,000,000.00** in general damages for the predeath fright, shock, terror, and pain and suffering that Micah Andrews endured;

**$25,000,000.00** for the full value of Micah Andrews' life;

**$100,000,000.00** for punitive damages; and

**$4,734,349.55** for prejudgment interest.[3]

---

[2] The decision is *Georgia CVS Pharmacy, LLC v. Carmichael*, 865 S.E.2d 559 (Ga. Ct. App. 2021). Plaintiff's counsel simply missed the possible applicability of that Court of Appeals decision to this pending case while awaiting the Court's Final Order and Judgment. This decision is so new Westlaw does not yet have the pagination. For that reason, Plaintiff has used case pincites based on the Georgia Court of Appeals' slip opinion, available at https://efast.gaappeals.us/download?filingId=1260bd18-1067-424b-9622-9592df19d165.

[3] Also pending is Plaintiff's Motion for Damages Under O.C.G.A. §9-11-68(e). Doc. 535 (1/3/21).

Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, Plaintiff's timely filing of this Motion to Amend and Modify the Court's Final Order and Judgment stays the start of the 30-day period Autoliv has to file a notice of appeal until the date that the Court decides this motion. Should Autoliv file a notice of appeal before the Court decides this motion, Autoliv's notice will not become effective to appeal the Court's Final Order and Judgment until this motion is decided.[4]

---

[4] Federal Rule of Appellate Procedure 4(a)(4) provides in full:

> (4) *Effect of a Motion on a Notice of Appeal.*
>
> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
>
> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule

## I. GEORGIA LAW MANDATES THAT AUTOLIV IS 100% RESPONSIBLE FOR ALL COMPENSATORY DAMAGES, EVEN THOUGH THE COURT APPORTIONED SOME FAULT TO MAZDA.

On November 1, 2021, the Georgia Court of Appeals issued its decision in *Georgia CVS Pharmacy, LLC v. Carmichael*, 865 S.E.2d 559 (Ga. Ct. App. 2021). *Carmichael* is a premises liability case arising from a nonfatal shooting that occurred in a CVS parking lot in December 2012. Slip Op. at 1. The jury allocated 95% of the fault for the plaintiff's injuries to CVS and 5% of the fault to the plaintiff; the jury did not allocate any percentage of fault to the unidentified shooter or to the person the plaintiff had met with just before the incident. Slip Op. at 3-4. The jury returned a $45 million verdict, and after adjusting for the plaintiff's percentage of fault, the trial court entered a judgment of $42,750,000.

---

4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(iii) No additional fee is required to file an amended notice.

Slip Op. at 6.  Having moved for and lost motions for new trial and judgment notwithstanding the verdict, CVS appealed.  One issue from CVS's appeal is relevant to this case.

CVS argued to the Georgia Court of Appeals that the damages verdict in *Carmichael* "[wa]s void because the jury improperly apportioned fault by determining that the unidentified shooter was 0% at fault for [the plaintiff's] injuries."  Slip Op. at 20.  In resolving that argument against the defendant, the Court of Appeals initially focused on why the verdict was not "void" under Georgia law and why the record contained sufficient evidence to support the jury's assignment of 0% fault to the unidentified shooter.  *See* Slip Op. at 20-23.  The court's holdings and discussion in that section are relevant *to this case* only because they set the stage for the court's alternative holding.[5]

---

[5] In Georgia, alternative holdings are binding precedent—so long as the court actually decides the point at issue.  *See QOS Networks Ltd. v. Warburg, Pincus & Co.*, 669 S.E.2d 536, 541 (Ga. Ct. App. 2008) ("A ruling is not dictum merely because the disposition of the case is or might have been made on some other ground.  Where a case presents two or more points, any one of which is sufficient to determine the ultimate issue, but the court actually decides all such points, the case is an authoritative precedent as to every point decided, and none of such points can be regarded as having merely the status of a dictum." (quoting *Vann v. Am. Credit Co.*, 155 S.E.2d 459, 460-61 (Ga. Ct. App. 1967))).  The Eleventh Circuit has recognized that alternative holdings are binding precedent in Georgia.  *See World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 958-59 (11th Cir. 2009) (holding that "decisional law of Georgia appears to recognize

In *Carmichael*, the Court of Appeals also held that even if the evidence had been insufficient to support the jury's failure to apportion any fault to the unidentified shooter (or any nonparty), that "error would be harmless under the Supreme Court of CVS's recent decision in *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, [862 S.E.2d 295 (Ga. 2021)]." Slip Op. at 24. The Georgia Supreme Court's decision in *Alston & Bird*[6] held that the plain language of the apportionment statute, O.C.G.A. § 51-12-33(b), permits the factfinder "to apportion damages to non-parties" only "when there are multiple named defendants in the case." *Carmichael* Slip Op. at 24 (summarizing *Alston & Bird*'s holding in division (2), 862 S.E.2d at 298-302). As a result, the Georgia Supreme Court held that the Georgia apportionment statute has "no grant of authority . . . to reduce damages according to the percentage of fault allocated to a nonparty in a case with only one named defendant." *Carmichael* Slip Op. at 24-25 (quoting *Alston & Bird*, 862 S.E.2d at 300).

