THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased, | * * * * * * * | CIVIL ACTION FILE NO. 1:14-CV-03432-SCJ |
| Plaintiff, | * * | |
| v. | * * | |
| AUTOLIV JAPAN, LTD., | * * | |
| Defendant. | * | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND AND MODIFY THE COURT'S FINAL ORDER AND JUDGMENT**

The Court should grant Plaintiff's motion to amend and modify the Court's Final Order and Judgment.

*First*, Autoliv cannot seriously dispute that it owes prejudgment interest for refusing to accept Plaintiff's settlement offer. The crux of Autoliv's dispute is about how to calculate the amount it owes: whether interest is compounded annually (as Plaintiff argues) or is compounded simply (as Autoliv claims). Based on the text of the statute, the answer is that interest should be compounded annually. Thus, the Final Order and Judgment should be modified to add

**$4,734,349.55** in prejudgment interest.

*Second*, under Georgia law *damages* cannot be apportioned to a nonparty when only one named defendant remains at the time of trial. That was the holding by the Georgia Court of Appeals in *Georgia CVS Pharmacy, LLC v. Carmichael*, 865 S.E.2d 559 (Ga. Ct. App. 2021). This Court cannot ignore that decision simply because it was not issued by the Georgia Supreme Court, as Autoliv argues, especially since the Court of Appeals decision in *Carmichael* is expressly based on an August 2021 Georgia Supreme Court decision, *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295 (Ga. 2021).[1] Applying *Carmichael*, this Court should amend the Judgment to hold Autoliv liable for the full amount of the verdict.

## I.    AUTOLIV OWES PREJUDGMENT INTEREST.

### A.    The Court should not wait to decide how much prejudgment interest Autoliv owes.

Autoliv asks this Court to reserve decision about how much prejudgment interest Plaintiff is entitled to until the Court rules on Autoliv's posttrial motion

---

[1] Autoliv attached to its response brief, as "Exhibit 1," the January 24, 2022 petition for certiorari to the Georgia Supreme Court filed by the losing defendant in the *Carmichael* case. Doc. 541-1. But the Georgia Court of Appeals' decision is both binding Georgia law and clearly sound given the text of the Georgia statute and the Supreme Court's decision in *Alston & Bird*.

(Doc. 543). In response to Plaintiff's motion to amend and modify the Final Order and Judgment, Autoliv argues that the Court should wait to decide how much prejudgment interest it owes because Autoliv believes that the Court committed a "clear error" that if left uncorrected will result in "a manifest injustice" in the Final Order and Judgment. *See* Autoliv Posttrial Mot., Doc. 543 at 2. That error, according to Autoliv, was the Court's conclusion that Autoliv did not prove that Bosch bore any fault for Micah Andrews' injuries and death. *See id.* at 33-34; *see also* Autoliv Resp. to Pl.'s Mot., Doc. 541 at 15-18. Autoliv could not be more incorrect. The Court made no error at all—*much less a "clear" error*—when it concluded that Autoliv did not prove that Bosch was at fault for Mr. Andrews' injuries and death.

At trial, Plaintiff's expert Chris Caruso testified that the Autoliv airbag did not deploy because the electronic front sensor got disconnected before it could send a signal to the car's airbag control module (i.e., the blackbox). 10/6/21 AM, Caruso Testimony 44/18-24, 87/12-24; Final Order and Judgment, Doc. 534 at 71-72. Mr. Caruso testified that Mazda was responsible, not Bosch, for that failure of the electronic front sensor to send a signal. *See* Ex. 2. At trial, Mr. Caruso's testimony was "unrebutted." *Id.* at 73. Caruso was also designated by Autoliv as its own expert witness. Autoliv Witness List, Doc. 358-8 at 26, 27. The Court

3

*could not have reached* any conclusion contrary to Mr. Caruso's testimony; the Court had to conclude that Autoliv did not prove that Bosch bore any fault for Micah Andrews' injuries and death.[2]  That conclusion could not be "error."  The Court should not wait to decide how much prejudgment interest Autoliv owes.

