UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE LEE ANDREWS, as Surviving Spouse of MICAH LEE ANDREWS, Deceased, and JAMIE LEE ANDREWS, as Administrator of the Estate of MICAH LEE ANDREWS, Deceased, | * * * * * * * | CIVIL ACTION FILE NO. 1:14-CV-03432-SCJ |
| Plaintiff, | * * | |
| v. | * * | |
| AUTOLIV JAPAN, LTD., | * * | |
| Defendant. | * | |

**PLAINTIFF'S OBJECTIONS TO DOCUMENTS LISTED IN EXHIBIT A TO AUTOLIV JAPAN, LTD.'S SUBPOENA THAT ARE TO BE <u>PRODUCED AT THE DEPOSITION OF ALAN HAMILTON</u>**

Plaintiff files the following objections to the documents Autoliv requested be produced at the deposition of Alan Hamilton.

**1. A copy of the witness's entire file regarding this lawsuit and the witness's work on behalf of Plaintiff, including, but not limited to, all documents supporting his opinions in this lawsuit and any notes made concerning this lawsuit.**

**RESPONSE:** Mr. Hamilton objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) and (C) protect from discovery not only draft reports and expert disclosures,

regardless of the draft's form, but also communications between Mr. Hamilton and Plaintiff's counsel except where communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The Court specifically noted this limitation on discovery in its April 20, 2022 Scheduling Order. *See* Doc. 566 at 2.

**2.     All correspondence, including, but not limited to, physical documents and electronic correspondence, as well as any documentation of telephonic communications, between the witness and/or the witness's office and Plaintiff's counsel that relate to (i) compensation for the witness's study or testimony; (ii) facts or data that Plaintiff's counsel provided and that the witness considered in forming his opinions; and/or (iii) assumptions that Plaintiff's counsel provided and that the witness relied on in forming his opinions in this lawsuit.**

**RESPONSE:** Mr. Hamilton objects to this request because as written it exceeds the scope of expert discovery allowed under the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) and (C) protect from discovery not only draft reports and expert disclosures, regardless of the draft's form, but also communications between Mr. Hamilton and Plaintiff's counsel except where communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the

party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The Court specifically noted this limitation on discovery in its April 20, 2022 Scheduling Order. *See* Doc. 566 at 2.

3. **Any and all photographs, videos, and documents, including, but not limited to, all reports, physical models, data, compilations of data, charts, graphs, and programs, that the witness prepared, studied, reviewed, or relied upon in forming any of his opinions in connection with this lawsuit.**

**RESPONSE:** Mr. Hamilton objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) and (C) protect from discovery not only draft reports and expert disclosures, regardless of the draft's form, but also communications between Mr. Hamilton and Plaintiff's counsel except where communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The Court specifically noted this limitation on discovery in its April 20, 2022 Scheduling Order. *See* Doc. 566 at 2. Mr. Hamilton will provide all other responsive documents in his file at his

deposition. Additionally, Part B of Mr. Hamilton's expert report lists the facts and data he relied on in forming his opinions. Any document on that list not on this case's docket was produced on May 16. *See* ANDREWS 2236–2383.

4. **A copy of every article, publication, or textbook to which the witness has referred in forming any of the opinions expressed or to be expressed by said witness.**

**RESPONSE:** Mr. Hamilton will provide responsive documents contained in his file at his deposition.

5. **Copies of all records, data compilations, notes, analyses, consultation reports, and other work products of the witness relating to Plaintiff, or to any issue in this lawsuit.**

**RESPONSE:** Mr. Hamilton objects to this request as beyond the scope of expert discovery allowed under the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) and (C) protect from discovery not only draft reports and expert disclosures, regardless of the draft's form, but also communications between Mr. Hamilton and Plaintiff's counsel except where communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The Court specifically noted

4

this limitation on discovery in its April 20, 2022 Scheduling Order. *See* Doc. 566 at 2.

**6.     Copies of all invoices for services rendered in this lawsuit.**

**RESPONSE:** Mr. Hamilton will provide documents contained in his file responsive to this request.

**7.     A current copy of the witness's curriculum vitae.**

**RESPONSE:** Mr. Hamilton provided his current curriculum vitae as Exhibit 1 to his expert report. *See* ANDREWS 2336–2341.

**8.     A current copy of the witness's testifying history.**

**RESPONSE:** Mr. Hamilton stated in his Part E of his expert report that he has not testified at deposition or trial within the last four years.

Respectfully submitted on May 27, 2022.

> BUTLER PRATHER LLP
>
> */s/ James E. Butler, Jr.*
> JAMES E. BUTLER, JR.
>   jim@butlerprather.com
>   Georgia Bar No. 099625
> MICHAEL F. WILLIFORD
>   michael@butlerprather.com
>   Georgia Bar No. 243464
> 2719 Buford Highway
> Atlanta, Georgia 30324
> (404) 321-1700
> (404) 321-1713 Fax

CANNELLA SNYDER LLC

TEDRA L. CANNELLA
  tedra@cannellasnyder.com
  Georgia Bar No. 881085
RORY A. WEEKS
  rory@cannellasnyder.com
  Georgia Bar No. 113491
315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 Fax


BALLARD & FEAGLE, LLP

WILLIAM L. BALLARD
  bill@ballardandfeagle.com
  Georgia Bar No. 035625
GREGORY R. FEAGLE
  greg@ballardandfeagle.com
  Georgia Bar No. 256913
Building One, Suite 100
4200 Northside Parkway NW
Atlanta, GA 30327
(404) 873-1220

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I certify that this filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
jim@butlerprather.com
Georgia Bar No. 099625