In *Alston & Bird*, a former client sued the law firm for legal malpractice and breach of fiduciary duty, and the jury found that Alston & Bird was liable on both

---

alternative holdings as binding" and applying alternative holding from Georgia Supreme Court decision as binding Georgia law).

[6] This Court cited the *Alston & Bird* decision in the apportionment section of the Final Order and Judgment. Doc. 534 at 59, 63.

6

claims. 862 S.E.2d at 297. From the outset of that case, Alston & Bird was the only named defendant. Not so in *Carmichael*. There, the plaintiff "initially sued various companies that owned the [CVS property], as well as two fictitious CVS employees, but these other defendants were apparently dismissed before trial." *Carmichael* Slip Op. at 4 n.1.

But in *Carmichael*, the Court of Appeals held that *Alston & Bird*'s apportionment holding nevertheless applied because "just as in *Alston & Bird, LLP*, CVS was the only named defendant in this case *by the time the case proceeded to trial*." Slip Op. at 25 (emphasis added). Because *Alston & Bird*'s apportionment holding applies to all cases in which there is only one named defendant at the time of trial, any fault assigned to a nonparty "would not change" the damages imposed on the named defendant "because O.C.G.A. § 51-12-33(b) does not allow the amount of damages to be reduced based on non-party fault in these circumstances." *Carmichael* Slip Op. at 25.[7] Thus, the *Carmichael* court

---

[7]"In this case, just as in *Alston & Bird, LLP*, CVS was the only named defendant in the case by the time the case proceeded to trial. *See Schriever v. Maddox*, 259 Ga. App. 558, 561 (2) (c), 578 S.E.2d 210 (2003) ("[S]ince the company doctor was no longer a party to the action," the case was no longer "an action [ ] brought against more than one person" for apportionment purposes) (construing a former version of OCGA § 51-12-33). Thus, regardless of how much fault the jury assigned to the non-party shooter, the amount of damages awarded against CVS would not change because OCGA § 51-12-33 (b) does not allow the amount of damages to be reduced based on non-party fault in these circumstances. Thus, any alleged failure

held that any error the jury made by assigning no fault to the unidentified shooter was "ultimately harmless." Slip Op. at 25.

*Carmichael* is binding Georgia precedent.[8] Judge Grimberg recently acknowledged that fact in *Giusto v. International Paper Co.*, --- F. Supp. 3d ---, 2021 WL 5493494, at *13 (N.D. Ga. Nov. 23, 2021). Quoting *Carmichael*, Judge Grimberg held that "[u]nder Georgia's substantive apportionment law, 'when only one named defendant is present in the case, O.C.G.A. § 51-12-33(a) controls and provides that damages may only be reduced or apportioned based on the amount of fault assigned to the plaintiff.'" *Id.* (quoting *Carmichael* Slip Op. at 24).

*Carmichael* makes clear that *Alston & Bird*'s apportionment holding applies to all cases, such as this one, in which only one defendant remains at the time of trial.

Here, the Court allocated 50% of the fault for Micah Andrews' injuries and death to Mazda. *See* Doc. 534 at 75-76. Applying the controlling decisions of

---

by the jury in declining to assign fault to the non-party shooter based on this evidence was ultimately harmless."

[8] While Judge John Pipkin III concurred in the judgment only, Georgia Rule of Appellate Procedure 33.2(a)(1) provides that effective August 1, 2020, decisions in which a majority of the judges fully concur in the rationale—as is the case in *Carmichael* because Judge Ken Hodges joined Judge Yvette Miller's opinion—are "binding precedent." The old "physical precedent" rule is no longer in effect in Georgia—for newly decided cases.

*Alston & Bird* and *Carmichael*, the Court's allocation of fault to Mazda ***cannot reduce*** the amount of damages that Autoliv owes under O.C.G.A. § 51-12-33(b).[9] Thus, although the Court found that Autoliv is only 50% at fault for Mr. Andrews' injuries and death, Georgia law requires Autoliv to pay 100% of the damages because it was the only named defendant at the time of trial.[10]

Accordingly, Plaintiff respectfully submits that this Court must, under Federal Rules of Civil Procedure 52(b) and 59(e), amend the Final Order and Judgment so that it is consistent with the binding decisions in *Alston & Bird* and *Carmichael*. The amended Judgment against Autoliv should be as follows:

**$19,343.40** for funeral and medical expenses;

**$2,000,000.00** in general damages for the predeath fright, shock, terror, and pain and suffering that Micah Andrews endured;

**$25,000,000.00** for the full value of Micah Andrews' life; and

**$100,000,000.00** for punitive damages.

---

[9] There is no reduction of damages under O.C.G.A. § 51-12-33(a) because this Court held that Micah Andrews was not at "fault" for his injuries and death. *See* Doc. 534 at 66-70.

[10] In the *Alston & Bird* case, although the jury found that Alston & Bird was only 32% at fault, the Georgia Supreme Court held that the law firm was liable for nearly the entire verdict (everything but the 8% of the fault allocated to the plaintiff). *See* 862 S.E.2d at 297, 301-02.