### B.     Autoliv owes Plaintiff the claimed prejudgment interest.

All this is undisputed:[3]  In April 2015, Plaintiff sent Autoliv a settlement demand that complied with Georgia's Unliquidated Damages Interest Act, O.C.G.A. § 51-12-14.  Autoliv did not pay the amount demanded within the 30-day deadline set by Plaintiff's demand.  The Court's Judgment awards compensatory damages to Plaintiff and against Autoliv in an amount that exceeds Plaintiff's demand (even when excluding the damages apportioned to Mazda).

Autoliv disputes Plaintiff's claim that prejudgment interest should be compounded annually.  Autoliv contends the prejudgment interest should be compounded simply.  Autoliv has offered no evidence to support its contention. Doc. 541 at 20-21.  So we address that limited question.

---

[2] Indeed, despite this case having pended for seven years before trial (filed 9/18/14 in Fulton State Court, *see* Doc. 1 (10/24/14 Notice of Removal)), Autoliv never hired an expert witness to try to blame Bosch; Autoliv did not even admit that the airbag was defective until the morning of the first day of trial, October 4, 2021, when Autoliv submitted its proposed findings of fact and conclusion of law.

[3] *See* Doc. 541 at 19.

The Unliquidated Damages Interest Act provides that interest "shall be at *an annual rate*" based on the prime rate 30 days after the demand is sent plus 3 percent. § 51-12-14(c) (emphasis added). Attached hereto as Exhibit 1 is the Declaration of Plaintiff's expert Michael Daniels, Ph.D., who is an economist.[4] It is Dr. Daniels' opinion is that "[b]ased on [his] experience and training as an economist, the reference to interest being calculated 'at an annual rate' means that interest is compounded yearly." Ex. 1 at ¶ 6. Autoliv has no evidence to rebut Dr. Daniels' conclusion; Autoliv offers nothing but its lawyers' argument.

The text of other Georgia interest statutes supports the conclusion that prejudgment interest should be compounded annually. For example, other Georgia statutes explicitly provide that the interest awarded will be "simple interest." *See, e.g.*, O.C.G.A. § 7-4-2 ("The legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract."). Thus, when a party is supposed to receive only simple interest, the General

---

[4] Dr. Daniel's was Plaintiff's economics expert. Plaintiff's Witness List, Doc. 358-7. Autoliv never designated an economist to disagree with even one of Dr. Daniels' calculations in this case. Instead, at trial Autoliv *stipulated* to Dr. Daniels' calculations regarding the present-day value of Plaintiff's damages. *See* Doc. 503 ¶ 38.

5

Assembly explicitly says so.[5]  That the General Assembly said no such thing in the Unliquidated Damages Interest Act shows that interest should be compounded annually.

There being no evidence to contract Dr. Daniels' learned conclusion, and same being consistent with the rules of statutory construction, the Court should award Plaintiff prejudgment interest at 6.25 percent, compounded annually, over a 6.67-year period.  The amount of that prejudgment interest is **$4,734,349.55**.[6]

## II.   GEORGIA LAW DOES NOT ALLOW AUTOLIV TO REDUCE THE DAMAGES IT OWES BASED ON THE PERCENTAGE OF FAULT ALLOCATED TO MAZDA.

In setting forth its findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a), the Court has a duty to correctly apply Georgia law.  The Court's Final Order and Judgment must be amended to comply with that duty.

After the bench trial but before the Final Order and Judgment issued, the Georgia Court of Appeals decided *Georgia CVS Pharmacy, LLC v. Carmichael*, 865 S.E.2d 559 (Ga. Ct. App. 2021).  *Carmichael* held that when only one named

---

[5] *Cf. Quattrocchi v. Georgia*, 850 S.E.2d 432, 436 (Ga. Ct. App. 2020) ("[I]t is generally presumed that the legislature acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.").