## II.  GEORGIA LAW ENTITLES PLAINTIFF TO PREJUDGMENT INTEREST.

The trial of this case started on October 4, 2021.  That was 2,573 days after this case was filed.  But this case did not have to last more than 7 years.  On April 6, 2015, just 200 days after this case was filed,[11] Plaintiff sent to Autoliv and the other defendants, by certified mail, a written settlement demand for $9.5 million.  Ex. 1, 4/6/15 Settlement Demand at 1.  Plaintiff made clear that her demand was open for only 30 days and was "made specifically pursuant to O.C.G.A. § 51-12-14 for unliquidated damages in a tort action."  *Id.* at 3.  Autoliv refused Plaintiff's reasonable demand.

Plaintiff is entitled to prejudgment interest under Georgia's Unliquidated Damages Interest Act, O.C.G.A. § 51-12-14.  To be entitled to interest under the Act, "a claimant" must send "written notice" by "certified mail" to "a person" making "a demand for an amount of unliquidated damages in a tort action" and specifying that the written notice "is being given pursuant to [§ 51-12-14]."  § 51-12-14(a), (b).  If the person receiving the demand fails to pay "within 30 days from the mailing," as Autoliv failed to do, then the claimant (here, Plaintiff) "shall be

---

[11] Although the case was 200 days old, hardly any meaningful discovery had taken place and no expert discovery or party depositions had occurred.

10

entitled to receive interest on the amount demanded" so long as "the judgment is for an amount not less than the amount demanded." § 51-12-14(a).  Plaintiff's written notice to Autoliv satisfied all those conditions, and the Judgment in this case (even excluding punitive damages[12] and without inclusion of the damages apportioned to Mazda, which should be included for the reasons articulated in Part I) exceeds the amount demanded.

The Act makes clear that interest runs from the "the thirtieth day following the date of the mailing or delivering of the written notice until the date of the judgment." § 51-12-14(c).  There were 2,434 days between May 6, 2015 (30 days after the written notice was mailed) and January 3, 2022 (the date the judgment was entered).  The rate of the prejudgment interest equals (a) the prime rate, as published by the Board of Governors of the Federal Rule on the thirtieth day after the written notice was mailed, plus (b) three percent.  *Id.*  For the entire month of May 2015, the prime rate was 3.25%.  Ex. 2, Bd. of Govs., Fed. Res. Sys. H.15 for May 2015 (last accessed Jan. 4, 2022).  That means Plaintiff is entitled to prejudgment interest at an annual rate of 6.25%.

---

[12] Under Georgia law, prejudgment interest is available only if "the judgment for compensatory damages is for an amount not less than the amount demanded"; punitive damages are not considered in the comparison. *Peters v. Hyatt Legal Servs.*, 469 S.E.2d 481, 485 (Ga. Ct. App. 1996).

11

Plaintiff is entitled to prejudgment interest in the amount of **$4,734,349.55**. The following formula was used to calculate the amount of prejudgment interest:

$$I = P(1 + \frac{r}{n})^{nt} - P$$

where $I$ = interest, $P$ = initial principal (i.e., the demand amount); $r$ = interest rate (expressed as a decimal); $n$ = number of times interest applied per time period (i.e., 1 for annual compounding); and $t$ = number of time periods elapsed (i.e., 6.67 years).

Accordingly, Plaintiff respectfully submits that this Court must, under Federal Rule of Civil Procedure 52(b) and 60(b)(6), modify the Final Order and Judgment to include the amount of prejudgment interest that Plaintiff is entitled to under Georgia law.

Respectfully submitted on January 5, 2022.

>BUTLER PRATHER LLP
>
>*/s/ James E. Butler, Jr.*
>JAMES E. BUTLER, JR.
>  jim@butlerprather.com
>  Georgia Bar No. 099625
>MICHAEL F. WILLIFORD
>  michael@butlerprather.com
>  Georgia Bar No. 243464
>2719 Buford Highway
>Atlanta, Georgia 30324
>(404) 321-1700
>(404) 321-1713 Fax

CANNELLA SNYDER LLC

TEDRA L. CANNELLA
  tedra@cannellasnyder.com
  Georgia Bar No. 881085
RORY A. WEEKS
  rory@cannellasnyder.com
  Georgia Bar No. 113491
Post Office Box 1399
Decatur, GA 30031
(404) 800-4828
(404) 393-0365


BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  bill@ballardandfeagle.com
  Georgia Bar No. 035625
GREGORY R. FEAGLE
  greg@ballardandfeagle.com
  Georgia Bar No. 256913
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
jim@butlerprather.com
Georgia Bar No. 099625

## **CERTIFICATE OF SERVICE**

This is to certify that on January 5, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of records follows:

>Douglas G. Scribner, Esq.
>Jenny A. Hergenrother, Esq.
>William J. Repko III, Esq.
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA 30309-3424

>*/s/ James E. Butler, Jr.*
>JAMES E. BUTLER, JR.
>jim@butlerprather.com
>Georgia Bar No. 099625