[6] Should the Court decide that the prejudgment interest Autoliv owes is compounded simply rather than annually, Plaintiff agrees with Autoliv's prejudgment interest calculation ($3,960,312.50).  *See* Doc. 541 at 21.

defendant remains in the case at the time of trial, the Georgia apportionment statute, O.C.G.A. § 51-12-33(b), "does not allow the amount of damages to be reduced based on non-party fault in these circumstances." *Id.* at 570-71. *Carmichael*'s holding was based on an August 2021 decision by the Georgia Supreme Court, *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295 (Ga. 2021). Under *Carmichael* and *Alston & Bird*, Autoliv is liable for all compensatory damages awarded.

Autoliv does not dispute that Carmichael *is* Georgia law. Even so, Autoliv argues that this Court should just refuse to apply *Carmichael* because (1) Plaintiff's request to modify the Judgment to account for a change in Georgia law is untimely, Doc. 541 at 3-5; and (2) *Carmichael* is, Autoliv says, likely to be overruled by the Georgia Supreme Court, *id.* at 5-12. Neither argument has any merit whatsoever.

### A.   The Court should consider and apply the holding of *Carmichael*.

Autoliv claims that Plaintiff could and should have made her apportionment argument before she filed her motion to amend and modify the Final Order and Judgment.[7] However, apportionment under O.C.G.A. § 51-12-33(b) is an

---

[7] Autoliv claims this is so because *Carmichael* is based on existing law and "did not purport to break new ground" about apportionment. Autoliv's claim that the argument is well-grounded in existing case law *directly contradicts* its position that

affirmative defense on which Autoliv bears the burden of proof, as this Court held in the Final Order and Judgment. Doc. 534 at 60. At trial, Autoliv asked this Court to enter "a 'defense verdict' only." Final Order and Judgment, Doc. 534 at 58 n.54. Autoliv—not Plaintiff—was required to prove that it was entitled to have the award of compensatory damages apportioned according to § 51-12-33(b). Autoliv made no such argument at trial. Despite the position Autoliv took at trial, asking only for a 'defense verdict,' the Court allocated 50% of the fault for Mr. Andrews' injuries and death to Mazda. *Id.* at 75. Not until that decision by this Court did *Carmichael* become applicable and binding.

Because the Court did not consider Georgia law as stated in the *Carmichael* decision when issuing the Final Order and Judgment, the Court should exercise its discretion under Rule 52(b) and Rule 59(e) and do so now.

**B.     The apportionment holding in *Carmichael* was correct.**

Autoliv's Response does not contend that Plaintiff is wrong about *Carmichael*'s holding, or wrong about the application of *Carmichael* to the facts of this case, or wrong to claim *Carmichael* is binding precedent. Instead, Autoliv proclaims—as though it *was* the Georgia Supreme Court—that "*Carmichael* is

---

this Court must assume the Georgia Supreme Court will reject the argument and overrule *Carmichael*'s holding.

wrongly decided" and urges this Court to simply *ignore* it.  See Doc. 541 at 5-12.

Asking the Court to ignore binding precedent is extreme.  Autoliv, however, has a history of ignoring the truth when it helps Autoliv's bottom line.  It ignored the problem with its seatbelt.  It ignored its duty of due care as a component supplier.  It ignored its duty to sell non-defective seatbelts under Georgia law.  It ignored how far the Autoliv seatbelt deviated from the industry standard.  It ignored the fact that people's heads would slam against the steering wheel while wearing its useless seatbelt.  It ignored—in fact, it *falsely denied*—it was "actively involved" in the design of the seatbelt.  That denial is what sent this case on a two-year escapade to the Eleventh Circuit.

There never has been any limit to what Autoliv will say or do to benefit itself, and that is why this case is still pending, almost eight years after Micah Andrews' death.  The real reason Autoliv wants this Court to ignore binding precedent from the Georgia Court of Appeals is not because the *Carmichael* decision is wrong (it is not wrong).  It is because Autoliv still refuses to accept responsibility for its defective seatbelt.

According to Autoliv, the Georgia Court of Appeals erred by interpreting § 51-12-33(b) contrary to the way Autoliv predicts the Georgia Supreme Court would.  Autoliv's argument strains credulity because, as stated, the November

2021 *Carmichael* decision is based on the Georgia Supreme Court's **August 2021** decision in *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295 (Ga. 2021).

Georgia substantive law governs this diversity case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Where the Georgia Supreme Court has decided an issue of Georgia law, that decision binds this Court. Where that court has not decided a particular issue, this Court must apply Georgia law as it predicts that the Georgia Supreme Court would. *Molinos Valle del Ciao, C. por A. v. Lama*, 633 F.3d 1330, 1338 (11th Cir. 2011). Where this Court must predict Georgia law, decisions of the Georgia Court of Appeals not only "provide data for this prediction" but also *must* be followed—unless there is "persuasive evidence" that the Georgia Supreme Court would reach an opposite conclusion. *Id.*; *Doyle v. Volkswagenwerk Aktiengelellschaft*, 81 F.3d 139, 143 (11th Cir. 1996) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940))).

Autoliv has no "persuasive evidence," or argument, sufficient to justify its

contention that this Court must disregard binding precedent of the Georgia Court of Appeals. But the solution is simple: this Court should follow *Carmichael*, and if the Georgia Supreme Court grants the petition and then *also* reverses *Carmichael*, by then this case will be before the Eleventh Circuit, and that Court can accommodate its decision to any ruling by the Georgia Supreme Court. Autoliv has delayed this litigation long enough; let's get on with it.

Plaintiff respectfully submit that Autoliv's argument contrary to *Carmichael* is plainly wrong, and the *Carmichael* decision will not be reversed by the Georgia Supreme Court.[8] The Carmichael decision is entirely consistent with the plain meaning of O.C.G.A. § 51-12-33(b).

*First*, the prefatory clause states "[w]here an action **is brought** against more than one person for injury to person or property." § 51-12-33(b) (emphasis added). Autoliv's plain-language argument focuses on the verb *brought*. Doc. 541 at 8-10. But *brought* is only half of the verb phrase in subsection (b)'s prefatory clause. The whole verb phrase is "*is brought*." The General Assembly's inclusion of the verb *is*, a present tense word,[9] along with *brought* means that the prefatory clause

---

[8] The tort reformers obviously agree: that is why they are right now trying to get the legislature to overrule *Alston & Bird*, upon which the *Carmichael* decision is based.

[9] Merriam-Webster Online, https://www.merriam-Webster.com/dictionary/is.

of subsection (b) applies to actions that continue to the present.

The Georgia Court of Appeals interpretation of subsection (b) in *Carmichael* is consistent with how an "ordinary speaker of the English language"[10] would describe this case. For example, at the time of trial, an ordinary English speaker would say that this personal injury and wrongful death action *was brought* against more than one person based on the Original Complaint (and even in the First and Second Amended Complaints).[11] But that same speaker would say that this action *is brought* against only one person based on the Pretrial Order.[12]

The Georgia Court of Appeals' holding in *Carmichael* not only preserves the present tense meaning of the verb *is*, but it also comports with the well-known rule that amended pleadings and the pretrial order supersede the original complaint.[13]

---

[10] *Zaldivar v. Prickett*, 774 S.E.2d 688, 691 (Ga. 2015) ("When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant, and so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (citation omitted)).

[11] Doc. 1-2 at 13 (Original Complaint); Doc. 17 (First Amended Complaint); Doc. 90 (Second Amended Complaint).

[12] Doc. 485.

[13] *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1229 (11th Cir. 2018) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer part of the pleader's averments against his adversary." (citation omitted); *Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016) ("'[A] pretrial order supersedes

When Plaintiff filed the pretrial order naming only Autoliv as a defendant, her original complaint and amended complaints were deemed legally abandoned and superseded. That means that because in the pretrial order only Autoliv is named as a defendant, Plaintiff's action "is brought" against only one defendant. Thus, despite Autoliv's claims to the contrary, the Georgia Supreme Court is unlikely to conclude that the Georgia Court of Appeals' apportionment holding in *Carmichael* is contrary to the plain language of § 51-12-33(b).

*Second*, Georgia's "fundamental rules of statutory construction" require courts "to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." *Couch v. Red Roof Inns, Inc.*, 729 S.E.2d 378, 381 (Ga. 2012) (citation omitted). The Georgia Supreme Court also strictly enforces the "immutable constitutional principle" of separation of powers, and that principle prohibits Georgia courts from adding language to a statute. *Georgia v. Fielden*, 629 S.E.2d 252, 257 (Ga. 2006); *see Catoosa County v. Rome News Media*, 825 S.E.2d 507, 515 (Ga. Ct. App. 2019) ("[I]t is the job of the legislature, not the courts, to rewrite or revise statutes."). Autoliv's interpretation of § 51-12-33(b)

---

the pleadings,' thereby 'eliminating' any claims not preserved in the pretrial order." (citation omitted)).

either (a) renders the verb *is* mere surplusage or (b) requires § 51-12-33(b) to be rewritten to include a word or phrase that limits the relevant timeframe to the initial filing of the complaint. The Georgia Supreme Court is unlikely to embrace either approach. Autoliv's claims to the contrary are wrong.

*Third*, the Georgia Supreme Court interprets the text of statutes "in the context in which it appears." *Alston & Bird*, 862 S.E.2d at 298. The first phrase after the prefatory clause of § 51-12-33(b) is "the trier of fact"—identifying the actor who must undertake the tasks of (1) determining the total amount of damages to award and (2) apportioning damages "among the persons who are liable." *The trier of fact can only undertake those actions at trial.* Thus, the context of § 51-12-33(b) makes clear that the verb phrase *is brought* should be construed in the context of trial—just as the Georgia Court of Appeals did in *Carmichael*. At trial, there was but one defendant against whom the action was "brought."

Autoliv has failed to present "persuasive data" that the Georgia Court of Appeals' decision in *Carmichael* is wrongly decided, thus, this Court is obligated to follow *Carmichael* as a correct statement of Georgia law. Setoff based on Plaintiff's confidential agreements with Mazda and Bosch is appropriate if the Court grants Plaintiff's motion.

If this Court grants Plaintiff's Motion to Amend and Modify the Court's

Final Order and Judgment, then Plaintiff does not object to the application of setoff, since then Autoliv, as the only defendant, has been held liable for all Plaintiff's damages. Plaintiff's resolutions with Mazda and Bosch are confidential. To preserve that confidentiality, Plaintiff requests that she be permitted to submit the confidential agreements to the Court for in camera review.

### III.   CONCLUSION

Plaintiff requests that the amend its Judgment so that Autoliv is 100% responsible for all damages awarded. The amended Judgment against Autoliv should be as follows:

**$19,343.40** for funeral and medical expenses;

**$2,000,000.00** in general damages for the predeath fright, shock, terror, and pain and suffering that Micah Andrews endured;

**$25,000,000.00** for the full value of Micah Andrews' life; and

**$100,000,000.00** for punitive damages; and

**$4,734,349.55** for prejudgment interest.

Plaintiff also asks the Court to Order in camera review of the Mazda and Bosch confidential agreements, and to apply set-off to the compensatory damages that Autoliv must pay.

Respectfully submitted on February 7, 2022.

BUTLER PRATHER LLP

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
  jim@butlerprather.com
  Georgia Bar No. 099625
MICHAEL F. WILLIFORD
  michael@butlerprather.com
  Georgia Bar No. 243464
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax
CANNELLA SNYDER LLC

TEDRA L. CANNELLA
  tedra@cannellasnyder.com
  Georgia Bar No. 881085
RORY A. WEEKS
  rory@cannellasnyder.com
  Georgia Bar No. 113491
Post Office Box 1399
Decatur, GA 30031
(404) 800-4828
(404) 393-0365

BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  bill@ballardandfeagle.com
  Georgia Bar No. 035625
GREGORY R. FEAGLE
  greg@ballardandfeagle.com
  Georgia Bar No. 256913
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
jim@butlerprather.com
Georgia Bar No. 099625

## **CERTIFICATE OF SERVICE**

This is to certify that on February 7, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of records follows:

Douglas G. Scribner, Esq.
Keith R. Blackwell, Esq.
Jenny A. Hergenrother, Esq.
William J. Repko III, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
jim@butlerprather.com
Georgia Bar No. 099625